# EXHIBIT 2

LEXSEE 1998 U.S. DIST. LEXIS 10656

GREENE MANUFACTURING COMPANY, Plaintiff, vs. MARQUETTE TOOL & DIE CO., and JACKES-EVANS MANUFACTURING COMPANY, Defendants.

97 C 8857

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

*1998 U.S. Dist. LEXIS 10656*

July 8, 1998, Decided
July 9, 1998, Docketed

**DISPOSITION:** [*1] Defendants' motion (Doc 5-2) to transfer case to United States District Court for the Eastern District of Missouri granted. All other pending motions moot.

**COUNSEL:** For GREENE MANUFACTURING COMPANY, plaintiff: Peter N. Jansson, Attorney, Racine, WI.

For GREENE MANUFACTURING COMPANY, plaintiff: John Edward Munger, David Arthur Frey, Jansson & Shupe, Ltd., Racine, WI.

For MARQUETTE TOOL & DIE CO., JACKES-EVANS MANUFACTURING COMPANY, defendants: Richard M. LaBarge, Marshall, O'Toole, Gerstein, Murray & Borun, Chicago, IL.

For MARQUETTE TOOL & DIE CO., JACKES-EVANS MANUFACTURING COMPANY, defendants: Ned W. Randle, Michael Kovac, Edward A Boeschenstein, Polster, Lieder, Woodruff & Lucchesi, St. Louis, MO.

**JUDGES:** Charles P. Kocoras, United States District Judge.

**OPINION BY:** Charles P. Kocoras

**OPINION**

*MEMORANDUM OPINION*

CHARLES P. KOCORAS, District Judge:

This matter is before the court on the defendants' motion to transfer venue to the United States District Court for the Eastern District of Missouri. For the reasons set forth below, the motion to transfer is granted.

**BACKGROUND**

Plaintiff Greene Manufacturing Company is a Wisconsin corporation, with its principal place [*2] of business in Sturtevant, Wisconsin. Plaintiff brought suit against defendants, Marquette Tool & Die Company and Jackes-Evans Manufacturing Company, alleging infringement of United States Patent No. 4,986,254, which is entitled "Bar Burner." Both defendants are Missouri corporations, having their principal places of business in St. Louis, Missouri. Marquette manufactures burners designed for use in barbecue grills as original equipment or replacement parts. Jackes-Evans purchases burners from Marquette and resells them as replacements, primarily to distributors that service retail outlets. Greene alleges that the burners manufactured by Marquette and sold by Jackes-Evans infringes its patent.

Greene brought suit in the Northern District of Illinois because Jackes-Evans sells burners to ACE Hardware stores in Illinois. In addition, Marquette sells its burners to Sunbeam Products, Inc., which sells the burners nationally and in the Northern District of Illinois. Presently before the court is the defendants' motion to transfer venue to the Eastern District of Missouri. Defendants argue that transfer is appropriate under *28 U.S.C. § 1404(a)* because the alleged acts of infringement

occurred [*3] in the Eastern District of Missouri. Because defendants have satisfied *section 1404(a)*'s requirements, we grant their motion.

## DISCUSSION

Under *28 U.S.C. § 1404(a)*, a district court may transfer venue if the moving party demonstrates that: (1) venue is proper in the transferor district; (2) the transferee court is in a district where the action may have been brought originally; and (3) transfer is for the convenience of parties and witnesses and will serve the interest of justice. *Heller Financial, Inc. v. Riverdale Auto Parts, Inc., 713 F. Supp. 1125, 1127 (N. D. Ill. 1989)*. The moving party bears the burden of showing that the "transferee forum is clearly more convenient" than the transferor forum. *Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293 (7th Cir. 1989)*. Transfer is inappropriate if it "merely transforms an inconvenience for one party into an inconvenience for another party." *Sage Products, Inc. v. Devon Industries, Inc., 148 F.R.D. 213, 216 (N.D. Ill. 1993)*. The parties agree that venue is proper in both the transferor and the transferee district. Accordingly, this court's only inquiry is whether the defendants have satisfied their [*4] burden of establishing the third factor.

