IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FELLOWES, INC., <br><br>      Plaintiff, <br><br> vs. <br><br> AURORA CORP. OF AMERICA, <br><br>      and, <br><br> AURORA OFFICE EQUIPMENT, LTD. <br><br>      Defendants. | Civil Action No.: 07 C 7237 <br><br><br> Judge: Charles P. Kocoras <br> Magistrate Judge: Arlander Keys |

### DEFENDANT AURORA CORP. OF AMERICA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS, TRANSFER, OR STAY THIS LAWSUIT

Defendant AURORA CORP. OF AMERICA ("Aurora"), a Delaware Corporation, by and through counsel, Fitch, Even, Tabin & Flannery, files the following memorandum of law in support of its motion to dismiss, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, or in the alternative, to transfer to the Central District of California, pursuant to 28 U.S.C. 1404(a).

## TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii-iv

I.    INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.    THIS COURT SHOULD DISMISS THE INSTANT ACTION BECAUSE AURORA FILED ITS DECLARATORY RELIEF ACTION IN CALIFORNIA FIRST. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.    The First-To-File Doctrine. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B.    The Exceptions To The First-To-File Doctrine Are Inapplicable. . . . . . . . . . . . . 5

        1.    Jurisdiction Over the Parties………………………………………5

        2.    Judicial Efficiencies and Economies………………………...……6

        3.    Convenience to the Parties……………………………………..…6

        4.    Availability and Convenience of Witnesses………………………7

        5.    Forum Shopping……………………………………………….....8

IV.    ALTERNATIVELY, THE INSTANT ACTION SHOULD BE TRANSFERRED PURSUANT TO 28 U.S.C. 1404(a) ………………………………………...……8

    A.    Venue………………………………………………………………....……9

    B.    Convenience of the Parties and Witnesses…………………………….....…9

    A.    The Interest of Justice…………………………………………………….11

V.    CONCLUSION……………………………………………………………...…12

ii

DEFENDANT AURORA CORP. OF AMERICA'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS, TRANSFER OR STAY THIS LAWSUIT

## TABLE OF AUTHORITIES

**CASES**

Amoco Oil Co. v. Mobil Oil Corp.,
90 F. Supp.2d 958 (N.D. Ill. 2000) (Alesia, J.)……………………………………………….6

Buztronics, Inc. v. Theory3, Inc.,
2005 U.S. Dist. Lexis 8661 (S.D. Ind. May 9, 2005) (Hamilton, J.)…………………….....1, 4, 7

Coffey v. Van Dorn Iron Works,
796 F.2d 217 (7th Cir. 1986)………………………………………………...……….8, 9, 11

Elecs. for Imaging, Inc. v. Coyle,
394 F.3d 1341 (Fed. Cir. 2005)……………………………………………………………….4

Genentech, Inc. v. Eli Lilly & Co.,
998 F.2d 931 (Fed. Cir. 1993)…………………………………………………1, 4, 5, 6, 8

Greene Mfg. Co. v. Marquette Tool & Die Co.,
1998 U.S. Dist. LEXIS 10656 (D. Ill. 1998) (Korcoras, J.)…………………………………..1, 10

Heller Fin., Inc v. Midwhey Powder Co. Inc.,
883 F.2d 1286 (7th Cir. 1989) …………………………………………………………………...8

Law Bulletin Publishing Co. v. LRP Publications,
992 F. Supp. 1014 (N.D. Ill. 1998) (Alesia, J.)………..……………………………………….11

Medi USA, L.P. v. Jobst Institute, Inc.,
791 F. Supp. 208 (N.D. Ill. 1992) (Norgle, J.)…………………………………………...1, 9, 10

Midwest Industries, Inc. v. Karavan Trailers, Inc.,
175 F.3d 1356, 1359 (Fed. Cir. 1999)…………………………………………………………...1

RJF Holdings III, Inc. v. Refractec, Inc.,
2003 U.S. Dist. Lexis 22144 (E.D. Pa. Nov. 24, 2003). ……………………………………….7

