IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FELLOWES, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>AURORA CORPORATION OF )<br>AMERICA, and AURORA OFFICE )<br>EQUIPMENT, LTD. )<br>)<br>Defendants. ) | Case No. 1:07-cv-07237<br><br>Judge: Charles P. Kocoras<br>Magistrate Judge: Arlander Keys |

**Plaintiff Fellowes Inc.'s Opposition To Defendant's
Motion To Dismiss, Transfer, Or Stay This Lawsuit**

Plaintiff Fellowes, Inc. ("Fellowes"), by and through its counsel Wood, Phillips, Katz, Clark & Mortimer and Pillsbury Winthrop Shaw Pittman LLP, files the following document and exhibits in opposition to the motion of Aurora Corporation of America ("Aurora America") to dismiss, transfer, or stay Fellowes' lawsuit (Docket Entry or D.E. 16).

## **TABLE OF CONTENTS**

**Page**

I. Introduction ..................................................................................................................... 1

II. Facts ................................................................................................................................ 2

III. Analysis ........................................................................................................................... 4

    A. Same Day Filing Means No Priority ....................................................................... 4

    B. The Fellowes Case Has The Manufacturer and Another Patent - It Is Different Than The California Case .......................................................................................... 5

    C. If First To File Applies, Exceptions Weigh In Favor of Illinois ............................... 6

    D. Aurora America Raced to the Courthouse Alone to File Its Anticipatory Declaratory Judgment Action In a Forum of Its Choice ........................................... 7

    E. Judicial Resources Would Be Conserved By Litigating the Case In the Northern District of Illinois ...................................................................................... 9

    F. The Northern District of Illinois Is a More Convenient Forum For All Of the Parties Than the Central District of California ........................................................ 9

        1. The Plaintiff's Choice of Forum ........................................................................ 9

        2. The Situs of the Material Events ..................................................................... 10

        3. The Relative Ease of Access to Sources of Proof ........................................... 10

IV. Aurora America Conceded Venue and Should Answer Fellowes' Complaint ............. 11

V. Conclusion .................................................................................................................... 12

Plaintiff Fellowes Inc.'s Opposition To
Aurora Corp. of America's Motion to Dismiss, Transfer, Or Stay This Lawsuit

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Amoco Oil Co. v. Mobil Oil Corp.*,
  90 F. Supp. 2d 958 (N.D. Ill. 1998) ............................................................................... 9

*Ashe v. PepsiCo, Inc.*,
  443 F. Supp. 84 (S.D.N.Y. 1977) .................................................................................. 5

*Coffey v. Van Dorn Iron Works*,
  796 F.2d 217 (7th Cir. 1986) ......................................................................................... 9

*Genentech, Inc. v. Eli Lilly and Co.*,
  998 F.2d 931 (Fed. Cir. 1993) ............................................................................ 5, 6, 7, 9

*Georgia Pacific Corp. v. United States Plywood Corp.*,
  318 F. Supp. 1116 (S.D.N.Y. 1970) ............................................................................ 10

*Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*,
  342 U.S. 180 (1952) ................................................................................................... 5, 6

*Mentor Graphics Corp. v. Trimeter Techs. Corp.*,
  739 F. Supp. 542 (D. Or. 1990) ............................................................................ 5, 7, 8

*Mobil Oil Exploration Co. v. Fed. Energy Regulatory Comm'n*,
  814 F.2d 998 (5th Cir. 1987) ........................................................................................ 4

*NSI Corp. v. Showco, Inc.*,
  843 F. Supp. 642 (D. Or. 1994) .................................................................................... 8

*S. Constr. Co. v. Pickard*,
  371 U.S. 57 (1962) ........................................................................................................ 9

*Serco Servs. Co. v. Kelley Co.*,
  51 F.3d 1037 (Fed. Cir. 1995) ............................................................................. 7, 8, 12

*Terra Intern., Inc. v. Miss. Chem. Corp.*,
  922 F. Supp. 1334 (N.D. Iowa 1996) ............................................................................ 5

**Rules and Regulations**

28 U.S.C. § 1404 ............................................................................................................... 9

