IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FELLOWES, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>AURORA CORP. OF AMERICA,<br><br>    and,<br><br>AURORA OFFICE EQUIPMENT, LTD.<br><br>    Defendants. | Civil Action No.: 07 C 7237<br><br>Judge: Charles P. Kocoras<br>Magistrate Judge: Arlander Keys |

**DEFENDANT AURORA CORP. OF AMERICA'S REPLY
TO PLAINTIFF FELLOWES, INC.'S OPPOSITION TO
MOTION TO DISMISS, TRANSFER, OR STAY THIS LAWSUIT**

COMES NOW, Defendant AURORA CORP. OF AMERICA ("Aurora"), a Delaware Corporation, by and through counsel, Fitch, Even Tabin & Flannery and Wang Hartmann & Gibbs, P.C., and files the following reply brief to Plaintiff, FELLOWES, INC.'s ("Fellowes") opposition to Aurora's motion to dismiss, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, or in the alternative, to transfer to the Central District of California, pursuant to 28 U.S.C. 1404(a).

**I.     INTRODUCTION**

In the instant matter, Fellowes does not dispute that Aurora was the first to file its complaint in the Central District of California. Furthermore, as set forth in Aurora's motion, California is the more convenient forum for the parties and for third party witnesses. As such, this Court should dismiss this action, or in the alternative, transfer the action to the Central District of California.[1]

---

[1] Fellowes' motion to dismiss, transfer or stay in the Central District will be heard on February 25, 2008.
DEFENDANT AURORA CORP. OF AMERICA'S REPLY TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS, TRANSFER OR STAY THIS LAWSUIT

## II. STATEMENT OF FACTS

Aurora is in fact a small company with 19 employees in its Torrance office, as set forth in the Declaration of Linda Chen, filed with Aurora's motion as Exhibit 3 ("Chen Decl.") at ¶ 3. Aurora Office Equipment Co., Ltd., (referred to by Fellowes as "Aurora China") has not been served in this action, making the facts stated in Fellowes' opposition relating to Aurora Office Equipment Co., Ltd. are largely irrelevant to the Court's determination on the instant motion.

## III. THIS COURT SHOULD DISMISS THE INSTANT ACTION BECAUSE AURORA FILED ITS DECLARATORY RELIEF ACTION IN CALIFORNIA FIRST

### A. The First-To-File Doctrine Is Controlling

Fellowes argues that the first-to-file doctrine should be ignored here because its action and Aurora's California action were filed on the same day. Unsurprisingly, none of the cases it cites are from the Seventh Circuit and none involve patent issues. Indeed, in one case Fellowes cites, Mobil Oil Exploration Co. v. Fed. Energy Comm'n., 814 F.2d 998 (5th Cir. 1987), the venue issue was decided by a coin toss – notably, not a remedy Fellowes has suggested here.

A case that is from this district, First Health Group Corp. v. Motel 6 Operating, L.P., 2000 U.S. Dist Lexis 10437 (N.D. Ill. July 14, 2000) (Castillo, J.) (Exhibit A), shows that in this Court, the first-to-file rule is applied, even where both cases are filed the same day. In that case, Motel 6 filed its lawsuit in a Texas state court for breach of contract. Less than 1½ hours later, First Health Group filed its action in the Northern District of Illinois. The Texas state court action was later removed to a Federal court in Texas. The Illinois Northern District court dismissed First Health Group's action, and denied First Health's motion for reconsideration, stating, "First Health has not in any way convinced us that we should depart from the generally (but not rigidly) applied 'first to file' rule." Id. at *5.

Fellowes has shown no basis to depart from the Federal Circuit's direction to favor "the right of the first litigant to choose the forum, absent countervailing interests of justice or convenience." Genentech, Inc. v. Eli Lilly and Co., 998 F.2d 931, 938 (Fed. Cir. 1993).

