# EXHIBIT A

LEXSEE 2000 U.S. DIST. LEXIS 10437



Positive
As of: Feb 08, 2008

FIRST HEALTH GROUP CORP., a Delaware corporation, Plaintiff, v. MOTEL 6 OPERATING L.P., a Texas Limited Partnership, Defendant.

No. 00 C 524

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

2000 U.S. Dist. LEXIS 10437

July 14, 2000, Decided
July 17, 2000, Docketed

**DISPOSITION:** [*1] Plaintiff's motion to reconsider dismissal with prejudice [9-1] and motion to enjoin [9-2] denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff filed a motion pursuant to *Fed. R. Civ. P. 59(e)* for reconsideration of the court's order dismissing its lawsuit with prejudice and denying plaintiff's motion to enjoin defendant from prosecuting its action in another state.

**OVERVIEW:** After fruitless mediation efforts to settle various contract disputes between the parties, defendant filed suit against plaintiff in Texas state court for breach of contract. That same day, plaintiff filed suit in court seeking declaratory relief and damages for breach of contract. Plaintiff later removed the Texas state action to Texas federal court. Three days later, the court dismissed plaintiff's suit with prejudice and denied its motion to enjoin defendant from prosecuting similar claims in state court. Plaintiff filed a motion pursuant to *Fed. R. Civ. P. 59(e)* for reconsideration of the court's order. The court held that plaintiff had not satisfied the legal standards for reconsideration, as it did not demonstrate a manifest error of law, a change in the law, or a misapprehension of the facts. The court also held that plaintiff had not in any way convinced the court that it should depart from the generally (but not rigidly) applied "first to file" rule. Thus, Texas was the proper forum.

**OUTCOME:** Plaintiff's motion to reconsider dismissal with prejudice and motion to enjoin denied. Plaintiff had not satisfied the legal standards for reconsideration, and had not in any way convinced the court that it should depart from the generally (but not rigidly) applied "first to file" rule.

**LexisNexis(R) Headnotes**

*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
[HN1] Although motions for reconsideration are not explicitly authorized by the Federal Rules of Civil Procedure, courts apply *Fed. R. Civ. P. 59(e)* standards to these motions.

*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
[HN2] Motions for reconsideration serve a limited

function: to correct manifest errors of law or fact or to present newly discovered evidence.

*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
[HN3] A motion for reconsideration performs a valuable function where the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension. Such problems rarely arise and the motion to reconsider should be equally rare.

*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
[HN4] Motions to reconsider are not at the disposal of parties who want to "rehash" old arguments, and such motions are not appropriate vehicles for tendering new legal theories for the first time.

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > Exclusive Jurisdiction*
*Civil Procedure > Removal > Proceedings > General Overview*
[HN5] After removal, a federal court acquires full and exclusive jurisdiction over the litigation. The removed case proceeds according to the Federal Rules of Civil Procedure and is treated as though it had been commenced originally in federal court.

*Civil Procedure > Venue > Federal Venue Transfers > Convenience Transfers*
[HN6] Transfer motions should be addressed to the sending court, not the potential receiving court. *28 U.S.C.S. § 1404(a)* makes this order of proceedings clear: a district court may transfer any civil action to any other district or division where it might have been brought.

**COUNSEL:** For FIRST HEALTH GROUP CORP, plaintiff: Mark David Howard, Christopher N. Mammel, Childress & Zdeb, Ltd., Chicago, IL.

For MOTEL 6 OPERATING L.P., defendant: Edward Henry MacCabe, Maureen Ann McGuire, Anthony Raymond Rutkowski, MacCabe & McGuire, Chicago, IL.

**JUDGES:** Ruben Castillo, Judge, United States District Court.

**OPINION BY:** Ruben Castillo

**OPINION**

**MEMORANDUM OPINION AND ORDER**

Plaintiff, First Health Group Corp. ("First Health"), filed a motion pursuant to *Federal Rule of Civil Procedure 59(e)* asking this Court to reconsider its order dismissing the lawsuit with prejudice and denying First Health's motion to enjoin Defendant, Motel 6 Operating L.P. ("Motel 6"), from prosecuting its action in Texas. We deny motion to reconsider for the following reasons.

**STATEMENT OF FACTS**

After fruitless mediation efforts to settle various contract disputes between the parties, on January 27, 2000, Motel 6 filed suit against First Health in Texas state court for breach of contract. Less than an hour and a half later that same day, First Health filed suit in this Court seeking declaratory [*2] relief and damages for breach of contract. On March 13, 2000, First Health removed the Texas state action to Texas federal court. Three days later, we dismissed First Health's suit with prejudice and denied its motion to enjoin Motel 6 from prosecuting similar claims in Texas. (R. 8, Min. Order of Mar. 16, 2000.)

