**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

_____
)
)
FELLOWES, INC.,                                       )
)          **Civil Action No.: 07 C 7237**
Plaintiff,                       )          **District Judge: Korcoras**
)          **Magistrate Judge: Keys**
vs.                                          )
)          **JURY TRIAL REQUESTED**
AURORA CORPORATION OF AMERICA,       )
)
and,                                     )
)
AURORA OFFICE EQUIPMENT, LTD.             )
)
Defendants.                    )
_____)

### FIRST AMENDED COMPLAINT

Plaintiff, FELLOWES, INC. ("FELLOWES") alleges as follows:

### PARTIES

1.      Plaintiff FELLOWES is a corporation organized and existing under the laws of

the state of Illinois, with a principal place of business located at 1789 Norwood Avenue, Itasca,

Illinois, 60143.

2.      On information and belief, Defendant AURORA OFFICE EQUIPMENT CO,

LTD. ("AURORA OFFICE EQUIPMENT") is a corporation existing under the laws of China

with a principal place of business at 388 Jianxin Road, Jiading District, 200000 Shanghai, China.

3.      On information and belief, AURORA CORPORATION OF AMERICA

("AURORA AMERICA") is a corporation existing under the laws of Delaware, with a principal

place of business at 3500 Challenger Street, Torrance, CA 90503.

## Jurisdiction And Venue

4.      This is an action for patent infringement arising under the United States patent laws, 35 U.S.C. §§ 1 *et seq.*

5.      This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*

6.      This Court has personal jurisdiction over Defendants because each has committed acts giving rise to this action within Illinois and this judicial district and has established minimum contacts within the forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.  This Court has personal jurisdiction over Defendants pursuant to 735 ILCS 5/2-209 and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

7.      Venue properly lies in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b), 1391(c), and 1400(b), because each Defendant has committed acts within this judicial district giving rise to this action, and each Defendant "resides" in this District as it is subject to personal jurisdiction in this District.  Venue is also appropriate because Defendants do business in this judicial district, including one or more of the infringing acts of offering for sale, selling, using infringing products, or providing service and support to Defendants' customers in this District and they do so through established distribution channels.

8.      AURORA OFFICE EQUIPMENT has established contacts with the forum and purposefully availed itself of this jurisdiction by committing and continuing to commit acts of patent infringement, or inducing or contributing to others doing the same, in the Northern District of Illinois.

9.      AURORA AMERICA has established contacts with the forum and purposefully availed itself of this jurisdiction by committing and continuing to commit acts of patent infringement, or inducing or contributing to others doing the same, in the Northern District of Illinois.

### PATENTS-IN-SUIT

10.      On December 25, 2007, United States Patent No. 7,311,276 ("the '276 Patent") entitled "Shredder with Proximity Sensing System" was issued by the United States Patent and Trademark Office.

11.      A copy of the '276 Patent is attached as **Exhibit A**.

12.      The '276 Patent is assigned to FELLOWES, and has been at all relevant times. FELLOWES is the owner of the '276 Patent.

13.      On May 9, 2006, United States Patent No. 7,040,559 ("the '559 Patent") entitled "Shredder With Lock For On/Off Switch" was issued by the United States Patent and Trademark Office.

14.      A copy of the '559 Patent is attached as **Exhibit B**.

15.      The '559 Patent is assigned to FELLOWES, and has been at all relevant times. FELLOWES is the owner of the '559 Patent.

16.      On March 18. 2008, U.S. Patent No. 7,344,096 ("the '096 Patent") entitled "Shredder With Lock for On/Off Switch" was issued by the United States Patent and Trademark Office.

17.      A copy of the '096 Patent is attached as **Exhibit C**.

18.      The '096 Patent is assigned to FELLOWES, and has been at all relevant times. FELLOWES is the owner of the '096 Patent.

## FACTS

19.     On information and belief, AURORA OFFICE EQUIPMENT manufactures and/or has manufactured shredders covered by the '276 patent.

