**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FELLOWES, INC.,<br><br>           Plaintiff,<br><br> vs.<br><br>AURORA CORP. OF AMERICA,<br><br>       and,<br><br>AURORA OFFICE EQUIPMENT, LTD.<br><br>       Defendants. | **Civil Action No.: 07 C 7237**<br>**District Judge: Charles P. Kocoras**<br>**Magistrate Judge: Arlander Keys**<br><br>**JURY TRIAL REQUESTED** |

Defendant AURORA CORPORATION OF AMERICA ("AURORA") submits the following Answer and Counterclaims to plaintiff FELLOWES, INC.'s ("FELLOWES") claims as pleaded in FELLOWES' First Amended Complaint of March 27, 2008 as follows:

<u>**ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**</u>

<u>**Parties**</u>

1.      AURORA admits the allegations of paragraph 1.

2.      AURORA admits the allegations of paragraph 2.

3.      AURORA admits the allegations of paragraph 3.

<u>**Jurisdiction and Venue**</u>

4.      AURORA admits the allegations of paragraph 4.

5.      AURORA admits the allegations of paragraph 5.

6.      AURORA admits this Court has personal jurisdiction over AURORA.  AURORA otherwise lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 6 and therefore denies such allegations.

7.      AURORA admits that venue is proper in this Court as to AURORA and FELLOWES.  AURORA otherwise lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 7 and therefore denies such allegations.

8.     AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 8 and therefore denies such allegations.

9.     AURORA admits that AURORA established contacts with the forum.  AURORA denies the remaining allegations of paragraph 9.

## Patents-In-Suit

10.     AURORA admits the allegations in paragraph 10.

11.     AURORA admits the allegations in paragraph 11.

12.     AURORA admits the '276 Patent purports to be assigned to FELLOWES. AURORA otherwise lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 12 and therefore denies such allegations.

13.     AURORA admits the allegations of paragraph 13.

14.     AURORA admits the allegations of paragraph 14.

15.     AURORA admits the '559 Patent purports to be assigned to FELLOWES. AURORA otherwise lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 15 and therefore denies such allegations.

16.     AURORA admits the allegations of paragraph 16.

17.     AURORA admits the allegations of paragraph 17.

18.     AURORA admits the '096 Patent purports to be assigned to FELLOWES. AURORA otherwise lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 18 and therefore denies such allegations.

## Facts

19.     AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 19 and therefore denies such allegations.

20.     AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 20 and therefore denies such allegations.

21.     AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 21 and therefore denies such allegations.

22.     AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 22 and therefore denies such allegations.

23.     AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 23 and therefore denies such allegations.

24.     AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 24 and therefore denies such allegations.

25.     AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 25 and therefore denies such allegations.

26.     AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 26 and therefore denies such allegations.

27.     AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 27 and therefore denies such allegations.

28.     AURORA denies the allegations of paragraph 28.

29.     AURORA denies the allegations of paragraph 29.

30.     AURORA denies the allegations of paragraph 30.

31.     AURORA denies the allegations of paragraph 31.

32.     AURORA denies the allegations of paragraph 32.

33.     AURORA denies the allegations of paragraph 33.

34.     AURORA admits that its sells products procured from AURORA OFFICE EQUIPMENT.  AURORA otherwise denies the remaining allegations of paragraph 34.

35.     AURORA admits that it promotes and sells shredders procured from AURORA OFFICE EQUIPMENT.  AURORA otherwise denies the remaining allegations of paragraph 35.

36.     AURORA incorporates by reference its responses to paragraphs 34 and 35. AURORA otherwise denies the remaining allegations of paragraph 36.

### The AS1019CS Shredder

37.     AURORA denies that AURORA manufactures the Aurora AS 101 9CS shredder ("the AS1019CS Shredder").  The phrase "causes the manufacture" is vague and ambiguous and therefore AURORA accordingly denies the remaining allegations of paragraph 37.

38.     AURORA admits the allegations in paragraph 38.

39.     AURORA admits the allegations in paragraph 39.

40.     AURORA admits the allegations in paragraph 40.

41.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 41 and accordingly denies such allegations.

42.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 42 and accordingly denies such allegations.

43.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 43 and accordingly denies such allegations.

44.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 44 and accordingly denies such allegations.

45.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 45 and accordingly denies such allegations.

46.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 46 and accordingly denies such allegations.

47.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 47 and accordingly denies such allegations.

48.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the

Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 48 and accordingly denies such allegations.

49.    This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 49 and accordingly denies such allegations.

50.    This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 50 and accordingly denies such allegations.

51.    This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 51 and accordingly denies such allegations.

52.    This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 52 and accordingly denies such allegations.

53.    This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient

information to form a belief as to the truth or falsity of the allegations in paragraph 53 and accordingly denies such allegations.

54.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 54 and accordingly denies such allegations.

