## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| FELLOWES, INC., )<br><br>Plaintiff, )<br><br>vs. )<br><br>AURORA CORPORATION OF AMERICA, )<br><br>and, )<br><br>AURORA OFFICE EQUIPMENT, LTD. )<br><br>Defendants. ) | **Civil Action No.: 07 C 7237**<br>**District Judge: Korcoras**<br>**Magistrate Judge: Keys**<br><br>**JURY TRIAL REQUESTED** |

### FELLOWES, INC.'S ANSWER TO AURORA CORP. OF AMERICA'S COUNTERCLAIMS

Plaintiff Fellowes, Inc. (hereinafter "Fellowes") hereby responds to the numbered paragraphs of Defendant Aurora Corporation of America's (hereinafter "Aurora America") Counterclaims (hereinafter "Counterclaims") as follows:

Each and every allegation and/or averment of the Counterclaims that are not specifically admitted herein is denied.

### PARTIES

1.     Counter-claimant AURORA is a corporation existing under the laws of Delaware, with a principal place of business at 3500 Challenger Street, Torrance, CA 90503.

**RESPONSE:** Fellowes lacks sufficient information to form a belief as to the truth of the averments in paragraph 1 and therefore must deny them.

2.     Counter-defendant FELLOWES alleges that it is a corporation organized and existing under the laws of the state of Illinois, with a principal place of business located at 1789 Norwood Avenue, Itasca, Illinois, 60143.

**RESPONSE:** Fellowes admits the factual averments of paragraph 2 of Aurora

America's Counterclaims.

3.    This Court has jurisdiction over AURORA's declaratory judgment counterclaims
pursuant to 28 U.S.C. §§ 1331 and 1338(a), the Declaratory Judgment Act, 28 U.S.C. §§ 2201
and 2202, and under the patent laws of the United States, 35 U.S.C. § 101 et seq.

**RESPONSE:** Fellowes admits the factual averments of paragraph 3 of Aurora

America's Counterclaims.

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

**RESPONSE:** Fellowes admits the factual averments of paragraph 4 of Aurora

America's Counterclaims.

## <u>COUNTERCLAIM ONE</u>

(Declaratory Judgment of Non-Infringement)

5.    AURORA incorporates by reference the allegations set forth in paragraphs 1–4 as
though set forth herein in their entirety.

**RESPONSE:** Fellowes incorporates paragraphs 1 through 4 above by this reference, as

though fully set forth herein.

6.    FELLOWES alleges that it owns the '559, '276, and '096 patents. FELLOWES
alleges that AURORA is infringing, inducing others to infringe, or contributing the infringement
of the '559, '276, and '096 patents.

**RESPONSE:** Fellowes admits the factual averments of paragraph 6 of Aurora

America's Counterclaims.

7.    AURORA denies that it has infringed, induced infringement of, or contributed to
the infringement of the '559, '276, and '096 patents.

**RESPONSE:** Fellowes admits that Aurora America denies that it has infringed, induced

infringement of, or contributed to the infringement of the U.S. Patent Nos. 7,040,559, 7,311,276,

and 7,344,096 (collectively "the patents-in-suit"), but denies that Aurora America has not

infringed the patents-in-suit, whether directly, by inducement, or contributorily.

8.    There exists, therefore, an actual and justiciable controversy between AURORA and FELLOWES with respect to the non-infringement of the claims of the '559, '276, and '096 patents.

**RESPONSE:**  Fellowes admits Aurora America alleges that there is an actual and justiciable controversy between Fellowes and Aurora America but denies that Aurora America does not infringe the patents-in-suit.  Fellowes denies the remaining averments of paragraph 8 of Aurora America's Counterclaims.

9.    Accordingly, AURORA hereby seeks entry of a declaratory judgment that it does not infringe any claim of the '559, '276, and '096 patents.

**RESPONSE:**  Fellowes admits that Aurora America purports to seek declaratory judgment in this action, but denies that Aurora America is entitled to declaratory judgment.

## COUNTERCLAIM TWO

(Declaratory Judgment of Invalidity)

10.    AURORA incorporates by reference the allegations set forth in paragraphs 1-9 as though set forth herein in their entirety.

**RESPONSE:**  Fellowes incorporates paragraphs 1 through 9 above by this reference, as though fully set forth herein.

11.    FELLOWES alleges that the claims of the '559, '276, and '096 patents are valid.

**RESPONSE:**  Fellowes admits the factual averments of paragraph 11 of Aurora America's Counterclaims and notes that each of the patents-in-suit are statutorily presumed to be valid.

