**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FELLOWES, INC.,

                    Plaintiff,

 vs.

AURORA CORP. OF AMERICA,

                    and,

AURORA OFFICE EQUIPMENT, LTD.

                    Defendants.

**Civil Action No.: 07 C 7237
District Judge: Charles P. Kocoras
Magistrate Judge: Arlander Keys**

**JURY TRIAL REQUESTED**

        Defendant AURORA OFFICE EQUIPMENT, LTD. ("AURORA OFFICE

EQUIPMENT") submits the following Answer and Counterclaims to plaintiff FELLOWES,

INC.'s ("FELLOWES") claims as pleaded in FELLOWES' First Amended Complaint of March

27, 2008 as follows:

### ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

#### Parties

        1.        AURORA OFFICE EQUIPMENT admits the allegations of paragraph 1.

        2.        AURORA OFFICE EQUIPMENT admits the allegations of paragraph 2.

        3.        AURORA OFFICE EQUIPMENT admits the allegations of paragraph 3.

#### Jurisdiction and Venue

        4.        AURORA OFFICE EQUIPMENT admits the allegations of paragraph 4.

        5.        AURORA OFFICE EQUIPMENT admits the allegations of paragraph 5.

        6.        AURORA OFFICE EQUIPMENT admits this Court has personal jurisdiction

over AURORA OFFICE EQUIPMENT.  AURORA OFFICE EQUIPMENT otherwise lacks

sufficient information to form a belief as to the truth or falsity of the remaining allegations in

paragraph 6 and therefore denies such allegations.

7.     AURORA OFFICE EQUIPMENT admits that venue is proper in this Court as to AURORA OFFICE EQUIPMENT and FELLOWES.  AURORA OFFICE EQUIPMENT otherwise lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 7 and therefore denies such allegations.

8.     AURORA OFFICE EQUIPMENT admits that AURORA OFFICE EQUIPMENT established contacts with the forum.  AURORA OFFICE EQUIPMENT denies the remaining allegations of paragraph 8.

9.     AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA CORPORATION OF AMERICA ("AURORA") in paragraph 9 and therefore denies such allegations.

### Patents-In-Suit

10.     AURORA OFFICE EQUIPMENT admits the allegations in paragraph 10.

11.     AURORA OFFICE EQUIPMENT admits the allegations in paragraph 11.

12.     AURORA OFFICE EQUIPMENT admits the '276 Patent purports to be assigned to FELLOWES.  AURORA OFFICE EQUIPMENT otherwise lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 12 and therefore denies such allegations.

13.     AURORA OFFICE EQUIPMENT admits the allegations of paragraph 13.

14.     AURORA OFFICE EQUIPMENT admits the allegations of paragraph 14.

15.     AURORA OFFICE EQUIPMENT admits the '559 Patent purports to be assigned to FELLOWES.  AURORA OFFICE EQUIPMENT otherwise lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 15 and therefore denies such allegations.

16.     AURORA OFFICE EQUIPMENT admits the allegations of paragraph 16.

17.     AURORA OFFICE EQUIPMENT admits the allegations of paragraph 17.

18.     AURORA OFFICE EQUIPMENT admits the '096 Patent purports to be assigned to FELLOWES.  AURORA OFFICE EQUIPMENT otherwise lacks sufficient information to

form a belief as to the truth or falsity of the remaining allegations in paragraph 18 and therefore denies such allegations.

