IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| FELLOWES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> AURORA CORPORATION OF AMERICA, <br><br> and, <br><br> AURORA OFFICE EQUIPMENT, LTD. <br><br> Defendants. | Civil Action No.: 07 C 7237 <br> **District Judge: Korcoras** <br> **Magistrate Judge: Keys** <br><br> **JURY TRIAL REQUESTED** |

### FELLOWES, INC.'S ANSWER TO AURORA OFFICE EQUIPMENT, LTD.'S COUNTERCLAIMS

Plaintiff Fellowes, Inc. (hereinafter "Fellowes") hereby responds to the numbered paragraphs of Defendant Aurora Office Equipment, LTD.'s (hereinafter "Aurora China") Counterclaims as follows:

Each and every allegation and/or averment of the Counterclaims that are not specifically admitted herein is denied.

### PARTIES

1. Counter-claimant AURORA OFFICE EQUIPMENT is a corporation existing under the laws of China, with a principal place of business at 388 Jianxin Road, Jiading District, 200000 Shanghai, China.

**RESPONSE:** Fellowes lacks sufficient information to form a belief as to the truth of averments of paragraph 1 of Aurora China's Counterclaims and therefore must deny them.

2. Counter-defendant FELLOWES alleges that it is a corporation organized and existing under the laws of the state of Illinois, with a principal place of business located at 1789

400832663v1

Norwood Avenue, Itasca, Illinois, 60143.

**RESPONSE:** Fellowes admits the factual averments of paragraph 2 of Aurora China's Counterclaims.

3.   This Court has jurisdiction over AURORA OFFICE EQUIPMENT's declaratory judgment counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a), the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. § 101 et seq.

**RESPONSE:** Fellowes admits the factual averments of paragraph 3 of Aurora China's Counterclaims.

4.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

**RESPONSE:** Fellowes admits the factual averments of paragraph 4 of Aurora China's Counterclaims.

## COUNTERCLAIM ONE

(Declaratory Judgment of Non-Infringement)

5.   AURORA OFFICE EQUIPMENT incorporates by reference the allegations set forth in paragraphs 1–4 as though set forth herein in their entirety.

**RESPONSE:** Fellowes incorporates paragraphs 1 through 4 above by this reference, as though fully set forth herein.

6.   FELLOWES alleges that it owns the '559, '276, and '096 patents. FELLOWES alleges that AURORA OFFICE EQUIPMENT is infringing, inducing others to infringe, or contributing the infringement of the '559, '276, and '096 patents.

**RESPONSE:** Fellowes admits the factual averments of paragraph 6 of Aurora China's Counterclaims.

7.   AURORA denies that it has infringed, induced infringement of, or contributed to the infringement of the '559, '276, and '096 patents.

400832663v1

**RESPONSE:** Fellowes admits that Aurora China denies that it has infringed, induced infringement of, or contributed to the infringement of the U.S. Patent Nos. 7,040,559, 7,311,276, and 7,344,096 (collectively "the patents-in-suit"), but denies that Aurora China has not infringed the patents-in-suit, whether directly, by inducement, or contributorily.

8.  There exists, therefore, an actual and justiciable controversy between AURORA OFFICE EQUIPMENT and FELLOWES with respect to the non-infringement of the claims of the '559, '276, and '096 patents.

**RESPONSE:** Fellowes admits Aurora China alleges that there is an actual and justiciable controversy between Fellowes and Aurora China but denies that Aurora China does not infringe the patents-in-suit. Fellowes denies the remaining averments of paragraph 8 of Aurora China's Counterclaims.

9.  Accordingly, AURORA OFFICE EQUIPMENT hereby seeks entry of a declaratory judgment that it does not infringe any claim of the '559, '276, and '096 patents.

**RESPONSE:** Fellowes admits that Aurora China purports to seek declaratory judgment in this action, but denies that Aurora China is entitled to any such declaratory judgment.

## COUNTERCLAIM TWO

(Declaratory Judgment of Invalidity)

10.  AURORA OFFICE EQUIPMENT incorporates by reference the allegations set forth in paragraphs 1-9 as though set forth herein in their entirety.

**RESPONSE:** Fellowes incorporates paragraphs 1 through 9 above by this reference, as though fully set forth herein.

11.  FELLOWES alleges that the claims of the '559, '276, and '096 patents are valid.

**RESPONSE:** Fellowes admits the factual averments of paragraph 11 of Aurora China's Counterclaims and notes that each of the patents-in-suit are statutorily presumed to be valid.