In evaluating the convenience and fairness of transfer under *§ 1404(a)*, the court must consider both the private interests of the parties and the public interest of the court. Private interests include: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof in each forum, including the power of the court to compel the appearance of witnesses and the costs of obtaining the attendance of witnesses; and (4) the convenience to the parties, by looking at their respective residences and their respective abilities to bear the expense of trial in a particular forum. *See Medi USA v. Jobst Institute, Inc., 791 F. Supp. 208, 210 (N.D. Ill. 1992)*. Public interest factors include the court's familiarity with the applicable law and the desirability of resolving controversies in their locale. *Van Gelder v. Taylor, 621 F. Supp. 613, 619 (N.D. Ill. 1985)*.

The court must accord substantial weight to the plaintiff's choice of forum unless the choice of forum lacks any significant connection to the claim. *Symons Corp. v. Southern Forming and Supply, Inc., 954 F. Supp. 184, 186 (N.D.* [*5] *Ill. 1997)*. In this case, plaintiff's choice of forum lacks a significant connection to its patent infringement claim. The operative events surrounding the alleged infringement occurred in Missouri. Marquette designed its bar burners in Missouri, manufactures the burners in Missouri, and sells the burners to Jackes-Evans in Missouri. Jackes-Evans packages the burners in Missouri and distributes them to retailers nationwide. Plaintiff contends that its patent infringement claim has a significant connection to this forum because Jackes-Evans sells a substantial percentage of burners in Illinois. However, sales alone are insufficient to establish a substantial connection to the forum if the defendants' goods are sold in many states. *Boreal Laser Inc. v. Coherent, Inc., 1992 U.S. Dist. LEXIS 276, 22 U.S.P.Q.2D (BNA) 1559 (S.D.N.Y. 1992)*. In this case, only 7.6% of Jackes-Evans' sales were made within the Northern District of Illinois. Because this forum lacks a significant connection to the plaintiff's patent infringement claim, plaintiff's choice of forum will not be accorded any weight.

Illinois is also not the situs of material events in this case. As explained previously, the alleged [*6] acts of patent infringement occurred in Missouri. Marquette designed the bar burners in Missouri, manufactures the burners in Missouri, and sells the burners to Jackes-Evans in Missouri. The equipment used by Marquette to manufacture the burners is also located in Missouri. Jackes-Evans packages the burners in Missouri and distributes the burners to retailers nationwide from its Missouri offices. Clearly, the situs of material events in this case is Missouri. Further, the fact that a small percentage of Jackes-Evans' sales of the bar burners occurred in Illinois does not make Illinois the situs of material events. As such, the situs of material events factor favors transfer to the Eastern District of Missouri.

The third factor to consider in evaluating whether transfer is warranted is the relative ease of access to sources of proof in each forum, including the power of the court to compel the appearance of witnesses and the costs of obtaining the attendance of witnesses. In a patent infringement case, "practicality and convenience are best served when [it] is prosecuted where the alleged acts of infringement occurred and the defendant has a regular and established place of business [*7] so as to facilitate the production and investigation of books, records and other data necessary to the discovery and trial techniques employed in the patent field." *Ardco, Inc. v. Page, Ricker, Felson Marketing, Inc., 1992 U.S. Dist. LEXIS 14299, 25 U.S.P.Q.2D (BNA) 1382, 1386 (N.D. Ill. 1992)* (quoting

*Spound v. Action Industries, Inc.*, 369 F. Supp. 1066, 1069 (N.D. Ill. 1974)).

In this case, the sources of proof are located primarily in Missouri and Wisconsin. The defendants' regular and established places of business are in St. Louis, Missouri, and all books, records and designs related to the manufacture and distribution of the bar burners are located in these places of business. Greene's books and records are located in Wisconsin. Plaintiff has not pointed to any documentary evidence to be gathered in this district in support of its claim. Because the alleged acts of infringement occurred in Missouri and the documents related to such acts are located in Missouri, transfer to the Eastern District of Missouri is warranted.