Serco Servs. Co. v. Kelley Co.,
51 F.3d 1037 (Fed. Cir. 1995)……………….………………………………………………….5

SRI Internat'l v. Matsushita Elec. Corp. of Am.,
775 F.2d 1107 (Fed, Cir. 1985)……………………………………………………..…..10

Van Holdt v. Husky Injection Molding Systems, Ltd.,
887 F.Supp. 185 (N.D. Ill. 1995) (Castillo, J.)……………………………………………..10

iii

DEFENDANT AURORA CORP. OF AMERICA'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS, TRANSFER OR STAY THIS LAWSUIT

## **RULES AND STATUTES**

Federal Rules of Civil Procedure, Rule 12(b)(3) ……………………………………………..8, 12

28 U.S.C. § 1295………….….....…………………………………………………...……….4

28 U.S.C. § 1338………….….....…………………………………………………...……….4

28 U.S.C. § 1404(a)…………..….....……………………………………………….1, 5, 8, 9, 11, 12

DEFENDANT AURORA CORP. OF AMERICA'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS, TRANSFER OR STAY THIS LAWSUIT

I.  **INTRODUCTION**

To promote uniformity of patent law nationwide, the Federal Circuit applies its own circuit law when reviewing district court decisions on patent law issues. <u>Midwest Industries, Inc. v. Karavan Trailers, Inc.</u>, 175 F.3d 1356, 1359 (Fed. Cir. 1999). The Federal Circuit treats the choice of forum in this situation of mirror-image declaratory and coercive patent claims as an issue of patent law, and applies a general rule in patent cases "favoring the right of the first litigant to choose the forum, absent countervailing interests of justice or convenience." <u>Genentech, Inc. v. Eli Lilly and Co.</u>, 998 F.2d 931, 938 (Fed. Cir. 1993).

The factors a district court must consider in ruling on a motion to transfer under 28 U.S.C. section 1404(a) closely track those the Federal Circuit identified in <u>Genentech</u> as possibly warranting exceptions to the general rule in favor of the first-filed action in patent cases. <u>Buztronics, Inc. v. Theory3, Inc.</u>, 2005 U.S. Dist. LEXIS 8661 (S.D. Ind. May 9, 2005) (Hamilton, J.) (Exhibit 1).  In <u>Genentech</u>, the Federal Circuit stated that an exception to the first-to-file rule would require "sound reason that would make it unjust or inefficient to continue the first-filed action." <u>Genentech</u>, 998 F.2d at 938.

Furthermore, in evaluating the "convenience and fairness of transfer under § 1404(a), the court must consider both the private interests of the parties…includ[ing]…convenience to the parties - specifically, their respective residences and abilities to bear the expense of trial in a particular forum."  <u>Medi USA, L.P. v. Jobst Institute, Inc.</u>, 791 F. Supp. 208, 210 (N.D. Ill. 1992) (Norgle, J.)  Also, the convenience of non-party witnesses is "often viewed as the most important factor in the transfer analysis."  <u>Greene Mfg. Co. v. Marquette Tool & Die Co.</u>, 1998 U.S. Dist. LEXIS 10656 at * 8 (N.D. Ill. 1998) (Korcoras, J.) (Exhibit 2).

In the instant matter, since Aurora was the first to file its complaint, and because California is the more convenient forum for the parties and for third party witnesses, this Court should dismiss this action, or in the alternative, transfer the action to the Central District of California.

**II.     STATEMENT OF FACTS**

Aurora was founded in 1975 and is a provider of various office machines, including document shredders, calculators, laminators and presenters. Aurora's principal place of business is located in the County of Los Angeles, at 3500 Challenger Street, in Torrance, California. Aurora has 19 employees at its Torrance facility. (See Exhibit 3, Declaration of Linda Chen, ["Chen Decl."], ¶ 3.)