Fed. R. Civ. P. 12(b)(3) ................................................................................................... 11

This opposition to Aurora America's Motion (Docket Entry 16) is filed with the expectation that this issue will be discussed at the hearing tomorrow. We welcome the opportunity to do so and provide this integrated response, due to the expectation that this Court will be able to also review at least the facts contained on pages 3-5 and 11-13 in the related motion that was filed in California by Fellowes, Inc. to dismiss, transfer, or stay that California action (hereinafter "Fellowes' California Motion"). Fellowes' California Motion is attached as Ex. 4-B to Aurora America's Motion and will be referred to repeatedly. Aurora America did not, however, include Ex. A to Fellowes' California Motion with it, so it is attached to this opposition as Ex. A. It is a Fellowes declaration which contains information beneficial to Fellowes and critical to making a decision on this motion.

**I.     Introduction**

In the summer of 2007, Fellowes warned defendant Aurora America about their infringement of a patent and a pending patent application. Both involve paper shredders. One is for a safety switch and the other is for a safety feature called SafeSense®. Aurora America gave assurances that it stopped production of its shredders with Fellowes' safety switch but the devices are still in stores in the United States today.

The SafeSense® patent application issued as a patent on December 25, 2007. The next day, Fellowes filed the present patent infringement suit against Aurora America and Aurora Office Equipment, Ltd. ("Aurora China"). Aurora China manufactures Aurora's shredders in Shanghai, China and owns the Underwriters Laboratory ("UL") certificate for those products. The UL certification is needed to sell shredders in the United States. Aurora shredders are sold by a number of large companies, including United Stationers, Inc. and Wal-Mart. Fellowes, UL,

and United Stationers are headquartered respectively in Itasca, Northbrook, and Deerfield, Illinois, here in this District. Two inventors, their patents and research material as well as financial documents and the non-employee inventor are also in this District.

On the same day that Fellowes filed this present patent suit against Aurora America and Aurora China, asserting both patents, Aurora America alone filed an anticipatory declaratory judgment suit on the SafeSense® patent in the Central District of California. Aurora America's Motion (D.E. 16) does not dwell on the differences in these two lawsuits.

Using its motion as the vehicle, Aurora America would like to single-handedly dismiss Fellowes' claims against co-defendant Aurora China as well as Fellowes' claims of infringement of the safety switch patent against both Aurora America and Aurora China, or alternatively have the entire Fellowes' allegations moved to California. Aurora America <u>cannot</u> do this on behalf of Aurora China.

## II. <u>Facts</u>

Fellowes was founded in Chicago in 1917 and has over 1,000 employees in its headquarters in Itasca, Illinois. *See* Ex. A, Affidavit of Steven Carson ¶ 1 ("Carson Cal. Dec."). There are three inventors on the two patents, two of which are Fellowes employees, and the third lives in this District. *Id.* at ¶¶ 2-4. The patents and the related documents and research material, the financial department, and most of the sales staff, as well as their documents are in this District. *Id.* at ¶¶ 1-5.

United Stationers Inc. is in this District. Exs. C-6, C-7 (pgs. 164-169) to Fellowes' California Motion.[1] Their 2008 catalog offers Aurora and Fellowes shredders, including

---

[1] Please note that Fellowes' California Motion is attached as Ex. 4-B to Aurora America's Motion. The exhibits have handwritten page numbers on them and these are included in the citation for ease of reference.

Aurora's AS1018CD shredder, which we understand has an infringing safety switch.  Ex. B, Declaration of William Atkins ("Atkins Ill. Dec.") at B-8, B-9; Ex. C, Second Declaration of Steve Carson ("Carson Ill. Dec.) at ¶ 3.