### B. "Forum Shopping" and the Nature of the Two Actions do not Mandate Venue in this District

Fellowes argues that Aurora is somehow guilty of "forum shopping" for filing its action in the District where its corporate headquarters is located and, at the same time claims that it is not forum shopping when it did the same thing – filing in the District where its headquarters is located. Indeed, Fellowes pats itself on the back for not filing this case in Virginia and instead filing in Illinois to "avoid any argument about forum shopping or jurisdictional issues." (Opposition at p. 6). However, simply refraining from filing a lawsuit in an improper venue does not automatically make the chosen venue proper. It is clear that neither party is guilty of improper forum shopping – this factor should be given no weight here.

Fellowes' argument that its Illinois action should be given priority simply because it filed on one additional patent and added one additional party (whom it has not served and over whom this Court may not even have jurisdiction) should also be given no weight here as the two actions are substantially similar. Indeed, as this Court held in Galileo Int'l Pshp. v. Global Village Commun., 1996 U.S. Dist. LEXIS 11240, *5-6 (N.D. Ill. 1996), "in the interests of judicial administration, a court will generally either stay its own proceedings or dismiss an action once it learns that the action before it involves a claim that is a compulsory counterclaim in another pending federal action, Adam v. Jacobs, 950 F.2d 89 (2d Cir. 1991), or is duplicative of parallel action already pending in another federal court. Serlin v. Arthur Anderson & Co., 3 F.3d 221, 223 (7th Cir. 1993).

Not only is this case substantially similar to the California case, but it would constitute a compulsory counterclaim to that case. This factor thus argues in favor of transfer.

### D. Aurora Properly Filed Its Declaratory Relief Action To Protect Its Rights

Fellowes cites Serco Servs. Co. v. Kelley Co., 51 F.3d 1037, 1039 (Fed. Cir. 1995) and requests that this Court retain jurisdiction due to the "anticipatory" nature of Aurora's declaratory relief action. However, the Federal Circuit affirmed the dismissal of Serco's declaratory action, based on other factors, including the location of witnesses and documents and, indeed, did not base its ruling on the district court's finding that the action was anticipatory. Serco Servs., 51 F.3d 1039-40.

Indeed, the Federal Circuit's decision in Elecs. for Imaging, Inc. v. Coyle, 394 F.3d 1341, 1346 (Fed. Cir. 2005) shows that Aurora's California action was not "anticipatory" so as to warrant favoring the later-filed Illinois action. In that case, the patentholder had threatened to sue unless the accused infringer took a license to the patent by December 15 – the accused infringer brought a declaratory relief action on December 11. The district court having dismissed the declaratory relief action as anticipatory, the Federal Circuit reversed, finding that this factor was merely "one factor in the analysis" and holding that "[o]ur precedent, however, favors the first-to-file rule in the absence of circumstances making it 'unjust or inefficient' to permit a first-filed action to proceed to judgment…." Id. at 1347-48. Here, there has been no showing by Fellowes that it is either unjust or inefficient for this case to proceed in California, where it was filed first.

Additionally, Fellowes again cites cases that are simply inapplicable to patent cases and cases that are not binding authority in this Court. Neither Mentor Graphics Corp. v. Trimeter Technologies Corp., 739 F. Supp. 542 (D. Or. 1990) nor NSI Corp. v. Showco, Inc., 843 F. Supp.

642 (D. Or. 1994) are patent cases. These cases do not follow the Federal Circuit's law with respect to the first-to-file rule and as such, are inapposite.

### E. All Of The Claims Can Be Litigated In California

Fellowes argues that judicial economy will be served by litigating in Illinois, yet Fellowes conveniently fails to mention that there is nothing precluding it from bringing its claims against Aurora in the California action. Fellowes argument that all of the claims between the parties will be resolved in Illinois overlooks the fact that the same will occur in California, presumably when Fellowes files a cross-claim. Again, this argument is unpersuasive, and there is no need for this Court to depart from the first-to-file rule.

### F. California Is The More Convenient Forum

As stated in Aurora's moving papers, California is clearly the more convenient forum. Fellowes correctly cites the factors under Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986), but confusingly argues "[a]ll four of the preceding factors weigh strongly in favor of Fellowes in this case and the fourth favors neither party." (Opposition at p. 9) Aurora submits that all four factors weigh in favor of venue in California.