**LEGAL STANDARDS**

[HN1] Although motions for reconsideration are not explicitly authorized by the Federal Rules of Civil Procedure, courts apply *Rule 59(e)* standards to these motions. *See, e.g., Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 n.9 (N.D. Ill. 1988)*. But the Seventh Circuit has repeatedly cautioned that "[HN2] motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)* (quotation omitted); *see also Publishers Resource, Inc. v. Walker-Davis Publications, Inc., 762 F.2d 557, 561 (7th Cir. 1985)*. More recently, the Seventh Circuit observed that [HN3] a motion for reconsideration performs a valuable function where "the Court has patently misunderstood a party, [*3] or has made a decision outside the adversarial issues presented to the Court by

the parties, or has made an error not of reasoning but of apprehension. . . . Such problems rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)* (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)*). It remains true, however, that "[HN4] motions to reconsider are not at the disposal of parties who want to 'rehash' old arguments," and such motions are not appropriate vehicles for tendering new legal theories for the first time. *In re Oil Spill by the "Amoco Cadiz," 794 F. Supp. 261, 267 (N.D. Ill. 1992), aff'd, 4 F.3d 997 (7th Cir. 1993)* (unpublished).

As the above standards indicate, these motions should not be routinely filed by parties who have been adversely impacted by our orders. "This Court, just like the National Football League, has done away with the concept of 'instant replay.'" *Jefferson v. Security Pac. Fin. Servs., Inc., 162 F.R.D. 123, 125 (N.D. Ill. 1995)*. Unless parties [*4] can reasonably argue that the Court made a manifest error of law, misapprehended the facts, or that the law has changed, their energies would be better spent pursuing their arguments on appeal. As we have stated before, filing a motion to reconsider should not be a "Pavlovian Response" to an adverse ruling. *See, e.g., California Ins. Co. v. Liberty Mut. Ins. Co., 930 F. Supp. 317, 319 (N.D. Ill. 1996)*.

**ANALYSIS**

First Health has not satisfied the legal standards for reconsideration. First Health does not demonstrate a manifest error of law, a change in the law, or a misapprehension of the facts. Additionally, First Health's advocacy for a narrow reading of *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, is misguided and unconvincing. *819 F.2d 746 (7th Cir. 1987)*.

First, First Health asks us to limit the application of *Tempco* to cases brought solely for declaratory relief. Essentially, First Health maintains that, because its complaint contains a breach of contract count in addition to a request for declaratory relief, the *Tempco* decision is fundamentally different than that involved here. We disagree. The policy driving the *Tempco* [*5] court was to avoid unseemly races to the courthouse and numerous identical and unnecessary lawsuits. *Id. at 750*. The court in *Tempco* refused to sanction the use of declaratory judgment actions to secure a desired forum in the face of an imminent coercive action. *Id. at 749-50*. We in turn refuse to sanction First Health's strategy of attaching a flimsy contract claim to a declaratory judgment claim in an attempt to avoid the *Tempco* decision. This case involves the same parties, is based on the same transactions, and alleges the same facts as the litigation currently pending in Texas federal court. Nothing precludes First Health from asserting its contract claim in the Texas action. Having two concurrent lawsuits involving the same issues in separate federal courts is a waste of judicial resources. First Health has not in any way convinced us that we should depart from the generally (but not rigidly) applied "first to file" rule.

We are likewise unmoved by First Health's contention that by being the first to file in a federal forum, it should have the choice of where to litigate. Not only does First Health fail to offer a shred of legal support [*6] for this position, it also neglects to present any legitimate reason we might want to follow it -- probably because there is no such reason. The omission is especially glaring considering that the lawsuit alleges state law violations. This country from the beginning has recognized that federal and state courts are co-equals, and further that state courts are fully as capable of resolving lawsuit as are federal courts. This strong tradition of comity between the judicial systems dictates rejecting a "first to file in federal court" rule.

Even if we were minimally inclined to adopt a "first to file in federal court" rule, which we are not, First Health still loses. Motel 6 was the first to file its lawsuit, albeit in state court. As soon as it was served, First Health removed that action to federal court. "[HN5] After removal, a federal court acquires full and exclusive jurisdiction over the litigation. The removed case proceeds according to the Federal Rules of Civil Procedure and is treated as though it had been commenced originally in federal court." *Manufacturers Hanover Trust Co. v. Palmer Corp., 798 F. Supp. 161, 166 (S.D.N.Y. 1992)* (*quoting* 14A Wright, Miller & [*7] Cooper, Federal Practice and Procedure § 3738 at 556-57 (1985)). Based on this reasoning, Motel 6's suit, when removed to federal court, must be treated as though it started in federal court as of the date it was filed in state court. Therefore, even under a "first to file in federal court" rule, the Texas district court obtained jurisdiction over this action first.

Finally, First Health argues that Illinois is a better forum in which to litigate this dispute and asks us to

transfer the case. (R. 9., Motion to Reconsider Dismissal with Prejudice and to Reconsider the Motion to Enjoin at 8.) However, such a transfer decision is not for us to make. [HN6] Transfer motions should be addressed to the sending court, not the potential receiving court. The statute makes this order of proceedings clear: "a district court may transfer any civil action to any other district or division where it might have been brought." *28 U.S.C.A. § 1404 (a)*. We are in no position to order the Texas court to transfer the case to Illinois. Moreover, the underlying facts of this dispute are all centered in Texas and, therefore, it seems appropriate that a Texas court resolve the dispute.

[*8] **CONCLUSION**

For these reasons, we deny First Health's motion to reconsider our order dismissing this case with prejudice, (R. 9-1), and its motion to enjoin, (R.9-2).

**Entered:**

**Judge Ruben Castillo**

**United States District Court**

   **Date: July 14, 2000**