20.     On information and belief, AURORA OFFICE EQUIPMENT manufactures or has manufactured shredders covered by the '559 patent.

21.     On information and belief, AURORA OFFICE EQUIPMENT manufactures or has manufactured shredders covered by the '096 patent.

22.     On information and belief, AURORA OFFICE EQUIPMENT sells or offers for sale, or imports, and/or has sold, offered for sale, or imported, in or into the United States, shredders infringing the '276 patent.

23.     On information and belief, AURORA OFFICE EQUIPMENT sells or offers for sale, or imports, and/or has sold, offered for sale, or imported, in or into the United States, shredders infringing the '559 patent.

24.     On information and belief, AURORA OFFICE EQUIPMENT sells or offers for sale, or imports, and/or has sold, offered for sale, or imported, in or into the United States, shredders infringing the '096 patent.

25.     On information and belief, AURORA OFFICE EQUIPMENT has knowingly induced and/or contributed, and/or is knowingly inducing and/or contributing, to the direct infringement of the '276 patent.

26.     On information and belief, AURORA OFFICE EQUIPMENT has knowingly induced and/or contributed, and/or is knowingly inducing and/or contributing, to the direct infringement of the '559 patent.

27.    On information and belief, AURORA OFFICE EQUIPMENT has knowingly induced and/or contributed, and/or is knowingly inducing and/or contributing, to the direct infringement of the '096 patent.

28.    On information and belief, AURORA AMERICA sells or offers for sale or imports, and/or has sold, offered for sale, or imported, in or into the United States, shredders infringing the '276 patent.

29.    On information and belief, AURORA AMERICA sells or offers for sale, or imports, and/or has sold, offered for sale, or imported, in or into the United States, shredders infringing the '559 patent.

30.    On information and belief, AURORA AMERICA sells or offers for sale, or imports, and/or has sold, offered for sale, or imported, in or into the United States, shredders infringing the '096 patent.

31.    On information and belief, AURORA AMERICA has knowingly induced and/or contributed, and/or is knowingly inducing and/or contributing, to the direct infringement of the '276 patent.

32.    On information and belief, AURORA AMERICA has knowingly induced and/or contributed, and/or is knowingly inducing and/or contributing, to the direct infringement of the '559 patent.

33.    On information and belief, AURORA AMERICA has knowingly induced and/or contributed, and/or is knowingly inducing and/or contributing, to the direct infringement of the '096 patent.

34.    On information and belief, AURORA AMERICA is at least one of the sales agents for AURORA OFFICE EQUIPMENT in the United States

35.    On information and belief, AURORA AMERICA is responsible for the promotion and/or sales of shredders in the United States that are manufactured by AURORA OFFICE EQUIPMENT.

36.    On information and belief, AURORA AMERICA is at least one of the sales agents for AURORA OFFICE EQUIPMENT in the United States and is responsible for the promotion and/or sales in the United States of shredders manufactured by AURORA OFFICE EQUIPMENT that infringe the '276 patent, the '559 patent and/or the '096 patent.


### *The AS1019CS Shredder*

37.    On information and belief, AURORA AMERICA manufactures or causes the manufacture of the Aurora AS1019CS shredder ("the AS1019CS Shredder").

38.    Attached at **Exhibit D** is a true and accurate copy of an instruction manual for the AS1019CS Shredder.

39.    The Aurora AS1019CS shredder has a feature called Touch Guard Safety Protection Technology ("TouchGuard").

40.    Page 2 of the Instruction Manual at **Exhibit D** states the following: "Touch Guard™ Safety Protection Technology is featured on this paper shredder. (Figure 3)  When powered on, the paper shredder automatically stops shredding when the metallic strip located in the feed slot is touched.  This only occurs when in contact with the human touch or pets and is not affected by regular inanimate objects."