55.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 55 and accordingly denies such allegations.

56.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 56 and accordingly denies such allegations.

57.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 57 and accordingly denies such allegations.

### The AS1219CD Shredder

58.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient

information to form a belief as to the truth or falsity of the allegations in paragraph 58 and accordingly denies such allegations.

59.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 59 and accordingly denies such allegations.

60.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 60 and accordingly denies such allegations.

61.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 61 and accordingly denies such allegations.

62.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 62 and accordingly denies such allegations.

63.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 63 and accordingly denies such allegations.

64.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 64 and accordingly denies such allegations.

65.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 65 and accordingly denies such allegations.

66.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 66 and accordingly denies such allegations.

67.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 67 and accordingly denies such allegations.

### The AS1225CD Shredder

68.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 68 and accordingly denies such allegations.

69.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 69 and accordingly denies such allegations.

70.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 70 and accordingly denies such allegations.

71.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 71 and accordingly denies such allegations.

72.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 72 and accordingly denies such allegations.

73.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 73 and accordingly denies such allegations.

74.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the

Court has yet to issue a claim construction order. Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 74 and accordingly denies such allegations.

75.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit. Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order. Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 75 and accordingly denies such allegations.

76.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit. Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order. Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 76 and accordingly denies such allegations.

77.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit. Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order. Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 77 and accordingly denies such allegations.

**Sales, Offers for Sale and Importation of the AS1219CD, AS1225CD and/or AS1019CS Shredders**

78.     AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 78 and therefore denies such allegations.

79.     AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 79 and therefore denies such allegations.

80.     AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 80 and therefore denies such allegations.

81.     AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 81 and therefore denies such allegations.

82.     AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 82 and therefore denies such allegations.

83.     AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 83 and therefore denies such allegations.

84.     AURORA admits the allegations of paragraph 84.

85.     AURORA admits the allegations of paragraph 85.

86.     AURORA admits the allegations of paragraph 86.

87.     AURORA admits the allegations of paragraph 87.

88.     AURORA admits the allegations of paragraph 88.

89.     AURORA admits the allegations of paragraph 89.

90.     AURORA admits the allegations of paragraph 90.

91.     AURORA admits that it has sold products procured from AURORA OFFICE EQUIPMENT including the AS1219CD, AS1225CD and AS1019CS Shredders.  AURORA otherwise denies the remaining allegations of paragraph 91.

92.     AURORA admits that it sold the AS1219CD and AS1019CS Shredders to Wal-Mart.  AURORA otherwise denies the remaining allegations of paragraph 92.

93.     AURORA admits that it sold the AS1219CD and AS1019CS Shredders to Wal-Mart.  AURORA otherwise denies the remaining allegations of paragraph 93.

94.     AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 94 and therefore denies such allegations.

95.     AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 95 and therefore denies such allegations.

96.     AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 96 and therefore denies such allegations.

97.     AURORA admits that it sold the AS1219CD and AS1019CS Shredders to Wal-Mart.  AURORA otherwise denies the remaining allegations of paragraph 97.

98.     AURORA admits that it sold the AS1219CD and AS1019CS Shredders to Wal-Mart.  AURORA otherwise denies the remaining allegations of paragraph 98.

**The Defendant's Knowledge of Fellowes' IP Rights**

99.     AURORA admits the allegations of paragraph 99.

100.     AURORA admits the letter attached to FELLOWES' Complaint at Exhibit E alleged infringement of the '559 patent by the AS1219CD Shredder.  AURORA lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 100 and therefore denies such allegations.

101.     AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 101 and therefore denies such allegations.

102.     This allegation calls for a legal conclusion and is premature.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 102 and accordingly denies such allegations.

103.     This allegation calls for a legal conclusion and is premature.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 103 and accordingly denies such allegations.

104.     AURORA denies the allegations in paragraph 104.

105.     AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 105 and therefore denies such allegations.

106.     AURORA admits the allegations in paragraph 106.

107.     This allegation calls for a legal conclusion and is premature.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 107 and accordingly denies such allegations.

108.     This allegation calls for a legal conclusion and is premature.  Therefore AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 108 and accordingly denies such allegations.

109.     AURORA denies the allegations in paragraph 109.

110.     AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 110 and therefore denies such allegations.

### Count I - Alleged Patent Infringement of U.S. Patent No. 7,040,559

111.     AURORA incorporates by reference its objections and responses to the allegations in paragraphs 1 through 110 above, as though fully set forth herein.

112.     AURORA denies the allegations in paragraph 112.

113.     AURORA denies the allegations in paragraph 113.

114.     AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 114 and therefore denies such allegations.

115.    AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 115 and therefore denies such allegations.

116.    AURORA denies the allegations in paragraph 116.

### Count II – Alleged Patent Infringement of U.S. Patent No. 7,311,276

117.    AURORA incorporates by reference its objections and responses to the allegations in paragraphs 1 through 116 above, as though fully set forth herein.