12.    AURORA alleges that the claims of the '559, '276, and '096 patents are invalid for failing to meet one or more of the requirements of Title 35 of the United States Code, including §§ 102, 103, and/or 112.

**RESPONSE:**  Fellowes admits that Aurora America alleges that the claims of the patents-in-suit are invalid for failing to meet one or more of the requirements of Title 35 of the United States Code, but denies that any claim of the patents-in-suit is invalid, either under Title

35 of the United States Code or otherwise.

13.    There exists, therefore, an actual and justiciable controversy between AURORA and FELLOWES with respect to the invalidity of the claims of the '559, '276, and '096 patents.

**RESPONSE:** Fellowes admits Aurora America alleges that there is an actual and justiciable controversy between Fellowes and Aurora America but denies that any claim of the patents-in-suit is invalid.  Fellowes denies the remaining averments of paragraph 13 of Aurora America's Counterclaims.

14.    Accordingly, AURORA hereby seeks entry of a declaratory judgment that the claims of the '559, '276, and '096 patents are invalid.

**RESPONSE:** Fellowes admits that Aurora America purports to seek declaratory judgment in this action, but denies that Aurora America is entitled to declaratory judgment in this action.  Fellowes denies the remaining averments of paragraph 14 of Aurora America's Counterclaims.

## COUNTERCLAIM THREE

(Declaratory Judgment of Unenforceability)

15.    AURORA incorporates by reference the allegations set forth in paragraphs 1-14 as though set forth herein in their entirety.

**RESPONSE:** Fellowes incorporates paragraphs 1 through 14 above by this reference, as though fully set forth herein.

16.    FELLOWES alleges that the claims of the '559, '276, and '096 patents are enforceable.

**RESPONSE:** Fellowes admits the factual averments of paragraph 16 of Aurora America's Counterclaims.

17.    AURORA alleges that the claims of the '559, '276, and '096 patents are unenforceable.

**RESPONSE:** Fellowes admits that Aurora America alleges that the claims of the

400808384v1

patents-in-suit are unenforceable, but denies that any claim of the patents-in-suit is unenforceable.

18.    There exists, therefore, an actual and justiciable controversy between AURORA and FELLOWES with respect to the unenforceability of the claims of the '559, '276, and '096 patents.

**RESPONSE:**  Fellowes admits Aurora America alleges that there is an actual and justiciable controversy between Fellowes and Aurora America but denies that any claim of the patents-in-suit is unenforceable.  Fellowes denies the remaining averments of paragraph 18 of Aurora America's Counterclaims.

19.    Accordingly, AURORA hereby seeks entry of a declaratory judgment that the claims of the '559, '276, and '096 patents are unenforceable.

**RESPONSE:**  Fellowes admits that Aurora America purports to seek declaratory judgment in this action, but denies that Aurora America is entitled to declaratory judgment in this action.  Fellowes denies the remaining averments of paragraph 19 of Aurora America's Counterclaims.

## PRAYER FOR RELIEF

**WHEREFORE**, Fellowes respectfully requests judgment and relief as follows:

(a)    Aurora America's Counterclaims be dismissed with prejudice;

(b)    This Court deny, in its entirety, the relief sought by Aurora America's Counterclaims and Prayer for Relief including, but not limited to, alleged declaratory relief, costs, attorney's fees, and other relief;

(c)    This Court declare this case to be exceptional and award Fellowes its reasonable attorney's fees, expenses, and costs in this action;

(d)    An order that Aurora America and those in privity with Aurora America be preliminarily and permanently enjoined from infringing the patents-in-suit through the

400808384v1

manufacture, use, import, offer for sale, and/or sale of infringing products, and/or inducing or contributing to such infringement;

      (e)      All of the relief previously requested in Fellowes' Amended Complaint; and

      (e)      This Court grant such other and further relief as to the Court may appear proper.


Dated:  May 8, 2008

                  Fellowes, Inc.

                  By its Attorneys,


                  Peter J. Shakula (ID No. 06204370)
                  pjshakula@woodphillips.com
                  WOOD PHILLIPS KATZ CLARK & MORTIMER
                  500 West Madison Street
                  Suite 3800
                  Chicago, Illinois 60661
                  (312) 876-1800
                  *Attorney for Plaintiff,*
                  Fellowes, Inc.


William Atkins, Esq.
Benjamin L. Kiersz, Esq.
Christopher Dorsey, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
1650 Tysons Blvd.
McLean, VA 22102