**<u>Facts</u>**

19.    AURORA OFFICE EQUIPMENT denies the allegations of paragraph 19.

20.    AURORA OFFICE EQUIPMENT denies the allegations of paragraph 20.

21.    AURORA OFFICE EQUIPMENT denies the allegations of paragraph 21.

22.    AURORA OFFICE EQUIPMENT denies the allegations of paragraph 22.

23.    AURORA OFFICE EQUIPMENT denies the allegations of paragraph 23.

24.    AURORA OFFICE EQUIPMENT denies the allegations of paragraph 24.

25.    AURORA OFFICE EQUIPMENT denies the allegations of paragraph 25.

26.    AURORA OFFICE EQUIPMENT denies the allegations of paragraph 26.

27.    AURORA OFFICE EQUIPMENT denies the allegations of paragraph 27.

28.    AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 28 and therefore denies such allegations.

29.    AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 29 and therefore denies such allegations.

30.    AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 30 and therefore denies such allegations.

31.    AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 31 and therefore denies such allegations.

32.    AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 32 and therefore denies such allegations.

33.     AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 33 and therefore denies such allegations.

34.     AURORA OFFICE EQUIPMENT admits that it sells products to AURORA. AURORA OFFICE EQUIPMENT otherwise denies the remaining allegations of paragraph 34.

35.     AURORA OFFICE EQUIPMENT admits that AURORA promotes and sells products manufactured by AURORA OFFICE EQUIPMENT.  AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 35 and therefore denies such allegations.

36.     AURORA OFFICE EQUIPMENT incorporates by reference its responses to paragraphs 34 and 35.  AURORA OFFICE EQUIPMENT otherwise denies the remaining allegations of paragraph 36.

### The AS1019CS Shredder

37.     AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 37 and therefore denies such allegations.

38.     AURORA OFFICE EQUIPMENT admits the allegations in paragraph 38.

39.     AURORA OFFICE EQUIPMENT admits the allegations in paragraph 39.

40.     AURORA OFFICE EQUIPMENT admits the allegations in paragraph 40.

41.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 41 and accordingly denies such allegations.

42.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT

lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 42 and accordingly denies such allegations.

43.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 43 and accordingly denies such allegations.

44.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 44 and accordingly denies such allegations.

45.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 45 and accordingly denies such allegations.

46.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 46 and accordingly denies such allegations.

47.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 47 and accordingly denies such allegations.

48.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 48 and accordingly denies such allegations.

49.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 49 and accordingly denies such allegations.

50.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 50 and accordingly denies such allegations.

51.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 51 and accordingly denies such allegations.

52.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 52 and accordingly denies such allegations.

53.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the

Court has yet to issue a claim construction order. Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 53 and accordingly denies such allegations.

54.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit. Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order. Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 54 and accordingly denies such allegations.

55.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit. Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order. Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 55 and accordingly denies such allegations.

56.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit. Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order. Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 56 and accordingly denies such allegations.

57.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit. Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order. Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 57 and accordingly denies such allegations.

### The AS1219CD Shredder

58.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit. Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order. Therefore AURORA OFFICE EQUIPMENT

lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 58 and accordingly denies such allegations.

59.    This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 59 and accordingly denies such allegations.

60.    This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 60 and accordingly denies such allegations.

61.    This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 61 and accordingly denies such allegations.

62.    This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 62 and accordingly denies such allegations.

63.    This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 63 and accordingly denies such allegations.

64.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 64 and accordingly denies such allegations.

65.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 65 and accordingly denies such allegations.

66.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 66 and accordingly denies such allegations.

67.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 67 and accordingly denies such allegations.

### The AS1225CD Shredder

68.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 68 and accordingly denies such allegations.

69.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 69 and accordingly denies such allegations.

70.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 70 and accordingly denies such allegations.

71.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 71 and accordingly denies such allegations.

72.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 72 and accordingly denies such allegations.

73.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 73 and accordingly denies such allegations.

74.     This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the

Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 74 and accordingly denies such allegations.

75.      This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 75 and accordingly denies such allegations.

76.      This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 76 and accordingly denies such allegations.

77.      This allegation calls for a legal conclusion relating to the claims of at least one of the Patents-in-Suit.  Moreover, the allegation is premature at this stage in the litigation as the Court has yet to issue a claim construction order.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 77 and accordingly denies such allegations.