12. AURORA OFFICE EQUIPMENT alleges that the claims of the '559, '276, and '096 patents are invalid for failing to meet one or more of the requirements of Title 35 of the United States Code, including §§ 102, 103, and/or 112.

**RESPONSE:** Fellowes admits that Aurora China alleges that the claims of the patents-in-suit are invalid for failing to meet one or more of the requirements of Title 35 of the United States Code, but denies that any claim of the patents-in-suit is invalid.

13. There exists, therefore, an actual and justiciable controversy between AURORA OFFICE EQUIPMENT and FELLOWES with respect to the invalidity of the claims of the '559, '276, and '096 patents.

**RESPONSE:** Fellowes admits Aurora China alleges that there is an actual and justiciable controversy between Fellowes and Aurora China but denies that any claim of the patents-in-suit is invalid. Fellowes denies the remaining averments of paragraph 13 of Aurora China's Counterclaims.

14. Accordingly, AURORA OFFICE EQUIPMENT hereby seeks entry of a declaratory judgment that the claims of the '559, '276, and '096 patents are invalid.

**RESPONSE:** Fellowes admits that Aurora China purports to seek declaratory judgment in this action, but denies that Aurora China is entitled to any such declaratory judgment in this action. Fellowes denies the remaining averments of paragraph 14 of Aurora China's Counterclaims.

## COUNTERCLAIM THREE

(Declaratory Judgment of Unenforceability)

15. AURORA OFFICE EQUIPMENT incorporates by reference the allegations set forth in paragraphs 1-14 as though set forth herein in their entirety.

**RESPONSE:** Fellowes incorporates paragraphs 1 through 14 above by this reference, as though fully set forth herein.

4

400832663v1

16.     FELLOWES alleges that the claims of the '559, '276, and '096 patents are enforceable.

**RESPONSE:** Fellowes admits the factual averments of paragraph 16 of Aurora China's Counterclaims.

17.     AURORA OFFICE EQUIPMENT alleges that the claims of the '559, '276, and '096 patents are unenforceable.

**RESPONSE:** Fellowes admits that Aurora China alleges that the claims of the patents-in-suit are unenforceable, but denies that any claim of the patents-in-suit is unenforceable.

18.     There exists, therefore, an actual and justiciable controversy between AURORA OFFICE EQUIPMENT and FELLOWES with respect to the unenforceability of the claims of the '559, '276, and '096 patents.

**RESPONSE:** Fellowes admits that Aurora China alleges that there is an actual and justiciable controversy between Fellowes and Aurora China but denies that any claim of the patents-in-suit is unenforceable. Fellowes denies the remaining averments of paragraph 18 of Aurora China's Counterclaims.

19.     Accordingly, AURORA OFFICE EQUIPMENT hereby seeks entry of a declaratory judgment that the claims of the '559, '276, and '096 patents are unenforceable.

**RESPONSE:** Fellowes admits that Aurora China purports to seek declaratory judgment in this action, but denies that Aurora China is entitled to declaratory judgment in this action. Fellowes denies the remaining averments of paragraph 19 of Aurora China's Counterclaims.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Fellowes respectfully requests judgment and relief as follows:

(a)     Aurora China's Counterclaims be dismissed with prejudice;

(b)     This Court deny, in its entirety, the relief sought by Aurora China's Counterclaims and Prayer for Relief including, but not limited to, alleged declaratory relief, costs, attorney's fees, and other relief;

(c)     This Court declare this case to be exceptional and award Fellowes its reasonable attorney's fees, expenses, and costs in this action;

(d)     An order that Aurora China and those in privity with Aurora China be preliminarily and permanently enjoined from infringing the patents-in-suit through the manufacture, use, import, offer for sale, and/or sale of infringing products, and/or inducing or contributing to such infringement;

(e)     All of the relief previously requested in Fellowes' Amended Complaint; and

(e)     This Court grant such other and further relief as to the Court may appear proper.


Dated:  May 29, 2008

                        Fellowes, Inc.

                        By its Attorneys,

                        _____
                        Peter J. Shakula (ID No. 06204370)
                        pjshakula@woodphillips.com
                        WOOD PHILLIPS KATZ CLARK & MORTIMER
                        500 West Madison Street
                        Suite 3800
                        Chicago, Illinois 60661
                        (312) 876-1800
                        *Attorney for Plaintiff*,
                        Fellowes, Inc.

William Atkins, Esq.
Benjamin L. Kiersz, Esq.
Christopher Dorsey, Esq.
Pillsbury Winthrop Shaw Pittman, LLP
1650 Tysons Blvd.
McLean, Virginia  22102

400832663v1