The convenience of the witnesses in this case does not weigh in favor of transfer. It is assumed that witnesses within the control of the party calling them, [*8] such as employees, will appear voluntarily. *FUL Inc. v. Unified School Dist. No. 204*, 839 F. Supp. 1307, 1311 (N.D.Ill. 1993). As such, the convenience of non-party witnesses is often viewed as the most important factor in the transfer analysis. *Rose v. Franchetti*, 713 F. Supp. 1203 (N.D. Ill. 1989), aff'd, 979 F.2d 81 (7th Cir. 1992). In evaluating the availability of compulsory process in a *section 1404(a)* transfer, the court must determine whether the non-party witnesses reside within the subpoena power of either the transferor or the transferee court. *FUL*, 839 F. Supp. at 1312. Then, the materiality or quality of the testimony to be provided by the non-party witnesses must be considered, rather than the quantity of non-party witnesses to be called. *Id.*

Jackes-Evans intends to call Robert B. Harris, president of Jackes-Evans, and Cindy Dabbelt, product manager for barbecue accessories, as witnesses. Dabbelt's office is in Missouri, while Harris' office is in Canada. Jackes-Evans also plans on calling two managers and a purchasing agent to testify. Because these witnesses are officers and employees of the defendant, we assume that they will appear voluntarily. [*9] Likewise, Marquette intends to call Ken Eckert and Steve Gallop, who are tool makers with knowledge about the design of the burners, to testify. Marquette also intends to call Donald E. Freber, president of Marquette, and Tom Houska, Marquette's office manager, as witnesses. Marquette's witnesses are all located in Missouri. However, these witnesses are employees and officers of Marquette and as such, the court assumes that they will appear voluntarily.

Greene also intends to call a number of employees as witnesses. Greene contends that transfer to the Eastern District of Missouri would be very inconvenient for these witnesses because they would have to drive to either O'Hare International Airport in Chicago or General Mitchell International Airport in Milwaukee and then fly to St. Louis. Greene argues that this district is more convenient because the employees can take a short train ride from Wisconsin to Chicago. It is clear that transfer to the Eastern District of Missouri would merely shift the inconvenience from the defendants to the plaintiff. Thus, the convenience of party-witnesses weighs against transfer.

The defendants have not named any non-party witnesses who would be [*10] inconvenienced by testifying in this district. The plaintiff has identified Clyde Klaczek, an independent sales representative for Jackes-Evans in Chicago, and Grant Miner, ACE's product buyer in Chicago, as non-party witnesses. Greene intends to call these non-party witnesses to prove that Jackes-Evans sold burners to ACE and that ACE sold the burners in Illinois. The defendants, however, have stipulated that Jackes-Evans sells burners to ACE stores in Illinois. Moreover, documents related to such sales have been provided to Green by ACE. Because the testimony of these witnesses will be cumulative and immaterial, the court will not accord any weight to the convenience of these witnesses in the transfer analysis.

The convenience of the parties, by looking at their respective residences and their abilities to bear the expense of trial in a particular forum, is equally weighted in this case. The defendants reside in Missouri, whereas the plaintiff resides in Wisconsin. If transfer is denied, both parties will have to travel to Chicago and bear the expense of such travel. If transfer to the Eastern District of Missouri is granted, only the plaintiff will have to bear the expense of travel, [*11] but that expense will be greater than if the case remained in this district. In either case, the cost of travel is low because the distance between Chicago and St. Louis is relatively close.

The final factor to evaluate in deciding whether transfer is appropriate is the interest of justice factor. Both districts are equally familiar with the applicable law in that the law involved in this dispute is federal patent law. It also appears that both courts' dockets are equally congested such that the time needed to resolve this dispute would be approximately the same. Nonetheless,

because the plaintiff's action has no significant connection to this forum, the interest of justice would be better served by transferring the action to a forum with a connection to the case such as the Eastern District of Missouri.

In conclusion, plaintiff's choice of forum is accorded no weight, the situs of material events weighs in favor of transfer, the access to sources of proof, primarily documentary evidence, weighs in favor of transfer, the convenience to the party witnesses weighs against transfer, and the convenience to the parties does not weigh for or against transfer. Finally, the interest of justice [*12] weighs in favor of transfer. The balance of factors, therefore, weighs in favor of transferring this action to the Eastern District of Missouri.

## CONCLUSION

For the reasons set forth above, the defendants' motion to transfer is granted.

Charles P. Kocoras

United States District Judge

Dated: July 8, 1998