On or about May 30, 2007, attorneys for Fellowes sent Aurora a cease and desist letter alleging that Aurora's Touchguard shredders infringed Fellowes' "SafeSense" technology. The patent for SafeSense issued on December 25, 2007, Patent No. 7,311,276 (" '276 patent"). (Ex. 3, Chen Decl. ¶ 4.)

On December 26, 2007, at 10:46 a.m., Aurora filed its declaratory relief action in the Central District of California. (See Exhibit 4, Declaration of Nicholas Peters ["Peters Decl."], ¶ 2.) Aurora chose this forum because it is the closest district court to its Torrance headquarters. (Ex. 3, Chen Decl. ¶ 5.)

Aurora is a relatively small company, and it would suffer hardship if it were required to litigate this matter in Illinois. Several Aurora employees, all of whom are residents of California, have knowledge of the facts and circumstances surrounding this action and would likely be called to testify. These employees include, but are not limited to the following:

2

DEFENDANT AURORA CORP. OF AMERICA'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS, TRANSFER OR STAY THIS LAWSUIT

- Kevin Chen – President;

- Linda Chen – Vice President;

- Jones Tsai – Product Planning Director;

- George Cheng – Operations Director;

- Amy Sum – Accounting Supervisor; and

- Charles Du – Accounting Manager.  (Ex. 3, Chen Decl. ¶ 6.)

Furthermore, Aurora also anticipates that it may call upon witnesses to testify who reside in China.  It would be much more convenient for these witnesses to travel to California, rather than to Illinois.  (Ex. 3, Chen Decl. ¶ 7.)

Moreover, another important witness in this case is Morris Adato, an independent consultant who has been retained by Aurora.  He has personal knowledge regarding the sales and marketing of Aurora's products, and of the needs and requirements of Aurora's customers.  He has over 40 years experience in the consumer electronics field. Mr. Adato, 73 years of age, is located in the Los Angeles area, and, as such requiring him to travel to Illinois would be very difficult.  (Ex. 3, Chen Decl. ¶ 8.)

Ingram Micro, located in Irvine, California, sells Fellowes shredders.  It is expected that sales information will be sought from this company.  (Ex. 3, Chen Decl. ¶ 9.)  Also, Amazon, located in Seattle, Washington and Fred Meyer Department Stores, located throughout Oregon are customers of Aurora.  It is expected that sales information will be sought from these customers as well.  (Ex. 3, Chen Decl. ¶ 10.)

Also, many of the documents upon which Aurora would rely in this litigation are located in Aurora's Torrance headquarters.  (Ex. 3, Chen Decl. ¶ 11.)

3

DEFENDANT AURORA CORP. OF AMERICA'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS, TRANSFER OR STAY THIS LAWSUIT

## III. THIS COURT SHOULD DISMISS THE INSTANT ACTION BECAUSE AURORA FILED ITS DECLARATORY RELIEF ACTION IN CALIFORNIA FIRST

### A. The First-To-File Doctrine

The Federal Circuit has strongly endorsed the first-to-file doctrine in resolving venue disputes where two actions involve closely related patent infringement questions. Genentech, Inc., 998 F.2d at 937.[1] The first-to-file rule is a discretionary doctrine that provides if actions involving nearly identical parties and issues have been filed in two different courts, the court in which the first suit was filed should generally proceed to judgment." Genentech, 998 F.2d at 937. Moreover, the first-to-file rule applies even if the filing is a declaratory judgment action. Elecs. for Imaging, Inc. v. Coyle, 394 F.3d 1341, 1347 (Fed. Cir. 2005); Genentech, 998 F.2d at 937.

In the instant matter, Aurora filed its complaint for declaratory relief in the Central District of California on December 26, 2007, at 10:46 a.m. (Ex. 4, Peters Decl. ¶ 2.) Fellowes cannot dispute that Aurora filed its complaint first in time. Aurora filed its complaint in the Central District solely because it is the closest Federal district court to its corporate headquarters. (Ex. 3, Chen Decl. ¶ 5.) As such, the first-to-file rule has been triggered, and Fellowes cannot point to any exceptions that would preclude Aurora from prevailing on the instant motion.