Aurora America touts itself as a small company.  The Certificate and Notice of Interested Parties that was originally filed by Aurora America in California listed no one having "a direct, pecuniary interest in the outcome of the case."  Ex. B-2, Atkins Ill. Dec. ¶ 3.  After Fellowes' California Motion was filed, Aurora America filed an Amended Notice stating that 100% of its stock is held by "Morann Holding Ltd., A Bahamas Corporation."  Ex. B-3, Atkins Ill. Dec. ¶ 4.  According to a Dun & Bradstreet report in January of 2008, Aurora America was 100% owned by Aurora Corporation in Taipei ("Aurora Taiwan").  Ex. C-9 (pg. 174) of Fellowes' California Motion.  Aurora Taiwan had a "turnover" or sales of well over three hundred million U.S. dollars.  Ex. C-10 (pg. 182) of Fellowes' California Motion.  Aurora Taiwan is also the owner of the United States trademark application for the word "Aurora" for "paper shredders for office use."  Ex. C-3 (pg. 155) of Fellowes' California Motion.



Aurora Office Equipment Co., Ltd. ("Aurora China") is a named defendant.  According to the website at www.auroraglobal.com, Aurora China is "the nerve center of Aurora Global Network."  Ex. B-1, Atkins Ill. Dec. ¶ 2.  When you click on "About Us," it reveals a glass skyscraper in Shanghai with the name "Aurora" emblazoned on it.  Ex. B-1, Atkins Ill. Dec. ¶ 2.  The "pop-up" ad from the website is shown

here. This webpage discloses that for the Aurora's Global Network of companies, "internal operations are supported here: accounting and finance, HR, sourcing, QC and QA." *Id.* Aurora America is described on this Aurora Global webpage as being "a one-stop office product solution provider" with "a product line specially designed for the U.S. customers" and "is able to distribute its products throughout the country." *Id.*

Morris Adato, whose relevance remains unclear, appears to be an active principal in a company called Masco Marketing, according to their website. Ex. B-5, Atkins Ill. Dec. ¶ 6. He also appears to have attended the Consumer Electronics Show in Las Vegas in January of 2008 working on behalf of another consulting company that he is involved with called Noah Company, which has offices in Los Angeles and Taiwan. *See* Exs. B-6, B-7, Atkins Ill. Dec. ¶¶ 7-8.

Ingram Micro represents a very small portion of Fellowes sales. Ex. C, Carson Ill. Dec.

### III. Analysis

The first-to-file guidance does not control in this case. First, both cases were filed on the same day and therefore, there is no "first-filed" case. Second, the Illinois case has more parties and more patents and therefore different products at issue. It is a different case and Fellowes certainly filed any differing portions first. Third, even if Aurora America filed in California before Fellowes filed in Illinois on the same day and the first to file analysis is applied, exceptions apply that warrant keeping the case in Illinois.

#### A. Same Day Filing Means No Priority

As a general matter, courts have recognized that when two suits are filed on the same day, the value provided by the first-to-file guidance is abrogated. *See, e.g., Mobil Oil Exploration Co. v. Fed. Energy Regulatory Comm'n*, 814 F.2d 998 (5th Cir. 1987) (finding that

Plaintiff Fellowes Inc.'s Opposition To
Aurora Corp. of America's Motion to Dismiss, Transfer, Or Stay This Lawsuit

when two cases were filed nearly simultaneously and neither party identified factors favoring either forum, the first-to-file guidance was inapposite); *Ashe v. PepsiCo, Inc.*, 443 F. Supp. 84, 85 (S.D.N.Y. 1977) (holding that two actions filed on the same day are not accorded priority according to the first-to-file guidance); *Mentor Graphics Corp. v. Trimeter Techs. Corp.*, 739 F. Supp. 542, 544 (D. Or. 1990) (finding that no priority is accorded when two actions are filed on the same day); *Terra Intern., Inc. v. Miss. Chem. Corp.*, 922 F. Supp. 1334, 1353 (N.D. Iowa 1996) (finding that the first-to-file guidance is not dispositive when the two suits are filed in a "dead heat"). In the instant case, the two complaints were filed on the first business day a suit could be filed after the patent issued on Christmas. Because the two suits were filed in a virtual dead-heat, the first-to-file guidance is not applicable.