#### 1. Plaintiff's Choice of Forum

Fellowes argues "Aurora incorrectly cites *Amoco* [Oil Co. v. Mobil Oil Corp., 90 F. Supp.2d 958, 960 (N.D. Ill. 2000) (Alesia, J.)] for the proposition that the first filed party's choice of forum is favored." However, this is simply untrue and Aurora did not cite Amoco for such a proposition. Aurora cited Medi USA, L.P. v. Jobst Institute, Inc., 791 F. Supp. 208, 210 (N.D. Ill. 1992) (Norgle, J.) and Van Holdt v. Husky Injection Molding Systems, Ltd., 887 F.Supp. 185, 188 (N.D. Ill. 1995) (Castillo, J.), for the proposition that the plaintiff's choice of forum is not the only factor a court must consider, and a plaintiff's choice of forum is usually not

the determinative factor.  Additionally, Fellowes argues that courts in this jurisdiction recognize the right of plaintiff to litigate in the forum of his choice.  However, Fellowes offers no citation to any statue, regulation or case that states the proposition it advances.

### 2.      The Situs of Material Events

To the extent there is a "situs" of material events in a patent case (see <u>Medi</u>, 791 F. Supp. at 210, stating, "the material events of a patent infringement case do not revolve around any particular situs"), Aurora submits that since it distributes the allegedly infringing products by and through its California headquarters, California is, in fact, the <u>more</u> "central" situs of material events – the allegedly infringing acts themselves.

### 3.      Relative Ease of Access to Sources of Proof

Fellowes cannot dispute that Aurora will be substantially inconvenienced by litigation in Illinois and that Aurora is in fact a small company of only 19 employees.  Fellowes' speculation regarding Aurora's third party witnesses and Aurora's documents should not be considered by the Court in ruling on this motion.  The competent evidence in this matter is set forth in the declaration of Linda Chen, filed with Aurora's moving papers.  There are several key employees from a small company who would be required to testify, in addition to witnesses from overseas.  There are witnesses from companies in California and on the west coast who would be severely inconvenienced if this litigation proceeds in Illinois.  Indeed, Fellowes' argument that, because a 73-year-old man is able to travel to Las Vegas, it is equally convenient for him to travel to Chicago, demonstrates the weakness of its argument.

### IV. AURORA'S MOTION TO DISMISS IS BASED UPON THE FIRST-TO-FILE RULE, NOT BASED ON A LACK OF PERSONAL JURISDICTION

Fellowes argues that Aurora has "conceded" that venue is proper in Illinois. This is simply untrue. Aurora stated in its motion that "the parties do not dispute that this action could have been brought in either Illinois or California, and as such, this factor is neutral." (Motion, p. 9.) Stating that the action "could" have been brought in either jurisdiction is not the same as stating Aurora agrees with Fellowes choice of venue.

Furthermore, venue in a patent action against a corporate defendant exists wherever there is personal jurisdiction. VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1583 (Fed. Cir. 1990). Since Fellowes and Aurora do not dispute personal jurisdiction in either Illinois or California, the case *could* have been brought in either jurisdiction, and the factor is neutral in terms of the analysis. Aurora is seeking dismissal based upon the first-to-file rule, and if the Court so rules, the dismissal would be based upon Rule 12(b)(3). Vanguard Products Group, Inc. v. Protex International Corp., 2005 U.S. Dist. Lexis 41079 at *4 (N.D. Ill. Mar. 14, 2005) ("Vanguard") (Darrah, J.) (Exhibit B) (stating, "[Defendant] moves for dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(3), asserting improper venue under the first-to-file rule.")

### V. CONCLUSION

Federal Circuit has strongly endorsed the first-to-file doctrine in resolving venue disputes where two actions involve closely related patent infringement questions. There is no injustice or inefficiency that would result from litigation this action in California. As such, Aurora respectfully requests that this Court dismiss Fellowes' complaint in this matter pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, or in the alternative, transfer this matter to the Central District of California pursuant to 28 U.S.C. 1404(a).