41.    The TouchGuard sensor in the AS1019CS Shredder is a proximity sensor.

42.    The TouchGuard sensor in the AS1019CS Shredder can discriminate between paper and humans or animals.

43.     The TouchGuard sensor in the AS1019CS Shredder includes an electroconductive sensor element adjacent an opening on its housing.

44.     The TouchGuard sensor in the AS1019CS Shredder is configured to indicate a presence of a person or animal, but not a presence of paper or an optical disc, in proximity to an opening on its housing.

45.     The TouchGuard sensor in the AS1019CS Shredder detects an inherent electrical characteristic of the person or animal with an electroconductive sensor element.

46.     The TouchGuard sensor in the AS1019CS Shredder includes a controller operable to disable the shredder's cutter elements responsive to the presence of the person or animal indicated by the TouchGuard sensor.  The cutter elements are disabled by disabling power to the motor.

47.     The TouchGuard sensor in the AS1019CS Shredder detects a capacitance between an electroconductive sensor element and a person or animal.

48.     The TouchGuard sensor in the AS1019CS Shredder includes an electroconductive element in the form of a thin metal member adhered to a portion of the housing adjacent an opening.

49.     The AS1019CS Shredder has an on/off switch.

50.     The on/off switch on the AS1019CS Shredder is on the exterior of the housing.

51.     The on/off switch on the AS1019CS Shredder is electrically coupled to a motor of a shredder mechanism.

52.     The AS1019CS Shredder includes a switch lock.

400780511v1

53.     The AS1019CS Shredder includes a switch lock movable between (a) a locking position wherein a switch is locked in the off position and (b) a releasing position wherein the switch is released for movement from an off position.

54.     The AS1019CS Shredder includes a switch lock that includes a manually engageable portion.

55.     The AS1019CS Shredder includes a switch lock that includes a manually engageable portion provided on the exterior of a housing.

56.     The AS1019CS Shredder includes a switch lock that includes a manually engageable portion that is manually movable by a user's hand to move the switch lock between locking and releasing positions.

57.     The AS1019CS Shredder includes an on/off switch that includes a manually engageable portion manually movable by a user's hand between at least (a) an on position wherein the switch enables delivery of electric power to the motor and (b) an off position disabling the delivery of electric power to the motor.


### *The AS1219CD Shredder*

58.     The Aurora AS1219CD shredder ("the AS1219CD Shredder") is a shredder.

59.     The AS1219CD Shredder includes an on/off switch.

60.     The AS1219CD Shredder includes an on/off switch provided on an exterior of a housing.

61.     The AS1219CD Shredder includes an on/off switch that is electrically coupled to a motor of a shredder mechanism.

62.     The AS1219CD Shredder includes an on/off switch that includes a manually engageable portion manually movable by a user's hand between at least (a) an on position wherein the switch enables delivery of electric power to the motor and (b) an off position disabling the delivery of electric power to the motor.

63.     The AS1219CD Shredder includes a switch lock.

64.     The AS1219CD Shredder includes a switch lock movable between (a) a locking position wherein a switch is locked in the off position and (b) a releasing position wherein the switch is released for movement from an off position.

65.     The AS1219CD Shredder includes a switch lock that includes a manually engageable portion.

66.     The AS1219CD Shredder includes a switch lock that includes a manually engageable portion provided on the exterior of a housing.

67.     The AS1219CD Shredder includes a switch lock that includes a manually engageable portion that is manually movable by a user's hand to move the switch lock between locking and releasing positions.


***The AS1225CD Shredder***

68.     The Aurora AS1225CD shredder ("the AS1225CD Shredder") is a shredder.

69.     The AS1225CD Shredder includes an on/off switch.

70.     The AS1225CD Shredder includes an on/off switch provided on an exterior of a housing.

71.     The AS1225CD Shredder includes an on/off switch that is electrically coupled to a motor of a shredder mechanism.

72.    The AS1225CD Shredder includes an on/off switch that includes a manually engageable portion manually movable by a user's hand between at least (a) an on position wherein the switch enables delivery of electric power to the motor and (b) an off position disabling the delivery of electric power to the motor.