118.    AURORA denies the allegations in paragraph 118.

119.    AURORA denies the allegations in paragraph 119.

120.    AURORA denies the allegations in paragraph 120.

121.    AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 121 and therefore denies such allegations.

122.    AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 122 and therefore denies such allegations.

123.    AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 123 and therefore denies such allegations.

124.    AURORA denies the allegations in paragraph 124.

### Count III – Alleged Patent Infringement of U.S. Patent No. 7,344,096

125.    AURORA incorporates by reference its objections and responses to the allegations in paragraphs 1 through 124 above, as though fully set forth herein.

126.    AURORA denies the allegations in paragraph 126.

127.    AURORA denies the allegations in paragraph 127.

128.    AURORA denies the allegations in paragraph 128.

129.    AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 129 and therefore denies such allegations.

130.    AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 130 and therefore denies such allegations.

131.    AURORA lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA OFFICE EQUIPMENT in paragraph 131 and therefore denies such allegations.

132.    AURORA denies the allegations in paragraph 132.

## PRAYER FOR RELIEF

AURORA denies that FELLOWES is entitled to any of the relief it has requested.

## AFFIRMATIVE DEFENSES

AURORA reserves the right to modify, amend, and/or expand upon these defenses as discovery proceeds.  Further responding to the Amended Complaint, AURORA alleges as follows:

## AFFIRMATIVE DEFENSE NO. 1

(No Cause of Action)

1.    The allegations of the Amended Complaint fail to state a claim against AURORA for which relief can be granted.

## AFFIRMATIVE DEFENSE NO. 2

(No Infringement)

2.    AURORA has not and is not infringing any claim of U.S. Patent Nos. 7,040,559 ("the '559 patent"), 7,311,276 ("the '276 patent"), and 7,344,096 ("the '096 patent").

## AFFIRMATIVE DEFENSE NO. 3

(Invalidity)

3.      Each and every claim of the '559, '276, and '096 patents is invalid for failing to meet one or more of the requirements of Title 35 of the United States Code, including §§ 102, 103, and/or 112.

## AFFIRMATIVE DEFENSE NO. 4

(Prosecution History Estoppel)

4.      AURORA has not and is not infringing any claim of the '559 patent, the '276 patent, and the '096 patent at least due to statements, representations, and admissions made to the U.S. Patent and Trademark Office ("PTO") during the prosecution of the applications that matured into the '559, '276, and '096 patents, as well as the prior art that, in part or collectively, constitutes prosecution history estoppel barring FELLOWES from asserting that the claims of the patents encompass or are infringed by any product or activities of AURORA.

## AFFIRMATIVE DEFENSE NO. 5

(Estoppel)

5.      FELLOWES, by its conduct and the conduct of its owners, employees, and agents, is legally and/or equitably estopped from asserting its claims or other rights against AURORA.

## AFFIRMATIVE DEFENSE NO. 6

(Waiver)

6.      FELLOWES, by its conduct and the conduct of its owners, employees, and agents, has waived its claims and other rights against AURORA.

## AFFIRMATIVE DEFENSE NO. 7

(Unclean Hands)

7.      FELLOWES is barred by the equitable doctrine of unclean hands from obtaining the requested relief.

## AFFIRMATIVE DEFENSE NO. 8

(No Costs)

8.      FELLOWES is barred by 35 U.S.C. § 288 from receiving any costs associated with this suit.

## AFFIRMATIVE DEFENSE NO.9

(Laches)

9.      FELLOWES' cause of action against AURORA is barred by the doctrine of laches.

## AFFIRMATIVE DEFENSE NO. 10

(Failure to Mark)

10.      FELLOWES' claim of damages is barred, in whole or in part, to the extent that it failed to mark under 35 U.S.C. § 287.

## COUNTERCLAIMS

### Parties

1.      Counter-claimant AURORA is a corporation existing under the laws of Delaware, with a principal place of business at 3500 Challenger Street, Torrance, CA 90503.

2.      Counter-defendant FELLOWES alleges that it is a corporation organized and existing under the laws of the state of Illinois, with a principal place of business located at 1789 Norwood Avenue, Itasca, Illinois, 60143.

3.      This Court has jurisdiction over AURORA's declaratory judgment counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a), the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. § 101 et seq.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

### COUNTERCLAIM ONE

(Declaratory Judgment of Non-Infringement)

5.      AURORA incorporates by reference the allegations set forth in paragraphs 1–4 as though set forth herein in their entirety.

6.     FELLOWES alleges that it owns the '559, '276, and '096 patents.  FELLOWES alleges that AURORA is infringing, inducing others to infringe, or contributing the infringement of the '559, '276, and '096 patents.