**Sales, Offers for Sale and Importation of the AS1219CD, AS1225CD and/or AS1019CS Shredders**

78.      AURORA OFFICE EQUIPMENT admits that it manufactured the AS1219CD, AS1225CD and AS1019CS Shredders.

79.      AURORA OFFICE EQUIPMENT admits that it obtained UL Certificate E237840 in connection with the AS1219CD, AS1225CD and AS1019CS Shredders and that said shredders have been marked accordingly.

80.      AURORA OFFICE EQUIPMENT admits that it sold the AS1219CD, AS1225CD and AS1019CS Shredders in the United States.

81.    AURORA OFFICE EQUIPMENT admits that it offered the AS1219CD, AS1225CD and AS1019CS Shredders for sale in the United States.

82.    AURORA OFFICE EQUIPMENT admits that it imported the AS1219CD, AS1225CD and AS1019CS Shredders into the United States.

83.    AURORA OFFICE EQUIPMENT admits that it received purchase orders for the AS1219CD, AS1225CD and AS1019CS Shredders, accepted those purchase orders, and arranged for delivery of these shredders to the United States.

84.    AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 84 and therefore denies such allegations.

85.    AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 85 and therefore denies such allegations.

86.    AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 86 and therefore denies such allegations.

87.    AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 87 and therefore denies such allegations.

88.    AURORA OFFICE EQUIPMENT admits the allegations of paragraph 88.

89.    AURORA OFFICE EQUIPMENT admits the allegations of paragraph 89.

90.    AURORA OFFICE EQUIPMENT admits the allegations of paragraph 90.

91.    AURORA OFFICE EQUIPMENT admits that it sold products to AURORA including the AS1219CD, AS1225CD and AS1019CS Shredders.  AURORA OFFICE EQUIPMENT otherwise denies the remaining allegations of paragraph 91.

92.     AURORA OFFICE EQUIPMENT admits that the AS1219CD and AS1019CS Shredders were sold to Wal-Mart.  AURORA OFFICE EQUIPMENT otherwise denies the remaining allegations of paragraph 92.

93.     AURORA OFFICE EQUIPMENT admits that the AS1219CD and AS1019CS Shredders were sold to Wal-Mart.  AURORA OFFICE EQUIPMENT otherwise denies the remaining allegations of paragraph 93.

94.     This allegation calls for a legal conclusion, is vague, and premature at this stage in the litigation.  AURORA OFFICE EQUIPMENT therefore lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 94 and therefore denies such allegations.

95.     AURORA OFFICE EQUIPMENT admits that the AS1219CD and AS1019CS Shredders were sold to Wal-Mart.  AURORA OFFICE EQUIPMENT otherwise denies the remaining allegations of paragraph 95.

96.     AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 96 and therefore denies such allegations.

97.     AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 97 and therefore denies such allegations.

98.     AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 98 and therefore denies such allegations.

## The Defendant's Knowledge of Fellowes' IP Rights

99.     AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 99 and therefore denies such allegations.

100.     AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 100 and therefore denies such allegations.

101.     This allegation calls for a legal conclusion, is vague, and premature at this stage in the litigation.  AURORA OFFICE EQUIPMENT therefore lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 101 and therefore denies such allegations.

102.     AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 102 and therefore denies such allegations.

103.     This allegation calls for a legal conclusion and is premature.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 103 and accordingly denies such allegations.

104.     AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 104 and therefore denies such allegations.

105.     This allegation calls for a legal conclusion, is vague, and premature at this stage in the litigation.  AURORA OFFICE EQUIPMENT therefore lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 105 and therefore denies such allegations.

106.     AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 106 and therefore denies such allegations.

107.     AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 107 and therefore denies such allegations.

108.    This allegation calls for a legal conclusion and is premature.  Therefore AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 108 and accordingly denies such allegations.

109.    AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 109 and therefore denies such allegations.

110.    This allegation calls for a legal conclusion, is vague, and premature at this stage in the litigation.  AURORA OFFICE EQUIPMENT therefore lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 110 and therefore denies such allegations.