---

[1] It should be noted that because both Fellowes's claim for patent infringement in this action and Aurora's claim for declaratory judgment of patent invalidity in the California action arise under the patent laws, this Court's jurisdiction is premised in part on 28 U.S.C. § 1338. Under 28 U.S.C. § 1295, therefore, the United States Court of Appeals for the Federal Circuit will have exclusive jurisdiction over an appeal of either district court's decision. "To promote uniformity of patent law nationwide, the Federal Circuit applies its own circuit law when reviewing district court decisions on patent law issues…[t]he Federal Circuit treats the choice of forum in this situation of mirror-image declaratory and coercive patent claims as an issue of patent law. In fact, the Federal Circuit has specifically rejected the Seventh Circuit's approach…." Buztronics, 2005 U.S. Dist. LEXIS 8661 at *8 (internal citations omitted) (Ex. 1).

4

DEFENDANT AURORA CORP. OF AMERICA'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS, TRANSFER OR STAY THIS LAWSUIT

### B. The Exceptions To The First-To-File Doctrine Are Inapplicable

Of course, the rule favoring the forum of first-filed action is not absolute. Genentech, 998 F.2d at 937. The first-to-file doctrine is a general rule "favoring the right of the first litigant to choose the forum, absent countervailing interests of justice or convenience." Genentech, 998 F.2d at 938. The interests to be considered by the court include "convenience and availability of witnesses, absence of jurisdiction over all necessary or desirable parties, the possibility of consolidation with related litigation, or considerations relating to the real party in interest." Genentech, 998 F.2d at 938. Other equitable considerations are whether a first-filed declaratory judgment is in bad faith, anticipatory and motivated by forum shopping. Serco Servs. Co. v. Kelley Co., 51 F.3d 1037, 1039 (Fed. Cir. 1995). These equitable factors, as possibly warranting exceptions to the general rule in favor of the first-filed action in patent cases, track those considered in ruling on a motion to transfer under 28 U.S.C. § 1404(a). Genentech, 998 F.2d at 937-38.

As such, the relevant equitable factors to be considered in determining whether an exception to the first-to-file rule are: (1) jurisdiction over the parties; (2) judicial efficiencies and economies; (3) convenience to the parties; (4) availability and convenience of witnesses; and (5) the extent to which the declaratory judgment action filed in another forum is anticipatory and motivated by forum shopping.

#### 1. Jurisdiction Over the Parties

Here, neither forum lacks jurisdiction and as such, this factor cannot be decided in favor of Fellowes, and thus there is no effect on the presumption of the first-to-file rule.

5

### 2. Judicial Efficiencies and Economies

The Genentech court observed the importance of avoiding a "redundancy of litigation" and of "preventing multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." Genentech, 998 F.2d at 938. Here, promoting judicial efficiency and conservation of judicial resources weigh in favor of litigating in California, as Aurora's witnesses and documents are located there. Additionally, to the extent Fellowes recovers any remedy requested, enforcement of any potential judgment will be accomplished more efficiently by a California court against its own resident (Aurora). Therefore, this factor does not support an exception to the first-filed rule.

### 3. Convenience of the Parties

In evaluating convenience for the parties, courts consider: the choice of forum of the first to file; the convenience of the witnesses; the ease of access to evidence; the location of material events; and the overall convenience of litigating in the respective forums. Amoco Oil Co. v. Mobil Oil Corp., 90 F. Supp.2d 958, 960 (N.D. Ill. 2000) (Alesia, J.). Here, litigating in Illinois will come at a substantial cost and undue burden to Aurora. Aurora is a small company of only 19 employees. It would suffer substantial inconvenience if forced to litigate in Illinois. (Ex. 3, Chen Decl. ¶ 3.) Aurora would suffer hardship if it were required to litigate this matter in Illinois. As listed above, there are several Aurora employees, all of whom are residents of California, with knowledge of the facts and circumstances surrounding this action. These employees would likely be called to testify. (Ex. 3, Chen Decl. ¶ 6.)