The first-to-file guidance in patent cases has its origins in *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180 (1952). The objective was at least in part to prevent a patentholder from being able to automatically transfer a previously filed a declaratory judgment suit. *See Genentech*, 998 F.2d at 938. When both cases are filed on the same day, indeed the next business day after the patent/enforceable right issues, there is no lingering threat to an accused infringer that warrants a declaratory judgment action or the invocation of the first-to-file guidance. The policy that warranted the first-to-file guidance does not apply to this situation.

### B. The Fellowes Case Has The Manufacturer and Another Patent - It Is Different Than The California Case

In 2007, Fellowes went to trial on the safety switch patent in the Eastern District of Virginia against another shredder company, who actually conceded infringement a few days before the trial. That Court certainly provided a powerful claim construction and the jury determined that the patent was not invalid. In spite of this success, Fellowes filed this suit in its

home state of Illinois to avoid any argument about forum shopping or jurisdictional issues. This Illinois suit asserts both the safety switch and SafeSense® patents against the U.S. sales company and its Chinese manufacturing company. The California action includes only the U.S. sales company and the newly issued SafeSense® patent. The California case is a different lawsuit. As can be seen in Fellowes' California Motion, Aurora China manufactures and ships the Aurora shredders to the United States and owns the UL certificates. Yet they are not included in the California action. Aurora America would like to either dismiss this Illinois lawsuit (and with it Aurora China and the safety switch patent) or transfer Fellowes' whole case out to California and thereby completely inconvenience and negatively impact Fellowes. Aurora America cannot stand in the shoes of Aurora China and should not be able to force Fellowes' safety switch allegations out to California. Aurora America's Motion should be denied.

### C. If First To File Applies, Exceptions Weigh In Favor of Illinois

The Supreme Court, considering the first-to-file guidance, mandated that courts "giv[e] regard to conservation of judicial resources and comprehensive disposition of litigation," as well as avoid a "rigid mechanical solution." *Kerotest*, 342 U.S. at 184 (1952). The Federal Circuit has echoed this sentiment, stating: "the trial court's discretion tempers the preference for the first-filed suit, when such preference should yield to the forum in which all interests are best served." *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993). The first-to-file guidance is not a rigid, bright line formula for determining which of two competing suits should proceed, but merely a factor to be considered as part of a broader calculus for determining the most appropriate forum for final disposition of a matter.

If the first-to-file guidance is applied in Aurora America's favor, then there are exceptions. As Aurora America's memorandum notes, the rule "is not absolute" and some of the

"equitable considerations are whether a first-filed declaratory judgment is in bad faith, anticipatory and motivated by forum shopping." Aurora America's Motion at p. 5 (citing *Serco Servs. Co. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995)).  Aurora America also confirms that the following interests should be considered: "convenience and availability of witnesses, absence of jurisdiction over all necessary and desirable parties, the possibility of consolidation with related litigation, or considerations relating to the real party in interest." *Id.* (citing *Genentech*, 998 F.2d at 938).

The exceptions to the first-to-file guidance and the considerations for venue are so similar, that they are dealt with concurrently below.

### D. Aurora America Raced to the Courthouse <u>Alone</u> to File Its <u>Anticipatory Declaratory Judgment Action In a Forum of Its Choice</u>

Aurora's actions in filing its anticipatory declaratory judgment action in California are untenable under Federal Circuit precedent.  The Federal Circuit grappled with facts very similar to the case at bar.  *Serco*, a declaratory judgment plaintiff, had received multiple letters warning that Serco infringed Kelley's patent. *Serco*, 51 F.3d at 1038.  Kelley's second letter gave Serco until September 20, 1993, to cease its infringing operations, after which Kelley would file suit. *Id*.  Serco filed a declaratory judgment action on September 17.  *Id*.  Kelley filed its patent infringement suit on September 20.  *Id*.  The Federal Circuit found that Serco had engaged in a race to the courthouse by filing an anticipatory suit.  The Federal Circuit also noted that the availability of witnesses and evidence favored the second-filed forum.

The stance of the Federal Circuit in *Serco* has been adopted by other courts.  In *Mentor Graphics*, the court stated:

Plaintiff Fellowes Inc.'s Opposition To
Aurora Corp. of America's Motion to Dismiss, Transfer, Or Stay This Lawsuit

> However, where two parties file actions simultaneously, the party seeking declaratory judgment stands on equal footing with the party seeking the traditional remedy, <u>unless the party seeking declaratory judgment unfairly took advantage of the other in a race to the courthouse</u>.