Case 1:07-cv-07237    Document 25    Filed 02/08/2008    Page 7 of 9

### IV. AURORA'S MOTION TO DISMISS IS BASED UPON THE FIRST-TO-FILE RULE, NOT BASED ON A LACK OF PERSONAL JURISDICTION

Fellowes argues that Aurora has "conceded" that venue is proper in Illinois. This is simply untrue. Aurora stated in its motion that "the parties do not dispute that this action could have been brought in either Illinois or California, and as such, this factor is neutral." (Motion, p. 9.) Stating that the action "could" have been brought in either jurisdiction is not the same as stating Aurora agrees with Fellowes choice of venue.

Furthermore, venue in a patent action against a corporate defendant exists wherever there is personal jurisdiction. VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1583 (Fed. Cir. 1990). Since Fellowes and Aurora do not dispute personal jurisdiction in either Illinois or California, the case *could* have been brought in either jurisdiction, and the factor is neutral in terms of the analysis. Aurora is seeking dismissal based upon the first-to-file rule, and if the Court so rules, the dismissal would be based upon Rule 12(b)(3). Vanguard Products Group, Inc. v. Protex International Corp., 2005 U.S. Dist. Lexis 41079 at *4 (N.D. Ill. Mar. 14, 2005) ("Vanguard") (Darrah, J.) (Exhibit B) (stating, "[Defendant] moves for dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(3), asserting improper venue under the first-to-file rule.")

### V. CONCLUSION

Federal Circuit has strongly endorsed the first-to-file doctrine in resolving venue disputes where two actions involve closely related patent infringement questions. There is no injustice or inefficiency that would result from litigation this action in California. As such, Aurora respectfully requests that this Court dismiss Fellowes' complaint in this matter pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, or in the alternative, transfer this matter to the Central District of California pursuant to 28 U.S.C. 1404(a).
7
DEFENDANT AURORA CORP. OF AMERICA'S REPLY TO PLAINTIFF'S OPPOSITION
TO MOTION TO DISMISS, TRANSFER OR STAY THIS LAWSUIT

Alternatively, Aurora requests a stay of the instant matter until the case pending in the Central District of California is resolved.

Respectfully submitted,

Date:   February 8, 2008

s/Nicholas T. Peters
Richard F. Cauley (SBN: 109194)
rcauley@whglawfirm.com
Franklin E. Gibbs (SBN: 189015)
fgibbs@whglawfirm.com
Regis A. Guerin (SBN 215170)
rguerin@whglawfirm.com
Erick P. Wolf (SBN: 224906)
ewolf@whglawfirm.com
**WANG, HARTMANN & GIBBS, P.C.**
A Professional Law Corporation
1301 Dove Street, Suite 1050
Newport Beach, CA  92660
Telephone:  (949) 833-8483
Facsimile:   (949) 833-2281

Karl R. Fink
krfink@fitcheven.com
Nicholas T. Peters
ntpete@fitcheven.com
**FITCH, EVEN, TABIN & FLANNERY**
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
Telephone: (312) 577-7000
Facsimile: (312) 577-7007

*Counsel for Defendant,*
AURORA CORP. OF AMERICA

CERTIFICATE OF SERVICE

      I hereby certify that on February 8, 2008, a copy of the foregoing DEFENDANT AURORA CORP. OF AMERICA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS, TRANSFER, OR STAY THIS LAWSUIT was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*Parties receiving service electronically are as follows:*

Peter J. Shakula – pshakula@woodphillips.com
Attorney of WOOD, PHILLIPS, KATZ, CLARK & MORTIMER
**(COUNSEL FOR PLAINTIFF, FELLOWES, INC.)**

*Parties receiving service facsimile and first class mail are as follows:*

William Atkins, Esq.
Benjamin L. Kiersz, Esq.
Christopher Dorsey, Esq.
Attorney of PILLSBURY WINTHROP SHAW PITTMAN, LLP
1650 Tysons Boulevard
14th Floor
McLean, VA 22102-4859
Fax: +1.703.770.7901
**(COUNSEL FOR PLAINTIFF, FELLOWES, INC.)**

Date:   February 8, 2008              s/Nicholas T. Peters
                                              *One of the Attorneys for Defendant,*
                                              AURORA CORP. OF AMERICA