73.    The AS1225CD Shredder includes a switch lock.

74.    The AS1225CD Shredder includes a switch lock movable between (a) a locking position wherein a switch is locked in the off position and (b) a releasing position wherein the switch is released for movement from an off position.

75.    The AS1225CD Shredder includes a switch lock that includes a manually engageable portion.

76.    The AS1225CD Shredder includes a switch lock that includes a manually engageable portion provided on the exterior of a housing.

77.    The AS1225CD Shredder includes a switch lock that includes a manually engageable portion that is manually movable by a user's hand to move the switch lock between locking and releasing positions.


### Sales, Offers for Sale and Importation of the AS1219CD, AS1225CD and/or AS1019CS Shredders

78.    On information and belief, AURORA OFFICE EQUIPMENT manufactures, has manufactured, and/or causes or has caused the manufacture of the AS1219CD, AS1225CD and/or AS1019CS Shredders.

79.    AURORA OFFICE EQUIPMENT obtained from Underwriter's Laboratories UL Certificate E237840 for approval of sales in the United States of various shredders manufactured by AURORA OFFICE EQUIPMENT, including the AS1219CD, AS1225CD and/or AS1019CS

Shredders.  The AS1219CD, AS1225CD and/or AS1019CS Shredders sold or offered for sale in the United States currently or in the past are marked with that UL Certificate number.

80.    On information and belief, AURORA OFFICE EQUIPMENT sells and/or has sold the AS1219CD, AS1225CD and/or AS1019CS Shredders in the United States.

81.    On information and belief, AURORA OFFICE EQUIPMENT offers and/or has offered the AS1219CD, AS1225CD and/or AS1019CS Shredders for sale in the United States.

82.    On information and belief, AURORA OFFICE EQUIPMENT imports and/or has imported the AS1219CD, AS1225CD and/or AS1019CS Shredders into the United States.

83.    On information and belief, AURORA OFFICE EQUIPMENT receives purchase orders originating from the United States for the AS1219CD, AS1225CD and/or AS1019CS Shredders, accepts those purchase orders, and delivers or causes delivery of AS1219CD, AS1225CD and/or AS1019CS Shredders under such purchase orders, and/or has done so in the past.

84.    On information and belief, AURORA AMERICA sells and/or has sold the AS1219CD, AS1225CD and/or AS1019CS Shredders in the United States.

85.    On information and belief, AURORA AMERICA offers and/or has offered the AS1219CD, AS1225CD and/or AS1019CS Shredders for sale in the United States.

86.    On information and belief, AURORA AMERICA imports and/or has imported the AS1219CD, AS1225CD and/or AS1019CS Shredders into the United States.

87.    On information and belief, AURORA AMERICA receives purchase orders originating from the United States for the AS1219CD, AS1225CD and/or AS1019CS Shredders, accepts those purchase orders, and delivers or causes delivery of AS1219CD, AS1225CD and/or AS1019CS Shredders under such purchase orders, and/or has done so in the past.

88.     The AS1219CD, AS1225CD and/or AS1019CS Shredders are and/or have been sold in the United States.

89.     The AS1219CD, AS1225CD and/or AS1019CS Shredders are and/or have been offered for sale in the United States.

90.     The AS1219CD, AS1225CD and/or AS1019CS Shredders are and/or have been imported into the United States.

91.     AURORA AMERICA is or has been AURORA OFFICE EQUIPMENT'S sales agent in the United States, responsible for the promotion and/or sales of the AS1219CD, AS1225CD and/or AS1019CS Shredders.

92.     The AS1219CD, AS1225CD and/or AS1019CS Shredders are sold and/or have been offered for sale at Wal-Mart® stores in the United States.