7.     AURORA denies that it has infringed, induced infringement of, or contributed to the infringement of the '559, '276, and '096 patents.

8.     There exists, therefore, an actual and justiciable controversy between AURORA and FELLOWES with respect to the non-infringement of the claims of the '559, '276, and '096 patents.

9.     Accordingly, AURORA hereby seeks entry of a declaratory judgment that it does not infringe any claim of the '559, '276, and '096 patents.

## COUNTERCLAIM TWO

(Declaratory Judgment of Invalidity)

10.    AURORA incorporates by reference the allegations set forth in paragraphs 1-9 as though set forth herein in their entirety.

11.    FELLOWES alleges that the claims of the '559, '276, and '096 patents are valid.

12.    AURORA alleges that the claims of the '559, '276, and '096 patents are invalid for failing to meet one or more of the requirements of Title 35 of the United States Code, including §§ 102, 103, and/or 112.

13.    There exists, therefore, an actual and justiciable controversy between AURORA and FELLOWES with respect to the invalidity of the claims of the '559, '276, and '096 patents.

14.    Accordingly, AURORA hereby seeks entry of a declaratory judgment that the claims of the '559, '276, and '096 patents are invalid.

## COUNTERCLAIM THREE

(Declaratory Judgment of Unenforceability)

15.    AURORA incorporates by reference the allegations set forth in paragraphs 1-14 as though set forth herein in their entirety.

16.     FELLOWES alleges that the claims of the '559, '276, and '096 patents are enforceable.

17.     AURORA alleges that the claims of the '559, '276, and '096 patents are unenforceable.

18.     There exists, therefore, an actual and justiciable controversy between AURORA and FELLOWES with respect to the unenforceability of the claims of the '559, '276, and '096 patents.

19.     Accordingly, AURORA hereby seeks entry of a declaratory judgment that the claims of the '559, '276, and '096 patents are unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, AURORA respectfully requests entry of judgment in its favor and against defendant FELLOWES as follows:

A.     FELLOWES' complaint be dismissed with prejudice;

B.     FELLOWES be ordered to pay costs, disbursements and attorney's fees to AURORA;

C.     FELLOWES' '559, '276, and '096 patents be declared (a) not infringed and (b) invalid and that the '559, '276, and '096 patents be declared unenforceable;

D.     FELLOWES be enjoined from asserting that AURORA, its officers, agents, representatives, stockholders, and/or customers infringe, contributorily infringe, or induce infringement of the '559, '276, and '096 patents;

E.     FELLOWES be enjoined from bringing suit against any officers, agents, representatives, stockholders, and/or customers of AURORA alleging that they infringe, contributorily infringe, or induce infringement of the '559, '276, and '096 patents; and

F.     granting such other and further relief as this Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues.

Date:  <u>April 14, 2008</u>                         Respectfully Submitted,

                                    <u>s/Richard F. Cauley</u>
                                    Richard F. Cauley (SBN: 109194)
                                    rcauley@whglawfirm.com
                                    Franklin E. Gibbs (SBN: 189015)
                                    fgibbs@whglawfirm.com
                                    Regis A. Guerin (SBN 215170)
                                    rguerin@whglawfirm.com
                                    Erick P. Wolf (SBN: 224906)
                                    ewolf@whglawfirm.com
                                    **WANG, HARTMANN, GIBBS & CAULEY, P.C.**
                                    A Professional Law Corporation
                                    1301 Dove Street, Suite 1050
                                    Newport Beach, CA  92660
                                    Telephone:  (949) 833-8483
                                    Facsimile:   (949) 833-2281
                                    AURORA CORP. OF AMERICA

                                    Karl R. Fink
                                    krfink@fitcheven.com
                                    Nicholas T. Peters
                                    ntpete@fitcheven.com
                                    **FITCH, EVEN, TABIN & FLANNERY**
                                    120 South LaSalle Street, Suite 1600
                                    Chicago, Illinois 60603
                                    Telephone: (312) 577-7000
                                    Facsimile: (312) 577-7007

                                    *Counsel for Defendant,*
                                    AURORA CORP. OF AMERICA

<u>Certificate of Service</u>

I hereby certify that on April 14, 2008, a copy of the foregoing ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

***<u>Parties receiving service electronically are as follows</u>***:

Peter J. Shakula – pshakula@woodphillips.com
Attorney of Wood, Phillips, Katz, Clark & Mortimer
**(Counsel for Plaintiff, Fellowes, Inc.)**

William P. Atkins, Esq.- william.atkins@pillsburylaw.com
Attorney of PILLSBURY WINTHROP SHAW PITTMAN, LLP
**(Counsel for Plaintiff, Fellowes, Inc.)**


Date:   April 14, 2008                        s/Richard F. Cauley_____
                                              *One of the Attorneys for Defendant,*
                                              AURORA CORP. OF AMERICA