### Count I - Alleged Patent Infringement of U.S. Patent No. 7,040,559

111.    AURORA OFFICE EQUIPMENT incorporates by reference its objections and responses to the allegations in paragraphs 1 through 110 above, as though fully set forth herein.

112.    AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 112 and therefore denies such allegations.

113.    AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 113 and therefore denies such allegations.

114.    AURORA OFFICE EQUIPMENT denies the allegations of paragraph 114.

115.    AURORA OFFICE EQUIPMENT denies the allegations of paragraph 115.

116.    AURORA OFFICE EQUIPMENT denies the allegations of paragraph 116.

### Count II – Alleged Patent Infringement of U.S. Patent No. 7,311,276

117.    AURORA OFFICE EQUIPMENT incorporates by reference its objections and responses to the allegations in paragraphs 1 through 116 above, as though fully set forth herein.

118.    AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 118 and therefore denies such allegations.

119.    AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 119 and therefore denies such allegations.

120.    AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 120 and therefore denies such allegations.

121.    AURORA OFFICE EQUIPMENT denies the allegations of paragraph 121.

122.    AURORA OFFICE EQUIPMENT denies the allegations of paragraph 122.

123.    AURORA OFFICE EQUIPMENT denies the allegations of paragraph 123.

124.    AURORA OFFICE EQUIPMENT denies the allegations of paragraph 124.

**<u>Count III – Alleged Patent Infringement of U.S. Patent No. 7,344,096</u>**

125.    AURORA OFFICE EQUIPMENT incorporates by reference its objections and responses to the allegations in paragraphs 1 through 124 above, as though fully set forth herein.

126.    AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 126 and therefore denies such allegations.

127.    AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 127 and therefore denies such allegations.

128.    AURORA OFFICE EQUIPMENT lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to AURORA in paragraph 128 and therefore denies such allegations.

129.    AURORA OFFICE EQUIPMENT denies the allegations of paragraph 129.

130.    AURORA OFFICE EQUIPMENT denies the allegations of paragraph 130.

131.    AURORA OFFICE EQUIPMENT denies the allegations of paragraph 131.

132.    AURORA OFFICE EQUIPMENT denies the allegations of paragraph 132.

## PRAYER FOR RELIEF

AURORA OFFICE EQUIPMENT denies that FELLOWES is entitled to any of the relief it has requested.

## AFFIRMATIVE DEFENSES

AURORA OFFICE EQUIPMENT reserves the right to modify, amend, and/or expand upon these defenses as discovery proceeds.  Further responding to the Amended Complaint, AURORA OFFICE EQUIPMENT alleges as follows:

## AFFIRMATIVE DEFENSE NO. 1

(No Cause of Action)

1.    The allegations of the Amended Complaint fail to state a claim against AURORA OFFICE EQUIPMENT for which relief can be granted.

## AFFIRMATIVE DEFENSE NO. 2

(No Infringement)

**2.**    AURORA OFFICE EQUIPMENT has not and is not infringing any claim of U.S. Patent Nos. 7,040,559 ("the '559 patent"), 7,311,276 ("the '276 patent"), and 7,344,096 ("the '096 patent").

## AFFIRMATIVE DEFENSE NO. 3

(Invalidity)

3.    Each and every claim of the '559, '276, and '096 patents is invalid for failing to meet one or more of the requirements of Title 35 of the United States Code, including §§ 102, 103, and/or 112.

## AFFIRMATIVE DEFENSE NO. 4

(Prosecution History Estoppel)

4.    AURORA OFFICE EQUIPMENT has not and is not infringing any claim of the '559 patent, the '276 patent, and the '096 patent at least due to statements, representations, and

admissions made to the U.S. Patent and Trademark Office ("PTO") during the prosecution of the applications that matured into the '559, '276, and '096 patents, as well as the prior art that, in part or collectively, constitutes prosecution history estoppel barring FELLOWES from asserting that the claims of the patents encompass or are infringed by any product or activities of AURORA OFFICE EQUIPMENT.