Furthermore, many of the key documents which will be used in this litigation are located in Aurora's Torrance, California headquarters. (Ex. 3, Chen Decl. ¶ 11.) Therefore, the burden and expense of litigation in Illinois for Aurora will be significant.

6

DEFENDANT AURORA CORP. OF AMERICA'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS, TRANSFER OR STAY THIS LAWSUIT

In contrast, Fellowes has over 1,000 employees (see Ex. 4, Peters Decl. ¶ 3; Fellowes motion to dismiss at p. 11) at its headquarters and ample resources to litigate the issues involved herein in California. Further, deference to a later-filed action will not be given when to do so "merely serves to shift in conveniences from one to another." <u>RJF Holdings III, Inc. v. Refractec, Inc.</u>, 2003 U.S. Dist. Lexis 22144 at *12 (E.D. Pa. Nov. 24, 2003) (Exhibit 5). Overall, this factor also weighs heavily in favor of California, especially considering the relative size of each company. As such, there is no reason to deviate from the application of the first-to-file rule.

### 4. Availability and Convenience of Witnesses

The "principal concern is to ensure that non-party witnesses are available for trial." <u>Buztronics</u>, 2005 U.S. Dist. Lexis 8661 at *12 (Ex. 1). Here, Aurora also anticipates that it may call upon witnesses to testify who reside in China. It would be much more convenient for these witnesses to travel to California, rather than to Illinois. (Ex. 3, Chen Decl. ¶ 7.) To force these witnesses even further by making them fly to Illinois instead of California is unduly burdensome.

Furthermore, an important witness in this case for Aurora is Morris Adato, an independent consultant who has been retained by Aurora. He has personal knowledge regarding the sales and marketing of Aurora's products, and of the needs and requirements of Aurora's customers. He has over 40 years experience in the consumer electronics field. Mr. Adato, 73 years of age, is located in the Los Angeles area, and, as such requiring him to travel to Illinois would be very difficult. (Ex. 3, Chen Decl. ¶ 8.)

Also, Ingram Micro located in Irvine, California, sells Fellowes shredders. It is expected that sales information will be sought from this company. (Ex. 3, Chen Decl. ¶ 9.) Amazon, located in Seattle, Washington and Fred Meyer Department Stores, located throughout Oregon

7

DEFENDANT AURORA CORP. OF AMERICA'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS, TRANSFER OR STAY THIS LAWSUIT

are customers of Aurora. It is expected that sales information will be sought from these customers as well. (Ex. 3, Chen Decl. ¶ 10.) Due to the fact that information from these persons and/or entities will be sought in this litigation, and because these third parties reside closer to Los Angeles, the convenience factor tips in favor of Aurora. As such, there is no reason for this Court to depart from the first-to-file rule.

### 5. Forum Shopping

Here, Aurora did not use the Declaratory Judgment Act as a tool for the purpose of forum shopping, which can be considered in by a court in making its determination of jurisdiction. Genentech, 998 F.2d at 938. Instead, it merely selected the forum where it resides, as Fellowes did when it brought the instant action. As such, there are no exceptions which would warrant a departure from the first-to-file rule. Since Aurora filed its action in the Central District of California first, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, this Court should dismiss the instant action in its entirety.

## IV. ALTERNATIVELY, THE INSTANT ACTION SHOULD BE TRANSFERRED PURSUANT TO 28 U.S.C. 1404(a)

A district court may transfer a case pursuant to 28 U.S.C. § 1404(a), which provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under this section, transfer is proper if: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) the transfer is in the interest of justice. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986). The moving party bears the burden of demonstrating that the transferee forum is the more convenient forum. Heller Fin., Inc v. Midwhey Powder Co. Inc., 883 F.2d

8

DEFENDANT AURORA CORP. OF AMERICA'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS, TRANSFER OR STAY THIS LAWSUIT

1286, 1293 (7th Cir. 1989). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." Coffey, 796 F.2d at 219.