*Mentor Graphics*, 739 F. Supp. at 544 (emphasis added); *see also NSI Corp. v. Showco, Inc.*, 843 F. Supp. 642 (D. Or. 1994) (refusing jurisdiction over a declaratory judgment action filed more than a month before the later suit because the first-filed plaintiff had raced to the courthouse). In the present case, like *Serco*, *Mentor Graphics*, and *NSI*, Aurora America raced to the courthouse the morning after issuance in an attempt to obtain the forum of its choice. Since Fellowes had to take the time to read and confirm infringement on the issued patent, it could have done little more to protect its right to adjudicate all of its claims in the forum of its choice.

Hoping to forum shop by racing to the clerk's office in California, Aurora America filed a feeble and flimsy declaratory judgment action. In its complaint, Aurora does not refute infringement, but instead carefully states that it seeks a declaratory judgment of no infringement. *See* Ex. 4-A to Aurora America's Motion. The sum and substance of Aurora America's <u>entire</u> invalidity and unenforceability claims in the California action are:

> 16.    Fellowes claim [sic] that the '276 [SafeSense®] Patent is valid and enforceable, while Aurora believes the '276 Patent is invalid and unenforceable. *Id.* at ¶ 16.

Aurora America purposely chose to not include Aurora China when it filed this suit in California. Now, Aurora America seeks to stand in the shoes of Aurora China and get Fellowes' entire case dismissed or transferred to California. The forum shopping could not be more plain. Aurora America's Motion should be denied.

### E. Judicial Resources Would Be Conserved By Litigating the Case In the Northern District of Illinois

As Aurora aptly recited, the Federal Circuit asks this Court to avoid "redundancy of litigation" and to "prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." *Genentech*, 998 F.2d at 938; *S. Constr. Co. v. Pickard*, 371 U.S. 57, 60 (1962). Trying all of Fellowes' claims against both parties in this Court ensures maximum judicial economy and complete disposition of all of the claims currently pending between Fellowes and Aurora. Indeed, one Aurora shredder here infringes both patents.

### F. The Northern District of Illinois Is a More Convenient Forum For All Of the Parties Than the Central District of California

Balancing the convenience to the witnesses and parties strongly favors litigating in this Court rather than the Central District of California. The Seventh Circuit has stated that a court should only grant a motion to transfer under 28 U.S.C. § 1404 if "[t]he movant [has established], by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986) (emphasis added). When making such a determination, this Court should consider: "(1) the plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease of access to sources of proof, [and] (4) the convenience of the parties . . . ." *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp.2d 958, 960 (N.D. Ill. 1998). All four of the preceding factors weigh strongly in favor of Fellowes in this case and the fourth favors neither party.

#### 1. The Plaintiff's Choice of Forum

Fellowes, the plaintiff patent-holder, chose the Northern District of Illinois to avoid a possible dispute over venue. Aurora incorrectly cites *Amoco* for the proposition that the first-filed party's choice of forum is favored. To the contrary, the calculus expounded by courts in

this jurisdiction specifically recognizes the right of the <u>plaintiff</u> to litigate in the forum of his choice. Because the cases were filed within hours of each other on the same day, the facts of this case militate strongly against application of the first-to-file guidance in any capacity. This forum provides a more comprehensive and economical means for disposition of the dispute between Fellowes and Aurora and is more convenient to the parties. This factor favors Illinois.

### 2. The Situs of the Material Events

All three inventors and their documents and at least one large customer of all the parties are located in this district. Aurora shredders are manufactured and imported from overseas. Sales of the infringing shredders have occurred throughout the United States, including deliveries by Aurora directly to a Wal-Mart storage facility in Chicago. Ex. A-1, Carson Dec. ¶ 11; p. 4 of Fellowes' California Motion. Therefore, this factor favors Illinois.