93.     On information and belief, AURORA OFFICE EQUIPMENT is aware and/or has been aware that the AS1219CD, AS1225CD and/or AS1019CS Shredders are sold or offered for sale at Wal-Mart® stores in the United States.

94.     On information and belief, AURORA OFFICE EQUIPMENT intends and/or has intended for Wal-Mart® to sell or offer for sale the AS1219CD, AS1225CD and/or AS1019CS Shredders at Wal-Mart® stores in the United States.

95.     On information and belief, AURORA OFFICE EQUIPMENT sells and/or has sold the AS1219CD, AS1225CD and/or AS1019CS Shredders to Wal-Mart® in the United States.

96.     On information and belief, AURORA AMERICA is aware and/or has been aware that the AS1219CD, AS1225CD and/or AS1019CS Shredders are sold or offered for sale at Wal-Mart® stores in the United States.

97.    On information and belief, AURORA AMERICA intends and/or has intended for Wal-Mart® to sell or offer for sale the AS1219CD, AS1225CD and/or AS1019CS Shredders at Wal-Mart® stores in the United States.

98.    On information and belief, AURORA AMERICA sells and/or has sold the AS1219CD, AS1225CD and/or AS1019CS Shredders to Wal-Mart® in the United States.

### The Defendant's Knowledge of Fellowes' IP Rights

99.    Attached at **Exhibit E** is a true and accurate letter from Fellowes' counsel to AURORA AMERICA, which AURORA AMERICA received.

100.    The letter attached at **Exhibit E** alleged infringement of the '559 patent by the AS1219CD Shredder and put at least AURORA AMERICA on notice of the '559 patent.

101.    On information or belief, AURORA OFFICE EQUIPMENT was on notice of the letter attached at **Exhibit E** through an agency or other relationship with AURORA AMERICA.

102.    The letter attached at **Exhibit E**, among other things, put at least AURORA AMERICA on notice under 35 U.S.C. §154(d) of US Patent Publication No. 2006-0157601 A1 (attached at **Exhibit F** – "the '601 publication"), which is the published application that eventually issued as the '096 patent, with respect to shredders using a lock for its on/off switch.

103.    The invention claimed in the '601 publication is substantially identical to the invention claimed in the '096 patent.

104.    On information and belief, AURORA AMERICA sold, offered for sale, and/or imported the invention claimed in the '601 publication in the United States after receiving the letter at **Exhibit E**, including but not limited to the AS1219CD, AS1225CD and/or AS1019CS Shredders.

105.    On information and belief, AURORA OFFICE EQUIPMENT was on notice of the letter attached at **Exhibit E** by virtue of an agency or other relationship with AURORA AMERICA, and sold, offered for sale, and/or imported the invention claimed in the '601 publication in the United States after receiving the letter at **Exhibit E** , including but not limited to the AS1219CD, AS1225CD and/or AS1019CS Shredders.

106.    Attached at **Exhibit G** is a true and accurate letter from Fellowes' counsel to AURORA AMERICA'S counsel, Donn Harms, Esq., which Mr. Harms received on behalf of AURORA AMERICA.

107.    The letter attached at **Exhibit G**, among other things, put at least AURORA AMERICA on notice under 35 U.S.C. §154(d) of US Patent Publication No. 2006-0054724 A1 (attached at **Exhibit H** – "the '724 publication"), which is the published application that eventually issued as the '276 patent, with respect to shredders using its TouchGuard sensor.

108.    The invention claimed in the '724 publication is substantially identical to the invention claimed in the '276 patent.

109.    On information and belief, AURORA AMERICA sold, offered for sale, and/or imported the invention claimed in the '724 publication in the United States after receiving the letter at **Exhibit G**, including but not limited to the AS1019CS Shredder.

110.    On information and belief, AURORA OFFICE EQUIPMENT was on notice of the letter attached at **Exhibit G** by virtue of an agency or other relationship with AURORA AMERICA, and sold, offered for sale, and/or imported the invention claimed in the '724 publication in the United States after receiving the letter at **Exhibit G**, including but not limited to the AS1019CS Shredder.