**AFFIRMATIVE DEFENSE NO. 5**

(Estoppel)

5.     FELLOWES, by its conduct and the conduct of its owners, employees, and agents, is legally and/or equitably estopped from asserting its claims or other rights against AURORA OFFICE EQUIPMENT.

**AFFIRMATIVE DEFENSE NO. 6**

(Waiver)

6.     FELLOWES, by its conduct and the conduct of its owners, employees, and agents, has waived its claims and other rights against AURORA OFFICE EQUIPMENT.

**AFFIRMATIVE DEFENSE NO. 7**

(Unclean Hands)

7.     FELLOWES is barred by the equitable doctrine of unclean hands from obtaining the requested relief.

**AFFIRMATIVE DEFENSE NO. 8**

(No Costs)

8.     FELLOWES is barred by 35 U.S.C. § 288 from receiving any costs associated with this suit.

**AFFIRMATIVE DEFENSE NO.9**

(Laches)

9.     FELLOWES' cause of action against AURORA OFFICE EQUIPMENT is barred by the doctrine of laches.

## AFFIRMATIVE DEFENSE NO. 10

(Failure to Mark)

10.     FELLOWES' claim of damages is barred, in whole or in part, to the extent that it failed to mark under 35 U.S.C. § 287.

## COUNTERCLAIMS

### Parties

1.     Counter-claimant AURORA OFFICE EQUIPMENT is a corporation existing under the laws of China, with a principal place of business at 388 Jianxin Road, Jiading District, 200000 Shanghai, China.

2.     Counter-defendant FELLOWES alleges that it is a corporation organized and existing under the laws of the state of Illinois, with a principal place of business located at 1789 Norwood Avenue, Itasca, Illinois, 60143.

3.     This Court has jurisdiction over AURORA OFFICE EQUIPMENT's declaratory judgment counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a), the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. § 101 et seq.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## COUNTERCLAIM ONE

(Declaratory Judgment of Non-Infringement)

5.     AURORA OFFICE EQUIPMENT incorporates by reference the allegations set forth in paragraphs 1–4 as though set forth herein in their entirety.

6.     FELLOWES alleges that it owns the '559, '276, and '096 patents.  FELLOWES alleges that AURORA OFFICE EQUIPMENT is infringing, inducing others to infringe, or contributing the infringement of the '559, '276, and '096 patents.

7.     AURORA OFFICE EQUIPMENT denies that it has infringed, induced infringement of, or contributed to the infringement of the '559, '276, and '096 patents.

8.     There exists, therefore, an actual and justiciable controversy between AURORA OFFICE EQUIPMENT and FELLOWES with respect to the non-infringement of the claims of the '559, '276, and '096 patents.

9.     Accordingly, AURORA OFFICE EQUIPMENT hereby seeks entry of a declaratory judgment that it does not infringe any claim of the '559, '276, and '096 patents.

## COUNTERCLAIM TWO

(Declaratory Judgment of Invalidity)

10.     AURORA OFFICE EQUIPMENT incorporates by reference the allegations set forth in paragraphs 1-9 as though set forth herein in their entirety.

11.     FELLOWES alleges that the claims of the '559, '276, and '096 patents are valid.

12.     AURORA OFFICE EQUIPMENT alleges that the claims of the '559, '276, and '096 patents are invalid for failing to meet one or more of the requirements of Title 35 of the United States Code, including §§ 102, 103, and/or 112.

13.     There exists, therefore, an actual and justiciable controversy between AURORA OFFICE EQUIPMENT and FELLOWES with respect to the invalidity of the claims of the '559, '276, and '096 patents.

14.     Accordingly, AURORA OFFICE EQUIPMENT hereby seeks entry of a declaratory judgment that the claims of the '559, '276, and '096 patents are invalid.

## COUNTERCLAIM THREE

(Declaratory Judgment of Unenforceability)

15.     AURORA OFFICE EQUIPMENT incorporates by reference the allegations set forth in paragraphs 1-14 as though set forth herein in their entirety.