### A. Venue

The parties do not dispute that this action could have been brought in either Illinois or California, and as such, this factor is neutral.

### B. Convenience of the Parties and Witnesses

In evaluating the convenience and fairness of transfer under § 1404(a), the court must consider both the private interests of the parties and the public interest of the court. The private interests of the parties include: (1) plaintiff's choice of forum, (2) situs of material events, (3) relative ease of access to sources of proof in each forum, including the court's power to compel appearance of unwilling witnesses at trial, and (4) costs of obtaining attendance of witnesses. Public factors include the court's familiarity with applicable law and the desirability of resolving controversies in their locale. Medi USA, 791 F. Supp. at 210.

In the instant matter, Aurora is a small company of only 19 employees, and it would suffer substantial inconvenience if forced to litigate in Illinois. (Ex. 3, Chen Decl. ¶ 3.) Aurora would suffer hardship if it were required to litigate this matter in Illinois. As set forth above, there are several Aurora employees, all of whom are residents of California, with knowledge of the facts and circumstances surrounding this action. These employees would likely be called to testify. (Ex. 3, Chen Decl. ¶ 6.)

Furthermore, many of the key documents which will be used in this litigation are located in Aurora's Torrance headquarters. (Ex. 3, Chen Decl. ¶ 11.) Therefore, the burden and expense of litigation in Illinois for Aurora will be significant.

9

DEFENDANT AURORA CORP. OF AMERICA'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS, TRANSFER OR STAY THIS LAWSUIT

While a plaintiff's choice of forum is given substantial weight, this factor is not usually dominant. Medi, 791 F.Supp. at 210. In addition, it is not the only factor a court must consider, and a plaintiff's choice of forum is usually not the determinative factor. Van Holdt v. Husky Injection Molding Systems, Ltd., 887 F.Supp. 185, 188 (N.D. Ill. 1995) (Castillo, J.). Additionally, "the material events of a patent infringement case do not revolve around any particular situs." Medi, 791 F. Supp. at 210. The trier of fact determines patent infringement by comparing the offending device with the language of the claim. Id.; SRI Internat'l v. Matsushita Elec. Corp. of Am., 775 F.2d 1107, 1121 (Fed. Cir. 1985).

"The convenience of non-party witnesses is often viewed as the most important factor in the transfer analysis." Greene Mfg., 1998 U.S. Dist. LEXIS 10656 at * 8 (Ex. 2). Here, Aurora also anticipates that it may call upon witnesses to testify who reside in China. It would be much more convenient for these witnesses to travel to California, rather than to Illinois. (Ex. 3, Chen Decl. ¶ 7.) To force these witnesses even further by making them fly to Illinois instead of California is unduly burdensome. Also, as noted above, Aurora anticipates that the testimony of its 73-year-old outside consultant – a resident of California – may also be required. He should not be required to travel to Illinois simply to suit Fellowes' convenience.

Also, as noted above, major customers of both Fellowes and Aurora are located on the West Coast. Because the testimony of these witnesses is highly relevant to both damages and obviousness, it is likely that witnesses from these companies will be required at trial. Indeed, if this action remains venued in the Northern District of Illinois, Aurora will be unable to subpoena witnesses from Fellowes's customers for trial, putting Aurora at a significant disadvantage. Accordingly, the convenience factor tips strongly in favor of Aurora. As such, this Court should transfer this matter to the Central District of California.