### 3. The Relative Ease of Access to Sources of Proof

Litigating this case in this Court allows the parties greater access to the necessary sources of proof. Fellowes' headquarters, the three inventors, their documents, Fellowes' financial, accounting, marketing, and sales people are located in this district. Also, these employee documents are at Fellowes' Itasca headquarters. These financial employees would be used to testify about profit margins, lost profits, and their relationship to the fifteen factors used in determining royalty damages. *Georgia Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970). UL and United Stationers are also in this District and Aurora China ships directly to Chicago.

Aurora America has 19 employees, a Bahamas owner, and a Chinese manufacturing entity, whose website says that internal operations (manufacturing base, research and development center, marketing division, accounting and finance, HR, sourcing, quality control

and quality assurance) are handled at Aurora's headquarters in Shanghai.  Thus, Fellowes expects that most of Aurora's relevant documents will come from Aurora China.  Furthermore, Aurora's trademark applicant in the United States and perhaps previous owner is the $300M Aurora Taiwan.  Lastly, Mr. Morris Adato appears to be gainfully employed by, or running, two consulting companies and to have visited Las Vegas last month.  Fellowes, however, has almost all of its expected documentary evidence at its headquarters in Illinois.  The convenience of the parties, certainly with regard to documentary evidence, weighs heavily in favor of Illinois.

Aurora America states that it anticipates calling witnesses from China.  Pg. 3 of Aurora America's Motion.  They are most likely employees of Aurora China, the other defendant in Fellowes' case.  A return flight home to Shanghai is a mere 19 minutes longer from Chicago than from Los Angeles.  Ex. B-4, Atkins Ill. Dec. ¶ 5.  The flight to Chicago would be 1 hour and 17 minutes longer.  *Id.*

Having the case transferred to California would negatively and prejudicially impact Fellowes' presentation of evidence from local third parties.  For the sheer convenience of the <u>party</u> witnesses, Illinois is clearly the more convenient location.

**IV.     Aurora America Conceded Venue and Should Answer Fellowes' Complaint**

Aurora America agreed that both Illinois and California have personal jurisdiction and venue over both parties. Pgs. 5, 9 of Aurora America's Motion.  Yet, Aurora America moves to dismiss this action as having been filed in an "improper venue" under Fed. R. Civ. P. 12(b)(3).  This is inconsistent and appears to be an attempt to avoid answering the complaint.  Aurora America should answer the complaint.

Although Aurora America's Motion is captioned as a request for stay, there does not appear to be any such request.  No such stay should be granted.

## V. Conclusion

The facts surrounding the filing of this action and Aurora America's California action mandate that this Court proceed with this case in this district. This Court should take counsel in *Serco*, where the Federal Circuit grappled with nearly identical facts and ruled that the patent-holder's forum was the proper forum for adjudication, even if that forum was the site of the later-filed complaint. *Serco*, 51 F.3d at 1039-40. Likewise, the facts of this case are even more compelling given that Fellowes', its witnesses, and its documents as well as anticipated third party witnesses and documents are concentrated in this district whereas Aurora's are likely, in large part, overseas. This Court should follow "sound reason" and proceed with this case in this District.

Dated:  February 4, 2008                                                FELLOWES, INC.

                                                    s/ Peter J. Shakula
Peter J. Shakula, (ID No. 06204370)
WOOD, PHILLIPS, KATZ, CLARK & MORTIMER
500 West Madison Street
Suite 3800
Chicago, Illinois  60661
Tel.: 312.876-1800
Fax:  312.876-2020
pjshakula@woodphillips.com

and

William P. Atkins, Esq.
PILLSBURY WINTHROP SHAW PITTMAN, LLP
1650 Tysons Blvd.
McLean, VA  22102
Tel.: 703.770-7900
Fax: 703.770-7901

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on February 4, 2008, a true and correct copy of **Plaintiff Fellowes Inc.'s Opposition to Defendant's Motion To Dismiss, Transfer, Or Stay This Lawsuit** was served upon counsel of record in accordance with the Federal Rules of Civil Procedure via the CM/ECF electronic filing system.

                                                s/ Peter J. Shakula