### COUNT I – PATENT INFRINGEMENT OF U.S. PATENT NO. 7,040,559
### (AGAINST BOTH DEFENDANTS)

400780511v1

111.    FELLOWES incorporates paragraphs 1 through 110 above by this reference, as though fully set forth herein.

112.    AURORA AMERICA'S conduct with respect to the AS1019CS Shredder, the AS1219CD Shredder, the AS1225CD Shredder and/or any other shredder covered by at least one valid claim of the '559 patent has directly infringed, contributorily infringed, and/or actively induced infringement of the '559 Patent.

113.    On information and belief, such infringement of the '559 Patent by AURORA AMERICA will continue unless enjoined by this Court.

114.    AURORA OFFICE EQUIPMENT'S conduct with respect to the AS1019CS Shredder, the AS1219CD Shredder, the AS1225CD Shredder and/or any other shredder covered by at least one valid claim of the '559 patent has directly infringed, contributorily infringed, and/or actively induced infringement of the '559 Patent.

115.    On information and belief, such infringement of the '559 Patent by AURORA OFFICE EQUIPMENT will continue unless enjoined by this Court.

116.    As a consequence of the Defendants' infringement complained of herein, FELLOWES has been damaged and will continue to sustain damages by such acts in an amount to be determined at trial and will continue to suffer irreparable loss and injury.

### COUNT II – PATENT INFRINGEMENT OF U.S. PATENT NO. 7,311,276
### (AGAINST BOTH DEFENDANTS)

117.    FELLOWES incorporates paragraphs 1 through 116 above by this reference, as though fully set forth herein.

118.    AURORA AMERICA'S conduct with respect to the AS1019CS Shredder, any other shredder with its TouchGuard sensor and/or any other shredder covered by at least one

valid claim of the '276 patent is directly infringing, contributorily infringing, and/or actively inducing infringement of the '276 Patent.

119.    AURORA AMERICA'S conduct with respect to the AS1019CS Shredder, any other shredder with its TouchGuard sensor and/or any other shredder covered by at least one valid claim of the '276 patent and a claim published in the '724 application entitles FELLOWES to a royalty under 35 U.S.C. §154(d).

120.    On information and belief, such infringement of the '276 Patent by AURORA AMERICA will continue unless enjoined by this Court.

121.    AURORA OFFICE EQUIPMENT'S conduct with respect to the AS1019CS Shredder, any other shredder with its TouchGuard sensor and/or any other shredder covered by at least one valid claim of the '276 patent is directly infringing, contributorily infringing, and/or actively inducing infringement of the '276 Patent.

122.    AURORA OFFICE EQUIPMENT'S conduct with respect to the AS1019CS Shredder, any other shredder with its TouchGuard sensor and/or any other shredder covered by at least one valid claim of the '276 patent and a claim published in the '724 application entitles FELLOWES to a royalty under 35 U.S.C. §154(d).

123.    On information and belief, such infringement of the '276 Patent by AURORA OFFICE EQUIPMENT will continue unless enjoined by this Court.

124.    As a consequence of the Defendants' infringement complained of herein, FELLOWES will sustain damages by such acts in an amount to be determined at trial and will suffer irreparable loss and injury.

## COUNT III – PATENT INFRINGEMENT OF U.S. PATENT NO. 7,344,096
### (AGAINST BOTH DEFENDANTS)

125.    FELLOWES incorporates paragraphs 1 through 124 above by this reference, as though fully set forth herein.

126.    AURORA AMERICA'S conduct with respect to the AS1019CS Shredder, the AS1219CD Shredder, the AS1225CD Shredder, and/or any other shredder covered by at least one valid claim of the '096 patent is directly infringing, contributorily infringing, and/or actively inducing infringement of the '096 Patent.