16.     FELLOWES alleges that the claims of the '559, '276, and '096 patents are enforceable.

17.     AURORA OFFICE EQUIPMENT alleges that the claims of the '559, '276, and '096 patents are unenforceable.

18.     There exists, therefore, an actual and justiciable controversy between AURORA OFFICE EQUIPMENT and FELLOWES with respect to the unenforceability of the claims of the '559, '276, and '096 patents.

19.     Accordingly, AURORA OFFICE EQUIPMENT hereby seeks entry of a declaratory judgment that the claims of the '559, '276, and '096 patents are unenforceable.

**PRAYER FOR RELIEF**

WHEREFORE, AURORA OFFICE EQUIPMENT respectfully requests entry of judgment in its favor and against defendant FELLOWES as follows:

A.     FELLOWES' complaint be dismissed with prejudice;

B.     FELLOWES be ordered to pay costs, disbursements and attorney's fees to AURORA OFFICE EQUIPMENT;

C.     FELLOWES' '559, '276, and '096 patents be declared (a) not infringed and (b) invalid and that the '559, '276, and '096 patents be declared unenforceable;

D.     FELLOWES be enjoined from asserting that AURORA OFFICE EQUIPMENT, its officers, agents, representatives, stockholders, and/or customers infringe, contributorily infringe, or induce infringement of the '559, '276, and '096 patents;

E.     FELLOWES be enjoined from bringing suit against any officers, agents, representatives, stockholders, and/or customers of AURORA OFFICE EQUIPMENT alleging that they infringe, contributorily infringe, or induce infringement of the '559, '276, and '096 patents; and

F.     granting such other and further relief as this Court may deem just and appropriate.

**DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury on all issues.

Date:  <u>May 9, 2008</u>                    Respectfully Submitted,

<u>s/Nicholas T. Peters</u>
Richard F. Cauley (SBN: 109194)
rcauley@whglawfirm.com
Franklin E. Gibbs (SBN: 189015)
fgibbs@whglawfirm.com
Regis A. Guerin (SBN 215170)
rguerin@whglawfirm.com
Erick P. Wolf (SBN: 224906)
ewolf@whglawfirm.com
**WANG, HARTMANN, GIBBS & CAULEY, P.C.**
A Professional Law Corporation
1301 Dove Street, Suite 1050
Newport Beach, CA  92660
Telephone:  (949) 833-8483
Facsimile:   (949) 833-2281
AURORA OFFICE EQUIPMENT, LTD.

Karl R. Fink
krfink@fitcheven.com
Nicholas T. Peters
ntpete@fitcheven.com
**FITCH, EVEN, TABIN & FLANNERY**
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
Telephone: (312) 577-7000
Facsimile: (312) 577-7007

*Counsel for Defendant,*
AURORA OFFICE EQUIPMENT, LTD.

CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2008, a copy of the foregoing ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

***Parties receiving service electronically are as follows:***

Peter J. Shakula – pshakula@woodphillips.com
Attorney of WOOD PHILLIPS
500 WEST MADISON STREET
SUITE 3800
CHICAGO, IL  60661-2562
TEL:  312/876-1800
FAX:  312/876-2020
**(COUNSEL FOR PLAINTIFF, FELLOWES, INC.)**


William Atkins, Esq.
william.atkins@pillsburylaw.com
Benjamin L. Kiersz, Esq.
benjamin.kiersz@pillsburylaw.com
Christopher Dorsey, Esq.
christopher.dorsey@pillsburylaw.com
Attorney of PILLSBURY WINTHROP SHAW PITTMAN, LLP
1650 Tysons Boulevard
14th Floor
McLean, VA 22102-4859
Fax: 703/770-7901
**(COUNSEL FOR PLAINTIFF, FELLOWES, INC.)**


Date:   May 9, 2008                          s/Nicholas T. Peters_____
                                             *One of the Attorneys for Defendant,*
                                             AURORA CORP. OF AMERICA