C.  **The Interest of Justice**

The interest of justice factor pertains to the "efficient administration of the court system," and is a distinct and "separate component of a § 1404(a) analysis." Coffey, 796 F.2d at 220-1. This factor may require the court to deny a motion to transfer, even though the court would otherwise find the original forum inconvenient for the parties and witnesses. Id. The interest of justice factor includes such issues as the speed at which the case will proceed to trial, the feasibility of consolidation, the court's familiarity with applicable law, the local interest in having controversies decided at home, and issues related to injunctive relief.  Id. at 221; Law Bulletin Publishing Co. v. LRP Publications, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998) (Alesia, J.).

Here, the interest of justice favors transfer of this case to California.  Any witnesses that Aurora calls to testify will be located in on the West Coast or in Asia.  These witnesses would have to fly in from out of state, and out of the country in some circumstances, and have to travel to Illinois.  The bulk of the evidence and records located at Aurora's headquarters would have to be transported to the Northern District of Illinois.

Secondly, this is a patent infringement case arising under federal law, and therefore both federal district courts are capable to adjudicate this case. Third, Aurora has its corporate headquarters in California, and has an interest in a court in its own state deciding liability and damages.  Additionally, there may be additional burdens to this the Northern District of Illinois in enforcing remedies, if any, awarded in this matter against a corporation located in California.  As such, the interests of justice mandate that this case be transferred to the Central District of California.

11

DEFENDANT AURORA CORP. OF AMERICA'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS, TRANSFER OR STAY THIS LAWSUIT

## V.  CONCLUSION

Aurora respectfully requests that this Court dismiss Fellowes's complaint (attached as an exhibit to Fellowes's Motion to Dismiss filed in California, see Ex. 4, Peters Decl.¶ 3) in this matter pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, or in the alternative, transfer this matter to the Central District of California pursuant to 28 U.S.C. 1404(a).

Respectfully submitted,

Date:   January 30, 2008

s/Nicholas T. Peters
Richard F. Cauley (SBN: 109194)
rcauley@whglawfirm.com
Franklin E. Gibbs (SBN: 189015)
fgibbs@whglawfirm.com
Regis A. Guerin (SBN 215170)
rguerin@whglawfirm.com
Erick P. Wolf (SBN: 224906)
ewolf@whglawfirm.com
**WANG, HARTMANN & GIBBS, P.C.**
A Professional Law Corporation
1301 Dove Street, Suite 1050
Newport Beach, CA  92660
Telephone:  (949) 833-8483
Facsimile:   (949) 833-2281

Karl R. Fink
krfink@fitcheven.com
Nicholas T. Peters
ntpete@fitcheven.com
**FITCH, EVEN, TABIN & FLANNERY**
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
Telephone: (312) 577-7000
Facsimile: (312) 577-7007

*Attorneys for Defendant,*
AURORA CORP. OF AMERICA

12

DEFENDANT AURORA CORP. OF AMERICA'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS, TRANSFER OR STAY THIS LAWSUIT

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on January 30, 2008, a copy of the foregoing DEFENDANT AURORA CORP. OF AMERICA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS, TRANSFER, OR STAY THIS LAWSUIT was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*<u>Parties receiving service electronically are as follows</u>:*

Peter J. Shakula – <u>pshakula@woodphillips.com</u>
Attorney of WOOD, PHILLIPS, KATZ, CLARK & MORTIMER
**(COUNSEL FOR PLAINTIFF, FELLOWES, INC.)**

*<u>Parties receiving service by facsimile and first class mail are as follows</u>:*

William Atkins, Esq.
Benjamin L. Kiersz, Esq.
Christopher Dorsey, Esq.
Attorney of PILLSBURY WINTHROP SHAW PITTMAN, LLP
1650 Tysons Boulevard
14th Floor
McLean, VA 22102-4859
Fax: +1.703.770.7901
**(COUNSEL FOR PLAINTIFF, FELLOWES, INC.)**


Date:   January 30, 2008                      s/Nicholas T. Peters_____
                                                           *One of the Attorneys for Defendant,*
                                                           AURORA CORP. OF AMERICA

13

DEFENDANT AURORA CORP. OF AMERICA'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS, TRANSFER OR STAY THIS LAWSUIT