127.    AURORA AMERICA'S conduct with respect to the AS1019CS Shredder, the AS1219CD Shredder, the AS1225CD Shredder, and/or any other shredder covered by at least one valid claim of the '096 patent and a claim published in the '601 application entitles FELLOWES to a royalty under 35 U.S.C. §154(d).

128.    On information and belief, such infringement of the '096 Patent by AURORA AMERICA will continue unless enjoined by this Court.

129.    AURORA OFFICE EQUIPMENT'S conduct with respect to the AS1019CS Shredder, the AS1219CD Shredder, the AS1225CD Shredder, and/or any other shredder covered by at least one valid claim of the '096 patent is directly infringing, contributorily infringing, and/or actively inducing infringement of the '096 Patent.

130.    AURORA OFFICE EQUIPMENT'S conduct with respect to the AS1019CS Shredder, the AS1219CD Shredder, the AS1225CD Shredder and/or any other shredder covered by at least one valid claim of the '096 patent and a claim published in the '601 application entitles FELLOWES to a royalty under 35 U.S.C. §154(d).

131.    On information and belief, such infringement of the '096 Patent by AURORA OFFICE EQUIPMENT will continue unless enjoined by this Court.

132.    As a consequence of the Defendants' infringement complained of herein, FELLOWES will sustain damages by such acts in an amount to be determined at trial and will suffer irreparable loss and injury.

## PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, FELLOWES respectfully requests judgment and relief as follows:

(a)    Pursuant to 35 U.S.C. § 271, a determination that AURORA AMERICA has directly infringed, contributorily infringed, and/or actively induced infringement of the '276 Patent;

(b)    Pursuant to 35 U.S.C. § 271, a determination that AURORA AMERICA has directly infringed, contributorily infringed, and/or actively induced infringement of the '559 Patent;

(c)    Pursuant to 35 U.S.C. § 271, a determination that AURORA AMERICA has directly infringed, contributorily infringed, and/or actively induced infringement of the '096 Patent;

(d)    Pursuant to 35 U.S.C. § 283, an order that AURORA AMERICA and those in privity with AURORA AMERICA be preliminarily and permanently enjoined from infringing the '276 Patent through the manufacture, use, import, offer for sale, and/or sale of infringing shredders, and/or inducing or contributing to such infringement;

(e)    Pursuant to 35 U.S.C. § 283, an order that AURORA AMERICA and those in privity with AURORA AMERICA be preliminarily and permanently enjoined from infringing

400780511v1

the '559 Patent through the manufacture, use, import, offer for sale, and/or sale of infringing

shredders, and/or inducing or contributing to such infringement;

(f)     Pursuant to 35 U.S.C. § 283, an order that AURORA AMERICA and those in

privity with AURORA AMERICA be preliminarily and permanently enjoined from infringing

the '096 Patent through the manufacture, use, import, offer for sale, and/or sale of infringing

shredders, and/or inducing or contributing to such infringement;

(g)     Pursuant to 35 U.S.C. § 284, an award of damages against AURORA AMERICA

adequate to compensate FELLOWES for infringement of the '276 Patent, but in no event less

than a reasonable royalty, together with prejudgment interest, costs and disbursements as fixed

by the Court;

(h)     Pursuant to 35 U.S.C. § 284, an award of damages against AURORA AMERICA

adequate to compensate FELLOWES for infringement of the '559 Patent, but in no event less

than a reasonable royalty, together with prejudgment interest, costs and disbursements as fixed

by the Court;

(i)     Pursuant to 35 U.S.C. § 284, an award of damages against AURORA AMERICA

adequate to compensate FELLOWES for infringement of the '096 Patent, but in no event less

than a reasonable royalty, together with prejudgment interest, costs and disbursements as fixed

by the Court;

(j)     A royalty pursuant to 35 U.S.C. § 154(d) against AURORA AMERICA with

respect to the '724 publication;

(k)     A royalty pursuant to 35 U.S.C. § 154(d) against AURORA AMERICA with

respect to the '601 publication;

(l)    Pursuant to 35 U.S.C. § 285, a determination that this is an exceptional case and an assessment of reasonable attorneys' fees against AURORA AMERICA;

(m)    Pursuant to 35 U.S.C. § 271, a determination that AURORA OFFICE EQUIPMENT has directly infringed, contributorily infringed, and/or actively induced infringement of the '276 Patent;

(n)    Pursuant to 35 U.S.C. § 271, a determination that AURORA OFFICE EQUIPMENT has directly infringed, contributorily infringed, and/or actively induced infringement of the '559 Patent;

(o)    Pursuant to 35 U.S.C. § 271, a determination that AURORA OFFICE EQUIPMENT has directly infringed, contributorily infringed, and/or actively induced infringement of the '096 Patent;

(p)    Pursuant to 35 U.S.C. § 283, an order that AURORA OFFICE EQUIPMENT and those in privity with AURORA OFFICE EQUIPMENT be preliminarily and permanently enjoined from infringing the '276 Patent through the manufacture, use, import, offer for sale, and/or sale of infringing shredders, and/or inducing or contributing to such infringement;

(q)    Pursuant to 35 U.S.C. § 283, an order that AURORA OFFICE EQUIPMENT and those in privity with AURORA OFFICE EQUIPMENT be preliminarily and permanently enjoined from infringing the '559 Patent through the manufacture, use, import, offer for sale, and/or sale of infringing shredders, and/or inducing or contributing to such infringement;

(r)    Pursuant to 35 U.S.C. § 283, an order that AURORA OFFICE EQUIPMENT and those in privity with AURORA OFFICE EQUIPMENT be preliminarily and permanently enjoined from infringing the '096 Patent through the manufacture, use, import, offer for sale, and/or sale of infringing shredders, and/or inducing or contributing to such infringement;

(s)     Pursuant to 35 U.S.C. § 284, an award of damages against AURORA OFFICE EQUIPMENT adequate to compensate FELLOWES for infringement of the '276 Patent, but in no event less than a reasonable royalty, together with prejudgment interest, costs and disbursements as fixed by the Court;

(t)     Pursuant to 35 U.S.C. § 284, an award of damages against AURORA OFFICE EQUIPMENT adequate to compensate FELLOWES for infringement of the '559 Patent, but in no event less than a reasonable royalty, together with prejudgment interest, costs and disbursements as fixed by the Court;

(u)     Pursuant to 35 U.S.C. § 284, an award of damages against AURORA OFFICE EQUIPMENT adequate to compensate FELLOWES for infringement of the '096 Patent, but in no event less than a reasonable royalty, together with prejudgment interest, costs and disbursements as fixed by the Court;

(v)     A royalty pursuant to 35 U.S.C. § 154(d) against AURORA OFFICE EQUIPMENT with respect to the '724 publication;

(w)     A royalty pursuant to 35 U.S.C. § 154(d) against AURORA OFFICE EQUIPMENT with respect to the '601 publication;

(x)     Pursuant to 35 U.S.C. § 285, a determination that this is an exceptional case and an assessment of reasonable attorneys' fees against AURORA OFFICE EQUIPMENT;

(y)     An award of pre- and post-judgment interest as permitted; and

(z)     Such other and further relief as the Court deems equitable and just.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues.

400780511v1

Dated:  March 27, 2008

FELLOWES, INC.

By its Attorneys,


s/Peter J. Shakula
Peter J. Shakula (ID No. 06204370)
pjshakula@woodphillips.com
WOOD PHILLIPS KATZ CLARK & MORTIMER
500 West Madison Street
Suite 3800
Chicago, Illinois 60661
(312) 876-1800
*Attorney for Plaintiff,*
FELLOWES, INC.


William Atkins, Esq.
Benjamin L. Kiersz, Esq.
Christopher Dorsey, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
1650 Tysons Blvd.
McLean, VA 22102

400780511v1