# Exhibit B

| Claims of the '279 patent | Prior Art Element |
|---|---|
| A document shredder for shredding one or more data bearing documents selected from the group consisting of paper, optical discs, and floppy disks, comprising: | "A document shredding device . . . :" <br><br> Henreckson '542 patent, column 7, line 2 (Claim 1) <br><br> It would be obvious to a person of ordinary skill in the art that the Henreckson '542 patent's "document shredding device" would be "for shredding one or more data bearing documents selected from the group consisting of paper, optical discs, and floppy discs . . . :" <br><br> "The device which can apply this invention is not restricted to a rolling mill, but if it is a device with which a human body can approach critical regions, such as an actuator, it is almost applicable to all.  For example, it is applicable to a press device, a cutter, <u>a paper shredder</u>, . . . ." <br><br> Yoshio 10-048344, Detailed Description paragraph 25 (emphasis added). |
| a housing; | "a housing defining a paper shredding passageway side:" <br><br> Henreckson '542 patent, column 7, line 4 (Claim 1) <br><br> US4323829    3:39 <br> US3785230    4:39 <br> US6044632    4:10-14 <br> US6922153    4:23-38 <br> US2004/0181951        0054 <br> WO09637350  8 <br> JP05280243    1 <br> JP07157012    1 <br> Collision Avoidance   1 |

| | |
|---|---|
| | EP1195202    8 |
| | Photoelectric Sensors 1 |
| | Sensor Enables Nonstop        1 |
| | DE3819285    1 |
| | US6113017    2:1-14 |
| | Safety Mats    1 |
| | Tablesaw Blade        1 |
| | DE19703575  1 |
| | US2003/0202851        0015 |
| | SawStop Finger        1 |
| | Applying Electric        1 |
| | DE4121330    1 |
| | EP1442834    0023 |
| | G-Force        1 |
| | JP10-089592  1 |
| | US3111800    2:21-24 |
| | US4162042    2:11-22 |
| | US4683381    4:14-22 |
| | US5318229    2:18-36 |
| | US2003/0090224        0019 |
| | Sensor Evaluation        1 |
| | WO9116569    4:14-18 |
| | A Capcitance Based    1 |
| | Capacitive Detection  509 |
| | Designing a Safe        1 |
| | GB1132708    3:31-55 |
| | Guard Interlocking        15 |
| | JP09-075763  0004 |
| | JP2001-349139        0007 |
| | US4518958    2:54-68 |
| | US4753323    4:5-13 |
| | US5621290    3:55-64 |
| | US2004/0017294        0024 |
| | WO9637350    8 |
| | GB2199962    2 |
| | JP10-048344  0010 |
| | OSHA Hazard 1 |
| | US4117752    2:42-65 |
| | US4564146    1:41-50 |
| | US5081406    3:36-50 |
| | US5921367    7:66-67, 8:1-6 |
| | Qprox  1 |
| | Theory and Application        479 |
| | US2002/0017183        0017 |
| | US5436613    4:59-68 |
| | US6079645    2:60-67, 3:1-5 |

|  | US6724324    3:20-30 |
| --- | --- |
|  | US2004/0008122      0013 |
|  | US6655943    3:11-28 |
|  | JP57-76734    12 |
|  | US5897065    1:62-65, 2:1-2 |
|  | US5988542    4:34-46 |
|  | US6116528    1:49-56 |
|  | US6376936    5:52-60 |
|  | US 6,877,410, 7:11, housing 102 |
|  | US 20020066346, 4[0036], housing 102 |
|  | US 6,834,730, 3:12-13, housing 14 |
|  | US 6,536,536, 3:12-13, housing 14 |
|  | US 7,225,712, 6:45, housing 82 |
|  | US 7,171,879, 5:32, housing 82 |
|  | US 7,077,039, 6:13, housing 82 |
|  | US 3,764,819, 3:30-31, housing 1 |
|  | US 7,290,472, 5:66, housing 82 |
|  | US 7,228,772, 6:14, housing 82 |
|  | US 7,210,383, 6:19, housing 82 |
|  | US 7,197,969, 6:14, housing 82 |
|  | US 7,137,326, 6:1, housing 82 |
|  | US 6,857,345, 6:1, housing 82 |
|  | US 6,826,988, 5:38, housing 82 |
|  | US 20050039822, 4[0052], housing 82 |
|  | US 20040173430, 4[0037], housing 82 |
|  | US 20030090224, 3[0031], housing 82 |
|  | US 20030058121, 3[0033], housing 82 |
|  | US 20030037651, 4[0025], housing 82 |
|  | US 20020069734, 3[0031], housing 82 |
|  | US 20020059855, 3[0033], housing 82 |
|  | US 20020059854, 3[0027], housing 82 |
|  | US 20020056350, 3[0038], housing 82 |
|  | US 20020020263, 3[0037], housing 82 |
|  | US 20020020262, 3[0034], housing 82 |
|  | US 20020017183, 4[0031], housing 82 |
|  | US 20020017178, 4[0034], housing 82 |
|  | US 20020017176, 3[0038], housing 82 |
|  | US 6,997,090, 7:60, housing 82 |
|  | US 20020017184, 3[0026], housing 82 |
|  | US 20040163514, 4[0025], housing 82 |
|  | US 7,284,467, 6:63, hosuing 82 |
|  | US 20020017336, 4[0036], housing 82 |
|  | US 20020020261, 3[0031], housing 82 |
|  | US 20020017181, 3[0034], housing 82 |
|  | US 20030005588, 3[0036], housing 82 |
|  | US 6,813,983, 8:66-67, housing 118 |

| | |
|---|---|
| | US 20020059853, 5[0044], housing 118<br>US 7,231,856, 7:46, housing 82<br>US 20020190581, 4[0049], housing 82<br>US 20030019341, 2[0025], housing 50<br>US 20020020265, 3[0035], housing 82<br>US 20020017179, 3[0028], housing 82<br>US 20030015253, 3[0031], housing 82<br>US 20040040426, 3[0028], housing 82<br>US 7,055,417, 26:11, housing 248<br>US 20020056348, 3[0029], housing 82<br>US 20020056349, 3[0026], housing 82<br>US 20030056853, 3[0040], housing 82<br>US 6,880,440, 2:33-34, operative structure 12<br>US 6,920,814, 6:43, housing 82<br>US 6,922,153, 10:32-33, housing 238<br>US 6,945,148, 6:43, housing 102<br>US 6,945,149, 6:48, housing 82<br>US 6,957,601, 6:16, housing 82<br>US 6,994,004, 6:16, housing 86<br>US 7,000,514, 4:1, housing 50<br>US 7,024,975, 6:29, housing 82<br>US 7,093,668, 4:23, housing 14<br>US 7,098,800, 6:62, housing 82<br>US 7,100,483, 6:25, housing 82<br>US 7,121,358, 4:17, housing 14<br>US 7,308,843, 6:49, housing 82<br>US 7,328,752, 4:18, housing 14<br>US 20020170399, 17[0295], operative structure 12<br>US 20020170400, 2[0024], main housing 50<br>US 2003002942, 3[0012], operative structure 12<br>US 20050039586, 5[0103], housing 82 |
| a document shredder mechanism received in the housing and including an electrically powered motor and cutter elements, | "The <u>document shredding device</u> 10 has a mounting support arm 12 <u>extending from a housing</u> 14 which mounts the document shredding device 10 to a waste receptacle 16. An electrical cord 18 having a plug (not shown), which can be plugged into an electrical outlet, <u>provides electrical power to the document shredding device</u> 10. An activation switch 20 is provided to turn |

| | |
|---|---|
| | the document shredding device 10 on and off. The housing 14 defines a paper inlet opening 22 to a paper shredding passageway 24 extending through the document shredding device." |
| | Henreckson '542 patent, column 4, lines 37-46 (Detailed Description of Presently Preferred Embodiments, emphasis added). |
| the document shredder mechanism enabling one or more data bearing documents selected from the group consisting of paper, optical discs, and floppy disks to be fed into the cutter elements | "A document 76 (FIG. 2) is inserted into the paper inlet opening 22 of the paper shredding passageway 24." |
| | Henreckson '542 Patent, column 6, lines 51-53. (Detailed Description of Presently Preferred Embodiments.) |
| and the motor being operable to drive the cutter elements so that the cutter elements shred the one or more documents fed therein; | "The document shredding device 10 shreds the paper 76 and the shredded paper is deposited into the waste receptacle." |
| | Henreckson '542 Patent, column 6, lines 53-55. (Detailed Description of Presently Preferred Embodiments) |
| the housing having an opening enabling the one or more data bearing documents to be fed therethrough into the cutter elements of the document shredder mechanism for shredding; | "A document 76 (FIG. 2) is inserted into the paper inlet opening 22 of the paper shredding passageway 24. The document shredding device 10 shreds the paper 76 and the shredded paper is deposited into the waste receptacle." |
| | Henreckson '542 Patent, Column 6, lines 51-55. (Detailed Description of Presently Preferred Embodiments). |
| | |

| | |
|---|---|
| a waste bin disposed beneath the document shredder mechanism, the waste bin configured to receive shredded documents from the document shredder mechanism, | "The document shredding device 10 shreds the paper 76 and the shredded paper is deposited into the waste receptacle."<br><br>Henreckson '542 Patent, column 6, lines 53-55.<br>(Detailed Description of Presently Preferred Embodiments). |
| the waste bin being manually removable from beneath the document shredder mechanism for emptying of the shredded documents therein; | "A collecting container in combination with a paper comminuting device, wherein the paper shredder comprises a base frame . . . the base frame having an open front side, wherein the collecting container is movable into and out of the base frame underneath the cutting mechanism housing . . . ."<br><br>Schwelling '065 patent, column 3, lines 4-11.<br>(Claim 1) |
| a discriminating proximity sensor comprising an electro-conductive sensor element | "This invention relates to the sensor apparatus and safeguard which detected that a part or the whole, such as a human body, entered in the predetermined field." Shigeo '288 publication, Field of the Invention.<br><br>"In the aforementioned device, when the operator's hands and fingers mistakenly come in contact with the cutter (12), thermal rays (22) are reflected by the concave mirror (14) and the output voltage of the infrared ray sensor (15) changes. This voltage is amplified by the amplifier (16), passes through the filer (17), operates the lock circuit (18), opens the switch (21) and immediately stops the motor."<br><br>Suzuki (JP 57-76734), "Laid-Open Utility Model Specification S57-76734." |

"a detection system adapted to detect contact between a person and the cutter, where the detection system is adapted to capacitively impart an electric signal on the cutter, and to detect the occurrence of a determined change in the electric signal on the cutter"

Gass 2002/00017183, page 6 (Claim 9).

"This device arranges an auxiliary electrode 80 of small area opposed in parallel relating to an electrode plate 26 adjacently to it. A switching element in a switching circuit 88 is turned on by a millisecond order at each second, so as to always repeat this action. When the switching element is on- driven by a central processing unit 74, the auxiliary electrode 80 is grounded, a capacity ΔC between the auxiliary electrode 80 and the electrode plate 26 by this grounding is connected in parallel to a capacity C0 between the electrode plate 26 and a roller 18. A ΔC component is increased relating to the capacity C0. In this way, a change amount of an electrostatic capacity similar to detection of the human body is obtained by increasing of this electrostatic capacity, and a detection signal similar to detection of the human body is output. A sensor device 22 can be supervised for whether it is normally operated or not."
Shigeo '288 publication, Solution.

"a capacitance proximity sensor mounted on said frame for detecting the approach of a portion of a human body to said blade, . . ."

Lokey '230 patent, column 3, lines 14-16. (Claim 1)

"A safety switch for paper shredders

| | |
|---|---|
| | including a cutting mechanism housing containing cutting tools, . . . , the safety switch comprising a switching element attached to the housing and a stop cam mounted in an inner area . . . for stopping the drive when the cutting mechanism housing is lifted from the containing container, . . ." |
| | Schwelling '528 patent, Column 2, line 39-47. (Claim 1). |
| | "[0005] Then, the purpose of this invention is to provide the safeguard using the sensor which can detect the existence of a human body only in a desired field, and such a sensor. |
| | [0006] [Means for Solving the Problem] To achieve the above objects, a sensor by this invention, one pair of electrode plates by which set a predetermined gap and the placed opposite was carried out mutually, and said gap are arranged in an opposed position of each electrode plate of an opposite hand, it has a grounded shield plate, and it is constituted so that it may detect whether at least some of specific dielectrics, i.e., human body, exist between electrode plates from change of electric capacity between electrode plates." |
| | Yoshio 10-048344, Detailed Description paragraphs 5-6. |
| at least in part adjacent the opening, | "Concave mirrors (14) are set on both left and right ends lengthwise of a discarded paper insertion opening (13) on the front surface of the shredder (11) (the concave mirror on the left is not shown in the figure) so that they face each other." |
| | Suzuki (JP 57-76734), "Laid-Open Utility Model Specification S57-76734", |

| | Specification section, sub-section 3.<br><br>It would be obvious to one of ordinary skill in the art that any proximity sensor used for safety purposes in a paper shredder would be located at least in part adjacent to the opening. |
| --- | --- |
| the proximity sensor being configured to indicate a presence of a person or animal, | "This invention relates to the sensor apparatus and safeguard which detected that a part or the whole, such as a human body, entered in the predetermined field." Shigeo '288 publication, Field of the Invention.<br><br>"a capacitance proximity sensor mounted on said frame for detecting the approach of a portion of a human body to said blade, . . ."<br><br>Lokey '230 patent, column 3, lines 14-16. (Claim 1)<br><br>"[0005] Then, the purpose of this invention is to provide the safeguard using the sensor which can detect the existence of a human body only in a desired field, and such a sensor.<br>[0006] [Means for Solving the Problem] To achieve the above objects, a sensor by this invention, one pair of electrode plates by which set a predetermined gap and the placed opposite was carried out mutually, and said gap are arranged in an opposed position of each electrode plate of an opposite hand, it has a grounded shield plate, and it is constituted so that it may detect whether at least some of specific dielectrics, i.e., human body, exist between electrode plates from change of electric capacity between electrode plates." |

| | |
|---|---|
| | Yoshio 10-048344, Detailed Description paragraphs 5-6.<br><br>"a detection system adapted to detect contact between a person and the cutter, where the detection system is adapted to capacitively impart an electric signal on the cutter, and to detect the occurrence of a determined change in the electric signal on the cutter; and<br><br>A reaction system associated with the detection system and the cutter, where the reaction system covers the cutter upon detection of contact between the person and the cutter by the detection system."<br><br>Gass 2002/00017183, page 6, Claim 9.<br><br>"In the aforementioned device, when the operator's hands and fingers mistakenly come in contact with the cutter (12), thermal rays (22) are reflected by the concave mirror (14) and the output voltage of the infrared ray sensor (15) changes.  This voltage is amplified by the amplifier (16), passes through the filer (17), operates the lock circuit (18), opens the switch (21) and immediately stops the motor."<br><br>Suzuki (JP 57-76734), "Laid-Open Utility Model Specification S57-76734."<br><br>It would be obvious to one of ordinary skill in the art that any proximity sensor used for safety purposes in a paper shredder which could detect the approach of a human body could also detect an animal. |
| but not a presence of the one or more data bearing documents, | It would be obvious to one of ordinary skill in the art that any proximity sensor used for safety purposes in a paper shredder would be able to differentiate |

| | |
|---|---|
| | between the data bearing documents and a person or animal. |
| in proximity to the opening based on the detection via the sensor element of an inherent electrical characteristic of the person or animal; and | "This invention relates to the sensor apparatus and safeguard which dected that a part or the whole, suach as a human body, entered in the predetermined field." Shigeo '288 publication, Field of the Invention.<br><br>"a capacitance proximity sensor mounted on said frame for detecting the approach of a portion of a human body to said blade, . . ."<br><br>Lokey '230 patent, column 3, lines 14-16. (Claim 1)<br><br>"[0005] Then, the purpose of this invention is to provide the safeguard using the sensor which can detect the existence of a human body only in a desired field, and such a sensor.<br>[0006] [Means for Solving the Problem] To achieve the above objects, a sensor by this invention, one pair of electrode plates by which set a predetermined gap and the placed opposite was carried out mutually, and said gap are arranged in an opposed position of each electrode plate of an opposite hand, it has a grounded shield plate, and it is constituted so that it may detect whether at least some of specific dielectrics, i.e., human body, exist between electrode plates from change of electric capacity between electrode plates."<br><br>Yoshio 10-048344, Detailed Description paragraphs 5-6.<br><br>"This device arranges an auxiliary electrode 80 of small area opposed in parallel relating to an electrode plate 26 adjacently to it. A switching element in a |

switching circuit 88 is turned on by a millisecond order at each second, so as to always repeat this action. When the switching element is on- driven by a central processing unit 74, the auxiliary electrode 80 is grounded, a capacity $\Delta C$ between the auxiliary electrode 80 and the electrode plate 26 by this grounding is connected in parallel to a capacity C0 between the electrode plate 26 and a roller 18. A $\Delta C$ component is increased relating to the capacity C0. In this way, a change amount of an electrostatic capacity similar to detection of the human body is obtained by increasing of this electrostatic capacity, and a detection signal similar to detection of the human body is output. A sensor device 22 can be supervised for whether it is normally operated or not."

Shigeo '288 publication, Solution.

"A safety switch for paper shredders including a cutting mechanism housing containing cutting tools, . . . , the safety switch comprising a switching element attached to the housing and a stop cam mounted in an inner area . . . for stopping the drive when the cutting mechanism housing is lifted from the containing container, . . ."

Schwelling '528 patent, Column 2, line 39-47.  (Claim 1).

"a detection system adapted to detect contact between a person and the cutter, where the detection system is adapted to capacitively impart an electric signal on the cutter, and to detect the occurrence of a determined change in the electric signal on the cutter; and

A reaction system associated with the detection system and the cutter, where the reaction system covers the cutter upon

| | detection of contact between the person and the cutter by the detection system." |
|---|---|
| | Gass 2002/00017183, page 6, Claim 9. |
| | "In the aforementioned device, when the operator's hands and fingers mistakenly come in contact with the cutter (12), thermal rays (22) are reflected by the concave mirror (14) and the output voltage of the infrared ray sensor (15) changes. This voltage is amplified by the amplifier (16), passes through the filer (17), operates the lock circuit (18), opens the switch (21) and immediately stops the motor." |
| | Suzuki (JP 57-76734), "Laid-Open Utility Model Specification S57-76734." |
| | It would be obvious to one of ordinary skill in the art that any proximity sensor used for safety purposes in a paper shredder would be located in proximity to the opening and that a capacitance proximity sensor detects the approach of a human (or animal) body using the inherent electrical characteristic of the person or animal. |
| a controller operable to disable the cutter elements responsive to the indicated presence of the person or animal. | "[0005] Then, the purpose of this invention is to provide the safeguard using the sensor which can detect the existence of a human body only in a desired field, and such a sensor. [0006] [Means for Solving the Problem] To achieve the above objects, a sensor by this invention, one pair of electrode plates by which set a predetermined gap and the placed opposite was carried out mutually, and said gap are arranged in an opposed position of each electrode plate of an opposite hand, it has a grounded shield plate, and it is constituted so that it may detect whether at least some of specific |

dielectrics, i.e., human body, exist between electrode plates from change of electric capacity between electrode plates."

Yoshio 10-048344, Detailed Description paragraphs 5-6.

"According to the above-mentioned embodiment, although he is trying to suspend the drive of the rolling mill 10 with the signal form the control device 68 of the safeguard 24, only an alarm is emitted, or a drive is suspended with an alarm, and safety can be planned.  Of course, it is also possible to operate other safety means.

Yoshio 10-048344, Detailed Description paragraph 23.

"a detection system adapted to detect contact between a person and the cutter, where the detection system is adapted to capacitively impart an electric signal on the cutter, and to detect the occurrence of a determined change in the electric signal on the cutter; and

A reaction system associated with the detection system and the cutter, where the reaction system covers the cutter upon detection of contact between the person and the cutter by the detection system."

Gass 2002/00017183, page 6, Claim 9.

"In the aforementioned device, when the operator's hands and fingers mistakenly come in contact with the cutter (12), thermal rays (22) are reflected by the concave mirror (14) and the output voltage of the infrared ray sensor (15) changes.  This voltage is amplified by the amplifier (16), passes through the filer (17), operates the lock circuit (18), opens

| | |
|---|---|
| | the switch (21) and immediately stops the motor." |
| | Suzuki (JP 57-76734), "Laid-Open Utility Model Specification S57-76734." |
| | Pursuant to KSR, the combination of elements identified in this claim was nothing more than combining prior art elements that performed only their established function to produce a predictable result and therefore was obvious. |
| 2. A shredder according to claim 1, wherein the cutter elements are disabled by disabling power to the motor responsive to the indicated presence of the person or animal. | Anticipated according to either analysis as to claim 1 supra and including: |
| | "The device which can apply this invention is not restricted to a rolling mill, but if it is a device with which a human body can approach critical regions, such as an actuator, it is almost applicable to all.  For example, it is applicable to a press device, a cutter, a paper shredder, . . ." |
| | Yoshio 10-048344, Detailed Description paragraph 25. |
| | Obvious according to either analysis as to claim 1 supra including: |
| | "The device which can apply this invention is not restricted to a rolling mill, but if it is a device with which a human body can approach critical regions, such as an actuator, it is almost applicable to all.  For example, it is applicable to a press device, a cutter, a paper shredder, . . ." |
| | Yoshio 10-048344, Detailed Description paragraph 25. |
| | US3785230    1:11-17 <br> US6044632    7:36-50 |

| | |
|---|---|
| | US6922153    5:9-40 |
| | US2004/0181951      0054 |
| | WO09637350 8 |
| | JP05280243    1 |
| | Collision Avoidance    1 |
| | Sensor Enables Nonstop        2 |
| | DE3819285    2 |
| | US6113017    3:34-65 |
| | Safety Mats    3 |
| | Tablesaw Blade      1 |
| | US2003/0202851      0004 |
| | SawStop Finger      1 |
| | EP1442834    0023 |
| | JP10-089592    1 |
| | US3111800    3:34-37 |
| | US4162042    2:11-22 |
| | US4683381    2:42-65 |
| | US2003/0090224      0024 |
| | Sensor Evaluation      1 |
| | WO9116569    3:2-13 |
| | Designing a Safe      1 |
| | GB1132708    3:31-55 |
| | Guard Interlocking      16 |
| | JP09-075763    0007 |
| | US4518958    6:1-8 |
| | US4753323    3:46-59 |
| | US5621290    4:23-42 |
| | US2004/0017294      0036 |
| | WO9637350    8 |
| | Industrial Guarding      3 |
| | JP10-048344    0020 |
| | OSHA Hazard 1 |
| | US4117752    3:14-26 |
| | US5081406    3:4-35 |
| | US5921367    9:5-36 |
| | Qprox  1 |
| | Theory and Application        482 |
| | Woodweb    2 |
| | US2002/0017183      0017 |
| | US5436613    4:59-68 |
| | US6724324    10:28-42 |
| | US2004/0008122      0 |
| | JP57-76734    12 |
| | US6116528    1:57-67 |
| | US6376936    8:40-59 |
| | US3785230    1:11-17 |

| | |
|---|---|
| | US6044632    7:36-50<br>US6922153    5:9-40<br>US2004/0181951        0054<br>WO09637350 8<br>JP05280243    1<br>Collision Avoidance    1<br>Sensor Enables Nonstop        2<br>DE3819285    2<br>US6113017    3:34-65<br>Safety Mats    3 |
| 5. A shredder according to claim 1, wherein the proximity sensor is a capacitive sensor for detecting a capacitance between the sensor element and the person or animal. | Anticipated according to either analysis as to claim 1 supra and including:<br><br>[0006] [Means for Solving the Problem] To achieve the above objects, a sensor by this invention, one pair of electrode plates by which set a predetermined gap and the placed opposite was carried out mutually, and said gap are arranged in an opposed position of each electrode plate of an opposite hand, it has a grounded shield plate, and it is constituted so that it may detect whether at least some of specific dielectrics, i.e., human body, exist between electrode plates from change of electric capacity between electrode plates."<br><br>Yoshio 10-048344, Detailed Description<br><br>Obvious according to either analysis as to claim 1 supra, including:<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious to include a capacitive sensor.<br><br>US4323829    4:58-60<br>US3785230    1:11-17<br>US6922153    9:46-65 |

|  | US2004/0181951    0054 |
|--|--|
|  | JP05280243    1 |
|  | JP07157012    1 |
|  | Collision Avoidance    2 |
|  | Tablesaw Blade    1 |
|  | US2003/0202851    0015 |
|  | SawStop Finger    1 |
|  | Applying Electric    2 |
|  | EP1442834    0023 |
|  | US3111800    2:72, 3:1-22 |
|  | US4162042    2:11-22 |
|  | US4683381    4:14-22 |
|  | US2003/0090224    0026 |
|  | A Capcitance Based    2 |
|  | Capacitive Detection   509 |
|  | GB1132708    1:8-29 |
|  | Guard Interlocking    15 |
|  | US4518958    2:36-68 |
|  | US4753323    3:11-21 |
|  | US5621290    4:23-42 |
|  | US2004/0017294    0036 |
|  | WO9637350    9 |
|  | GB2199962    2 |
|  | JP10-048344    0012 |
|  | OSHA Hazard 2 |
|  | US4117752    2:42-65 |
|  | US5081406    3:4-35 |
|  | US5921367    8:43-67, 9:1-4 |
|  | Qprox  1 |
|  | Theory and Application        479 |
|  | US2002/0017183    0026 |
|  | US5436613    4:59-68 |
|  | US6724324    3:20-30 |
|  | US2004/0008122    0011 |
|  | US6376936    8:40-59 |
|  | US4323829    4:58-60 |
|  | US3785230    1:11-17 |
|  | US6922153    9:46-65 |
|  | US2004/0181951    0054 |
|  | JP05280243    1 |
|  | JP07157012    1 |
|  | Collision Avoidance    2 |

| 6. A shredder according to claim 5, wherein: the proximity sensor further comprises circuitry to sense a state of the electroconductive sensor element. | Anticipated according to the analysis as to claim 5 supra and including:<br><br>Prior art incorporating the limitation that the proximity sensor further comprises circuitry to sense a state of the electroconductive sensor element include at least:<br><br>US4323829    4:58-66<br>US3785230    1:63-67, 2:1-6<br>US6922153    11:57-67, 12:1-24<br>US2004/0181951    0065<br>WO09637350 8<br>JP05280243    1<br>JP07157012    1<br>Collision Avoidance   2<br>DE3819285    2<br>Tablesaw Blade    1<br>US2003/0202851    0026<br>SawStop Finger    1<br>Applying Electric    3<br>EP1442834    0036<br>US3111800    2:72, 3:1-22<br>US4162042    2:11-22<br>US5318229    4:37-41<br>US2003/0090224    0030<br>WO9116569   6:3-9<br>A Capcitance Based   2<br>Capacitive Detection  509<br>Designing a Safe    1<br>GB1132708    1:8-29<br>Guard Interlocking    17<br>JP09-075763   0017<br>JP2001-349139    0019, 0020<br>US4518958    5:3-13<br>US4753323    3:11-21<br>US5621290    3:54-64<br>WO9637350    8<br>GB2199962    2<br>JP10-048344   0015<br>OSHA Hazard 1<br>US4117752    2:42-65<br>US5081406    3:4-35<br>US5921367    8:43-67, 9:1-4<br>Qprox  2 |

| | |
|---|---|
| Theory and Application | 480 |
| US2002/0017183 | 0027 |
| US5436613 | 5:48-68, 6:1-4 |
| US6724324 | 3:31-44 |
| US2004/0008122 | 0011 |
| JP57-76734 | 12 |
| US6376936 | 8:40-59 |
| US4323829 | 4:58-66 |
| US3785230 | 1:63-67, 2:1-6 |
| US6922153 | 11:57-67, 12:1-24 |
| US2004/0181951 | 0065 |
| WO09637350 | 8 |
| JP05280243 | 1 |
| JP07157012 | 1 |
| Collision Avoidance | 2 |
| DE3819285 | 2 |
| Tablesaw Blade | 1 |
| US2003/0202851 | 0026 |
| SawStop Finger | 1 |
| Applying Electric | 3 |
| EP1442834 | 0036 |
| US3111800 | 2:72, 3:1-22 |
| US4162042 | 2:11-22 |
| US5318229 | 4:37-41 |
| US2003/0090224 | 0030 |
| WO9116569 | 6:3-9 |
| A Capcitance Based | 2 |
| Capacitive Detection | 509 |
| Designing a Safe | 1 |
| GB1132708 | 1:8-29 |
| Guard Interlocking | 17 |
| JP09-075763 | 0017 |
| JP2001-349139 | 0019, 0020 |
| US4518958 | 5:3-13 |
| US4753323 | 3:11-21 |

[0006] [Means for Solving the Problem]
To achieve the above objects, a sensor by this invention, one pair of electrode plates by which set a predetermined gap and the placed opposite was carried out mutually, and said gap are arranged in an opposed position of each electrode plate of an opposite hand, it has a grounded shield plate, and it is constituted so that it may detect whether at least some of specific

B-21

| | |
|---|---|
| | dielectrics, i.e., human body, exist between electrode plates from change of electric capacity between electrode plates." |
| | Yoshio 10-048344, Detailed Description |
| | Obvious according to the analysis as to claim 5 supra including: |
| | A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious to include a circuit to sense a state of the electroconductive sensor element. |
| | In addition, a capacitive sensor for detecting a capacitance _is_ circuitry to sense a state (i.e., capacitance) of the electroconductive sensor element. Because the differences between Claim 5 and Claim 6 appear to be a matter of choice by the designer in doing something one way rather than another, solve no stated problem, and do not result in a different function or give unexpected results, Claim 6 is obvious. See _In re Chu_, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). |
| 7. A shredder according to claim 6, wherein the electroconductive element is a thin metal member extending along a portion of the housing adjacent the opening. | Obvious according to the analysis as to claim 6 supra, including: |
| | The limitation of the electroconductive element being a thin metal member extending along a portion of the housing adjacent the opening.was known in the prior art in at least: |
| | US6922153     10:45-67, 11:1-4 |

|  | Tablesaw Blade          1 |
|---|---|
|  | EP1442834      0036 |
|  | US4162042      2:11-22 |
|  | US4683381      4:14-22 |
|  | US5318229      2:19-36 |
|  | A Capcitance Based    2 |
|  | GB1132708      1:8-29 |
|  | JP09-075763    0017 |
|  | US4518958      2:54-68 |
|  | US4753323      3:30-45 |
|  | US5621290      6:8-28 |
|  | US2004/0017294        0025 |
|  | JP10-048344    0012 |
|  | US5081406      10:38-68, 11:1-6 |
|  | US5921367      8:43-67, 9:1-4 |
|  | Qprox  1 |
|  | US6724324      10:28-42 |
|  | US2004/0008122        0011 |
|  | US6376936      9:43-50 |
|  | US6922153      10:45-67, 11:1-4 |
|  | Tablesaw Blade          1 |
|  | EP1442834      0036 |
|  | US4162042      2:11-22 |
|  | US4683381      4:14-22 |
|  | US5318229      2:19-36 |
|  | A Capcitance Based    2 |
|  | GB1132708      1:8-29 |
|  | JP09-075763    0017 |
|  | US4518958      2:54-68 |
|  | US4753323      3:30-45 |
|  |  |
|  | A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious to use a thin metal member adjacent to the opening of a paper shredder as an electroconductive element. |
|  |  |
|  | In addition, the limitation of Claim 7 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder in Claim 6, and does not give unexpected |

| | |
|---|---|
| | results.  See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995).  Thus, Claim 7 is obvious. |
| 12. A shredder according to claim 7, wherein the shredder mechanism is embedded within the housing. | Obvious according to the analysis as to claim 10 supra including:<br><br>The limitation of a shredder mechanism being embedded within the housing was know in at least US6113017  2:1-14.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious to include the shredder mechanism embedded within the housing.<br><br>In addition, the limitation of Claim 12 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder in Claim 6 or 7, and does not give unexpected results.  See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995).  Thus, Claim 12 is obvious. |
| 13. A shredder according to claim 7, wherein the metal member is at least in part adhered to the portion of the housing adjacent the opening. | Obvious according to the analysis as to claim 7 supra including:<br><br>The limitation that the metal member is at least in part adhered to the portion of the housing adjacent the opening was in the prior art in at least US3111800 2:21-24.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the metal member being at least in part adhered to the portion of the housing adjacent the |

| | |
|---|---|
| | opening.<br><br>In addition, the limitation of Claim 13 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder in Claims 6, 7 or 8, and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 13 is obvious. |
| 14. A shredder according to claim 13, wherein the metal member comprises metal tape. | Obvious according to the analysis as to claim 13 supra including:<br><br>The limitation of the metal member comprising metal tape.was known in US692215311:1-4.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious to use metal tape for the metal member.<br><br>In addition, the limitation of Claim 13 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder in Claims 6, 7, 8 or 13, and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 14 is obvious. |
| 22. A shredder according to claim 5, wherein the opening is an elongated, narrow opening. | Anticipated according to the analysis as to claim 5 supra and including:<br><br>The limitation of the opening having a elongated, narrow opening was known in the prior art in at least:<br><br>US6922153    10:45-67, 11:1-4<br>EP1195202    8 |

| | |
|---|---|
| | US6113017    2:1-14 |
| | Tablesaw Blade           1 |
| | DE19703575  1 |
| | SawStop Finger          1 |
| | DE4121330    1 |
| | EP1442834    0036 |
| | US5318229    2:19-36 |
| | US2003/0090224       0026 |
| | GB1132708    1:8-29 |
| | JP09-075763  0004 |
| | US4518958    2:54-68 |
| | US5621290    3:55-64 |
| | US2004/0017294       0025 |
| | JP10-048344  0012 |
| | US4117752    3:14-26 |
| | US5081406    10:38-68, 11:1-6 |
| | US5921367    8:43-67, 9:1-4 |
| | Qprox  3 |
| | US2002/0017183       0026 |
| | US6079645    2:60-67, 3:1-5 |
| | US6724324    3:20-30 |
| | US2004/0008122       0011 |
| | JP57-76734    12 |
| | US5897065    1:62-65, 2:1-2 |
| | US5988542    4:46-52 |
| | US6116528    1:49-56 |
| | US6376936    9:43-50 |
| | US6922153    10:45-67, 11:1-4 |
| | EP1195202    8 |
| | US6113017    2:1-14 |
| | Tablesaw Blade           1 |
| | DE19703575  1 |
| | SawStop Finger          1 |
| | DE4121330    1 |
| | EP1442834    0036 |
| | US5318229    2:19-36 |
| | US2003/0090224       0026 |
| | GB1132708    1:8-29 |
| | JP09-075763  0004 |
| | US4518958    2:54-68 |
| | | |
| | Figure 1 of Henrickson '542 patent wherein the shredder opening is an elongated, narrow opening. |

| | |
|---|---|
| | Obvious according to the analysis as to claim 5 supra including:<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the shredder opening to be a narrow elongated opening.<br><br>In addition, the limitation of Claim 22 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 22 is obvious. |
| 23. A shredder according to claim 22, wherein the elongated, narrow opening is defined by a pair of opposing walls, and wherein the sensor element of the proximity sensor is attached to at least one of the walls. | Obvious according to the analysis as to claim 22 supra including:<br><br>The limitation of the elongated, narrow opening being defined by a pair of opposing walls, and wherein the sensor element of the proximity sensor is attached to at least one of the walls was know in the prior art in at least:<br><br>US3785230    3:14-15<br>US6922153    10:45-67, 11:1-4<br>US2004/0181951    0060<br>JP05280243    1<br>DE4121330    1<br>EP1442834    0036<br>US4162042    2:11-22<br>US4683381    4:14-22<br>US5318229    2:19-36<br>GB1132708    1:8-29<br>JP09-075763    0009<br>US4518958    11:11-32<br>US4753323    3:30-45<br>US5621290    3:55-64<br>US2004/0017294    0025 |

|  | JP10-048344  0012 |
|  | US5081406  10:38-68, 11:1-6 |
|  | US5921367  8:43-67, 9:1-4 |
|  | Qprox  3 |
|  | US6724324  3:20-30 |
|  | US2004/0008122    0011 |
|  | JP57-76734  12 |
|  | US6376936  9:43-50 |
|  | US3785230  3:14-15 |
|  | US6922153  10:45-67, 11:1-4 |
|  | US2004/0181951    0060 |
|  | JP05280243  1 |
|  | DE4121330  1 |
|  | EP1442834  0036 |
|  | US4162042  2:11-22 |
|  | US4683381  4:14-22 |
|  | US5318229  2:19-36 |
|  | GB1132708  1:8-29 |
|  | JP09-075763  0009 |
|  | US4518958  11:11-32 |
|  | US4753323  3:30-45 |
|  |  |
|  | A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the elongated, narrow opening being defined by a pair of opposing walls, and wherein the sensor element of the proximity sensor is attached to at least one of the walls. |
|  |  |
|  | In addition, the limitation of Claim 23 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5 or Claim 22, and does not give unexpected results.  See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995).  Thus, Claim 23 is obvious. |

| 24. A shredder according to claim 23, wherein the sensor element of the proximity sensor extends along the at least one of the walls for essentially an entire length of the opening. | Obvious according to the analysis as to claim 23 supra including:<br><br>The limitation of the sensor element of the proximity sensor extending along the at least one of the walls for essentially an entire length of the opening was known in the prior art as in:<br><br>US6922153    10:45-67, 11:1-4<br>Tablesaw Blade        1<br>SawStop Finger        1<br>DE4121330    1<br>EP1442834    0036<br>US4162042    2:11-22<br>US4683381    4:14-22<br>US5318229    2:19-36<br>US2003/0090224        0026<br>GB1132708    1:8-29<br>JP09-075763    0009<br>US4518958    2:54-68<br>US4753323    3:30-45<br>US5621290    3:55-64<br>US2004/0017294        0025<br>JP10-048344    0012<br>US4117752    3:14-26<br>US5081406    10:38-68, 11:1-6<br>US5921367    8:43-67, 9:1-4<br>Qprox  3<br>US2002/0017183        0026<br>US6724324    3:20-30<br>US2004/0008122        0011<br>JP57-76734    12<br>US6376936    9:43-50<br>US6922153    10:45-67, 11:1-4<br><br>Tablesaw Blade        1<br>SawStop Finger        1<br>DE4121330    1<br>EP1442834    0036<br>US4162042    2:11-22<br>US4683381    4:14-22<br>US5318229    2:19-36<br>US2003/0090224        0026<br>GB1132708    1:8-29<br>JP09-075763    0009 |

| | |
|---|---|
| | US4518958    2:54-68<br>US4753323    3:30-45<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the sensor element of the proximity sensor to extend along the at least one of the walls for essentially an entire length of the opening<br><br>In addition, the limitation of Claim 24 does not solve a problem stated in the'276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 22, or Claim 23, and does not give unexpected results.  See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995).  Thus, Claim 24 is obvious. |
| 27. A shredder according to claim 23, wherein the sensor element is provided on an external surface of the at least one of the walls and thereby defines the opening at least in part. | Obvious according to the analysis as to claim 23 supra including:<br><br>The limitation of the sensor element being provided on an external surface of the at least one of the walls and thereby defines the opening at least in part is identified in the prior art such as:<br><br>US6922153    10:45-67, 11:1-4<br>SawStop Finger        1<br>DE4121330    1<br>EP1442834    0036<br>US4162042    2:11-22<br>US5318229    2:19-36<br>US2003/0090224        0026<br>GB1132708    1:8-29<br>JP09-075763    0009<br>US4518958    2:54-68<br>US4753323    3:30-45<br>US5621290    3:55-64<br>US2004/0017294        0025<br>JP10-048344    0012 |

| | |
|---|---|
| | US4117752    3:14-26<br>US5081406    10:38-68, 11:1-6<br>US5921367    8:43-67, 9:1-4<br>Qprox  3<br>US2002/0017183        0026<br>US6724324    3:20-30<br>US2004/0008122        0011<br>US6376936    9:43-50<br>US6922153    10:45-67, 11:1-4<br>SawStop Finger        1<br>DE4121330    1<br>EP1442834    0036<br>US4162042    2:11-22<br>US5318229    2:19-36<br>US2003/0090224        0026<br>GB1132708    1:8-29<br>JP09-075763  0009<br>US4518958    2:54-68<br>US4753323    3:30-45<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the sensor element being provided on an external surface of the at least one of the walls and thereby defines the opening at least in part.<br><br>In addition, the limitation of Claim 27 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 22, or Claim 23, and does not give unexpected results.  See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995).  Thus, Claim 27 is obvious. |
| 28. A shredder according to claim 24, wherein the sensor element is provided on an external surface of the at least one of the walls and thereby defines the opening at least in part. | Obvious according to the analysis as to claim 24 supra including:<br><br>Obvious according to analysis as to claim 28 supra. |

| | |
|---|---|
| | A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the sensor element being provided on an external surface of the at least one of the walls and thereby defines the opening at least in part.<br><br>In addition, the limitation of Claim 28 does not solve a problem stated in the'276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 22, Claim 23, or Claim 24 and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 28 is obvious. |
| 31. A shredder according to claim 1, wherein: wherein the proximity sensor further comprises circuitry to sense a state of the electroconductive sensor element. | Obvious according to either analysis as to claim 1 supra including:<br><br>Obvious according to analysis as to claim 6 supra.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the proximity sensor to further comprise circuitry to sense a state of the electroconductive sensor element.<br><br>In addition, the limitation of Claim 31 does not solve a problem stated in the'276 patent specification, does not result in a different function of the claimed shredder of Claim 1, and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 31 is obvious. |

| | |
|---|---|
| 32. A shredder according to claim 22, wherein: wherein the proximity sensor further comprises circuitry to sense a state of the electroconductive sensor element. | Obvious according to the analysis as to claim 22 supra including:<br><br>Obvious according to analysis as to claim 31 supra.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the proximity sensor to further comprise circuitry to sense a state of the electroconductive sensor element.<br><br>In addition, the limitation of Claim 32 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, or Claim 22, and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 32 is obvious. |
| 33. A shredder according to claim 23, wherein: the proximity sensor further comprises circuitry to sense a state of the electroconductive sensor element. | Obvious according to the analysis as to claim 23 supra including:<br><br>Obvious according to analysis as to claim 31 supra.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the proximity sensor to further comprise circuitry to sense a state of the electroconductive sensor element.<br><br>In addition, the limitation of Claim 33 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder |

| | |
|---|---|
| | of Claim 5, Claim 22, or Claim 23, and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 33 is obvious. |
| 34. A shredder according to claim 24, wherein: wherein the proximity sensor further comprises circuitry to sense a state of the electroconductive sensor element. | Obvious according to the analysis as to claim 24 supra including:<br><br>Obvious according to analysis as to claim 31 supra.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the proximity sensor to further comprise circuitry to sense a state of the electroconductive sensor element.<br><br>In addition, the limitation of Claim 34 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 22, Claim 23, or Claim 24 and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 34 is obvious. |
| 37. A shredder according to claim 27, wherein: the proximity sensor further comprises circuitry to sense a state of the electroconductive sensor element. | Obvious according to the analysis as to claim 27 supra including:<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent,<br>and Schwelling '528 patent would have found it obvious for the proximity sensor to further comprise circuitry to sense a state of the electroconductive sensor element. |

| | |
|---|---|
| | In addition, the limitation of Claim 37 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 22, Claim 23, or Claim 27, and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 37 is obvious. |
| 38. A shredder according to claim 28, wherein: the proximity sensor further comprises circuitry to sense a state of the electroconductive sensor element. | Obvious according to the analysis as to claim 28 supra including:<br><br>Obvious according to analysis as to claim 31 supra.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the proximity sensor to further comprise circuitry to sense a state of the electroconductive sensor element.<br><br>In addition, the limitation of Claim 38 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 22, Claim 23, Claim 24, or Claim 28 and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 38 is obvious. |
| 41. A shedder according to claim 1, wherein the proximity sensor is configured to indicate the presence of the person or the animal in proximity to the opening without requiring contact with the sensor element. | Anticipated according to either analysis as to claim 1 supra and including:<br><br>Prior art incorporating the limitation that the proximity sensor is configured to indicate the presence of the person or the animal in proximity to the opening without requiring contact with the sensor |

element.  include at least:

US3785230    1:17-20
US6044632    7:12-36
US6922153    11:5-18
US2004/0181951        0054
WO09637350 8
JP05280243    1
JP07157012    1
Collision Avoidance    2
Photoelectric Sensors 1
DE3819285    2
Tablesaw Blade        1
US2003/0202851        0015
SawStop Finger        1
Applying Electric        1
EP1442834    0023
JP10-089592    1
US3111800    2:72, 3:1-22
US4162042    2:11-22
US4683381    3:15-57
US5318229    2:19-36
US2003/0090224        0026
Sensor Evaluation        1
WO9116569    3:2-13
A Capcitance Based    2
Capacitive Detection  509
Designing a Safe        1
GB1132708    1:8-29
Guard Interlocking        15
JP2001-349139        0019, 0020
US4518958    2:36-68
US4753323    3:11-21
US5621290    4:23-42
WO9637350 9
GB2199962    2
Industrial Guarding    3
JP10-048344    0012
OSHA Hazard 1
US5081406    3:4-35
US5921367    8:43-67, 9:1-4
Qprox  1
Theory and Application        479
Woodweb    2
US2002/0017183        0022
US5436613    4:59-68

US6724324    3:20-30
US2004/0008122      0011
JP57-76734    12
US6376936    8:40-59
US3785230    1:17-20
US6044632    7:12-36
US6922153    11:5-18
US2004/0181951      0054
WO09637350 8
JP05280243    1
JP07157012    1
Collision Avoidance   2
Photoelectric Sensors 1
DE3819285    2
Tablesaw Blade      1
US2003/0202851      0015
SawStop Finger      1
Applying Electric      1
EP1442834    0023
JP10-089592    1
US3111800    2:72, 3:1-22
US4162042    2:11-22
US4683381    3:15-57
US5318229    2:19-36
US2003/0090224      0026
Sensor Evaluation      1
WO9116569  3:2-13
A Capcitance Based    2
Capacitive Detection  509
Designing a Safe      1
GB1132708    1:8-29
Guard Interlocking      15
JP2001-349139      0019, 0020
US4518958    2:36-68
US4753323    3:11-21


"The device which can apply this
invention is not restricted to a rolling mill,
but if it is a device with which a human
body can approach critical regions, such
as an actuator, it is almost applicable to
all.  For example, it is applicable to a
press device, a cutter, a paper shredder, . .
. ."

Yoshio 10-048344, Detailed Description

| | |
|---|---|
| | paragraph 25. |
| | Obvious according to either analysis as to claim 1 supra including: |
| | "The device which can apply this invention is not restricted to a rolling mill, but if it is a device with which a human body can approach critical regions, such as an actuator, it is almost applicable to all.  For example, it is applicable to a press device, a cutter, a paper shredder, . . . ." |
| | Yoshio 10-048344, Detailed Description paragraph 25. |
| | In addition, the limitation of Claim 41 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 1, and does not give unexpected results.  See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995).  Thus, Claim 41 is obvious. |
| 42. A shredder according to claim 22, wherein the proximity sensor is configured to indicate the presence of the person or the animal in proximity to the opening without requiring contact with the sensor element. | Obvious according to the as to claim 22 supra including: |
| | Obvious according to analysis as to claim 41 supra. |
| | A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the proximity sensor to be configured to indicate the presence of the person or the animal in proximity to the opening without requiring contact with the sensor element. |
| | In addition, the limitation of Claim 42 does not solve a problem stated in the '276 patent specification, does not result in a |

| | |
|---|---|
| | different function of the claimed shredder of Claim 5 or Claim 22, and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 42 is obvious. |
| 43. A shredder according to claim 23, wherein the proximity sensor is configured to indicate the presence of the person or the animal in proximity to the opening without requiring contact with the sensor element. | Obvious according to the analysis as to claim 23 supra including:<br><br>Obvious according to analysis as to claim 41 supra.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the proximity sensor to be configured to indicate the presence of the person or the animal in proximity to the opening without requiring contact with the sensor element.<br><br>In addition, the limitation of Claim 43 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 22, or Claim 23, and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 43 is obvious. |
| 44. A shredder according to claim 24, wherein the proximity sensor is configured to indicate the presence of the person or the animal in proximity to the opening without requiring contact with the sensor element. | Obvious according to the analysis as to claim 24 supra including:<br><br>Obvious according to analysis as to claim 41 supra.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the proximity |

| | |
|---|---|
| | sensor to be configured to indicate the presence of the person or the animal in proximity to the opening without requiring contact with the sensor element.<br><br>In addition, the limitation of Claim 44 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 22, Claim 23, or Claim 24, and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 44 is obvious. |
| 47. A shredder according to claim 27, wherein the proximity sensor is configured to indicate the presence of the person or the animal in proximity to the opening without requiring contact with the sensor element. | Obvious according to the analysis as to claim 27 supra including:<br><br>Obvious according to analysis as to claim 41 supra.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the proximity sensor to be configured to indicate the presence of the person or the animal in proximity to the opening without requiring contact with the sensor element.<br><br>In addition, the limitation of Claim 47 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 22, Claim 23, or Claim 27, and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 47 is obvious. |

| 48. A shredder according to claim 28, wherein the proximity sensor is configured to indicate the presence of the person or the animal in proximity to the opening without requiring contact with the sensor element. | Obvious according to the analysis as to claim 28 supra including: |
| --- | --- |
| | Obvious according to analysis as to claim 41 supra. |
| | A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the proximity sensor to be configured to indicate the presence of the person or the animal in proximity to the opening without requiring contact with the sensor element. |
| | In addition, the limitation of Claim 48 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 22, Claim 23, Claim 24, or Claim 28, and does not give unexpected results.  See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995).  Thus, Claim 48 is obvious. |
| 51. A shredder according to claim 41, wherein: the proximity sensor further comprises circuitry to sense a state of the electroconductive sensor element. | Obvious according to the analysis as to claim 41 supra including: |
| | Obvious according to analysis as to claim 31 supra. |
| | A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the proximity sensor to further comprise circuitry to sense a state of the electroconductive sensor element. |
| | In addition, the limitation of Claim 51 does not solve a problem stated in the '276 |

| | |
|---|---|
| | patent specification, does not result in a different function of the claimed shredder of Claim 1 or Claim 41, and does not give unexpected results.  See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995).  Thus, Claim 51 is obvious. |
| 52. A shredder according to claim 42, wherein: the proximity sensor further comprises circuitry to sense a state of the electroconductive sensor element. | Obvious according to the analysis as to claim 42 supra including:<br><br>Obvious according to analysis as to claim 31 supra.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the proximity sensor to further comprise circuitry to sense a state of the electroconductive sensor element.<br><br>In addition, the limitation of Claim 52 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 22, or Claim 42, and does not give unexpected results.  See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995).  Thus, Claim 52 is obvious. |
| 53. A shredder according to claim 43, wherein: the proximity sensor further comprises circuitry to sense a state of the electroconductive sensor element. | Obvious according to the analysis as to claim 43 supra including:<br><br>Obvious according to analysis as to claim 31 supra.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the proximity |

| | |
|---|---|
| | sensor to further comprise circuitry to sense a state of the electroconductive sensor element. |
| | In addition, the limitation of Claim 53 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 22, Claim 23, or Claim 43, and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 53 is obvious. |
| 54. A shredder according to claim 44, wherein: the proximity sensor further comprises circuitry to sense a state of the electroconductive sensor element. | Obvious according to the analysis as to claim 44 supra including: |
| | Obvious according to analysis as to claim 31 supra. |
| | A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the proximity sensor to further comprise circuitry to sense a state of the electroconductive sensor element. |
| | In addition, the limitation of Claim 54 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 22, Claim 23, Claim 24, or Claim 44, and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 54 is obvious. |
| 57. A shredder according to claim 47, wherein: the proximity sensor further comprises circuitry to sense a state of the electroconductive sensor element. | Obvious according to the analysis as to claim 47 supra including: |
| | Obvious according to analysis as to claim 31 supra. |

| | |
|---|---|
| | A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the proximity sensor to further comprise circuitry to sense a state of the electroconductive sensor element.<br><br>In addition, the limitation of Claim 57 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 22, Claim 23, Claim 27, or Claim 47, and does not give unexpected results.  See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995).  Thus, Claim 57 is obvious. |
| 58. A shredder according to claim 48, wherein: the proximity sensor further comprises circuitry to sense a state of the electroconductive sensor element. | Obvious according to the analysis as to claim 48 supra including:<br><br>Obvious according to analysis as to claim 31 supra.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the proximity sensor to further comprise circuitry to sense a state of the electroconductive sensor element.<br><br>In addition, the limitation of Claim 58 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 22, Claim 23, Claim 24, Claim 28, or Claim 48, and does not |

| | |
|---|---|
| | give unexpected results.  See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995).  Thus, Claim 58 is obvious. |
| 61. A shredder according to claim 6, wherein the cutter elements are disabled by disabling power to the motor responsive to the indicated presence of the person or animal. | Obvious according to the analysis as to claim 6 supra including:<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the cutter elements to be disabled by disabling power to the motor responsive to the indicated presence of the person or animal.<br><br>In addition, the limitation of Claim 61 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, or Claim 6, Claim 23, Claim 25, Claim 26, , Claim 30, or Claim 50, and does not give unexpected results.  See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 61 is obvious. |
| 62. A shredder according to claim 22, wherein the cutter elements are disabled by disabling power to the motor responsive to the indicated presence of the person or animal. | Obvious according to the analysis as to claim 22 supra including:<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the cutter elements to be disabled by disabling power to the motor responsive to the indicated presence of the person or animal.<br><br>In addition, the limitation of Claim 62 does not solve a problem stated in the '276 |

| | |
|---|---|
| | patent specification, does not result in a different function of the claimed shredder of Claim 5, or Claim 22, and does not give unexpected results.  See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995).  Thus, Claim 62 is obvious. |
| 63. A shredder according to claim 23, wherein the cutter elements are disabled by disabling power to the motor responsive to the indicated presence of the person or animal. | Obvious according to the analysis as to claim 23 supra including:<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the cutter elements to be disabled by disabling power to the motor responsive to the indicated presence of the person or animal.<br><br>In addition, the limitation of Claim 63 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 22, or Claim 23, and does not give unexpected results.  See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995).  Thus, Claim 63 is obvious. |
| 64. A shredder according to claim 24, wherein the cutter elements are disabled by disabling power to the motor responsive to the indicated presence of the person or animal. | Obvious according to the analysis as to claim 24 supra including:<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the cutter elements to be disabled by disabling power to the motor responsive to the indicated presence of the person or animal. |

| | |
|---|---|
| | In addition, the limitation of Claim 64 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 22, Claim 23, or Claim 24, and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 64 is obvious. |
| 67. A shredder according to claim 31, wherein the cutter elements are disabled by disabling power to the motor responsive to the indicated presence of the person or animal. | Obvious according to the analysis as to claim 31 supra including:<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the cutter elements to be disabled by disabling power to the motor responsive to the indicated presence of the person or animal.<br><br>In addition, the limitation of Claim 67 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 1, or Claim 31, and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 67 is obvious. |
| 68. A shredder according to claim 32, wherein the cutter elements are disabled by disabling power to the motor responsive to the indicated presence of the person or animal. | Obvious according to the analysis as to claim 32 supra including:<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the cutter elements to be disabled by disabling power to the motor responsive to the indicated presence of the person or |

| | |
|---|---|
| | animal.<br><br>In addition, the limitation of Claim 68 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 22, or Claim 32, and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 68 is obvious. |
| 69. A shredder according to claim 33, wherein the cutter elements are disabled by disabling power to the motor responsive to the indicated presence of the person or animal. | Obvious according to the analysis as to claim 33 supra including:<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the cutter elements to be disabled by disabling power to the motor responsive to the indicated presence of the person or animal.<br><br>In addition, the limitation of Claim 69 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 22, Claim 23, or Claim 33, and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 69 is obvious. |
| 70. A shredder according to claim 34, wherein the cutter elements are disabled by disabling power to the motor responsive to the indicated presence of the person or animal. | Obvious according to the analysis as to claim 34 supra including:<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the cutter elements to be disabled by disabling |

| | |
|---|---|
| | power to the motor responsive to the indicated presence of the person or animal.<br><br>In addition, the limitation of Claim 70 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 22, Claim 23, Claim 24, or Claim 34, and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 70 is obvious. |
| 73. A shredder according to claim 41, wherein the cutter elements are disabled by disabling power to the motor responsive to the indicated presence of the person or animal. | Obvious according to the analysis as to claim 41 supra including:<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the cutter elements to be disabled by disabling power to the motor responsive to the indicated presence of the person or animal.<br><br>In addition, the limitation of Claim 73 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 1, or Claim 41, and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 73 is obvious. |
| 74. A shredder according to claim 42, wherein the cutter elements are disabled by disabling power to the motor responsive to the indicated presence of the person or animal. | Obvious according to the analysis as to claim 42 supra including:<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 |

| | patent, and Schwelling '528 patent would have found it obvious for the cutter elements to be disabled by disabling power to the motor responsive to the indicated presence of the person or animal. |
| | |
| | In addition, the limitation of Claim 74 does not solve a problem stated in the'276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 22, or Claim 42, and does not give unexpected results.  See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995).  Thus, Claim 74 is obvious. |
| 75. A shredder according to claim 43, wherein the cutter elements are disabled by disabling power to the motor responsive to the indicated presence of the person or animal. | Obvious according to the analysis as to claim 43 supra including: |
| | A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the cutter elements to be disabled by disabling power to the motor responsive to the indicated presence of the person or animal. |
| | |
| | In addition, the limitation of Claim 75 does not solve a problem stated in the'276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 22, Claim 23, or Claim 43, and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 75 is obvious. |
| 76. A shredder according to claim 44, wherein the cutter elements are disabled by disabling power to the motor responsive to the indicated presence of the person or animal. | Obvious according to the analysis as to claim 44 supra including: |
| | A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP |

| | |
|---|---|
| | 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the cutter elements to be disabled by disabling power to the motor responsive to the indicated presence of the person or animal.<br><br>In addition, the limitation of Claim 76 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 22, Claim 23, Claim 24, OR Claim 44, and does not give unexpected results.  See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995).  Thus, Claim 76 is obvious. |
| 79. A shredder according to claim 5, wherein the opening is an elongated opening. | Obvious according to the analysis as to claim 5 supra including:<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent,<br>and Schwelling '528 patent would have found it obvious for the opening to be an elongated opening.<br><br>Because the differences between Claim 5 and Claim 79 appear to be a matter of choice by the designer in doing something one way rather than another, solve no stated problem, and do not result in a different function or give unexpected results, Claim 79 is obvious. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). |
| 80. A shredder according to claim 79, wherein the elongated opening is defined by a pair of opposing walls, and wherein the sensor element of the proximity sensor | Obvious according to the analysis as to claim 79 supra including:<br><br>Obvious according to analysis as to claim |

| | |
|---|---|
| is attached to at least one of the walls. | 23 supra.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the elongated opening to be defined by a pair of opposing walls, and wherein the sensor element of the proximity sensor is attached to at least one of the walls.<br><br>In addition, the limitation of Claim 80 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 79, and does not give unexpected results.  See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995).  Thus, Claim 80 is obvious. |
| 81. A shredder according to claim 80, wherein the sensor element of the proximity sensor extends along the at least one of the walls for essentially an entire length of the opening. | Obvious according to the analysis as to claim 80 supra including:<br><br>Obvious according to analysis as to claim 24 supra.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent,<br>and Schwelling '528 patent would have found it obvious for the elongated opening to be defined by a pair of opposing walls, and wherein the sensor element of the proximity sensor is attached to at least one of the walls.<br><br>In addition, the limitation of Claim 81 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 79, or Claim 80, and |

| | |
|---|---|
| | does not give unexpected results.  See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995).  Thus, Claim 81 is obvious. |
| 84. A shredder according to claim 80, wherein the sensor element is provided on an external surface of the at least one of the walls and thereby defines the opening at least in part. | Obvious according to the analysis as to claim 80 supra including:<br><br>Obvious according to analysis as to claim 28 supra.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the sensor element to be provided on an external surface of the at least one of the walls and there<br>by defines the opening at least in part.<br><br>In addition, the limitation of Claim 84 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 79, or Claim 80, and does not give unexpected results.  See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995).  Thus, Claim 84 is obvious. |
| 85. A shredder according to claim 81, wherein the sensor element is provided on an external surface of the at least one of the walls and thereby defines the opening at least in part. | Obvious according to the analysis as to claim 81 supra including:<br><br>Obvious according to analysis as to claim 28 supra.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent,<br>and Schwelling '528 patent would have found it obvious for the sensor element to |

| | be provided on an external surface of the at least one of the walls and thereby defines the opening at least in part.<br><br>In addition, the limitation of Claim 85 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 79, Claim 80, or Claim 81, and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 85 is obvious. |
|---|---|
| 88. A shredder according to claim 79, wherein: the proximity sensor further comprises circuitry to sense a state of the electroconductive sensor element. | Obvious according to the analysis as to claim 79 supra including:<br><br>Obvious according to analysis as to claim 31 supra.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the proximity sensor to further comprise circuitry to sense a state of the electroconductive sensor element.<br><br>In addition, the limitation of Claim 88 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, or Claim 79, and does not give unexpected results.  See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995).  Thus, Claim 88 is obvious. |
| 89. A shredder according to claim 80, wherein: the proximity sensor further comprises circuitry to sense a state of the electroconductive sensor element. | Obvious according to the analysis as to claim 80 supra including:<br><br>Obvious according to analysis as to claim 31 supra. |

| | |
|---|---|
| | A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the proximity sensor to further comprise circuitry to sense a state of the electroconductive sensor element.<br><br>In addition, the limitation of Claim 89 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 79, or Claim 80, and does not give unexpected results.  See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995).  Thus, Claim 89 is obvious. |
| 90. A shredder according to claim 81, wherein: the proximity sensor further comprises circuitry to sense a state of the electroconductive sensor element. | Obvious according to the analysis as to claim 81 supra including:<br><br>Obvious according to analysis as to claim 31 supra.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the proximity sensor to further comprise circuitry to sense a state of the electroconductive sensor element.<br><br>In addition, the limitation of Claim 90 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 79, Claim 80, or Claim 81, and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 90 is obvious. |

| | |
|---|---|
| 93. A shredder according to claim 84, wherein: the proximity sensor further comprises circuitry to sense a state of the electroconductive sensor element. | Obvious according to the analysis as to claim 84 supra including:<br><br>Obvious according to analysis as to claim 31 supra.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the proximity sensor to further comprise circuitry to sense a state of the electroconductive sensor element.<br><br>In addition, the limitation of Claim 93 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 5, Claim 79, Claim 80, or Claim 84, and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 93 is obvious. |
| 94. A shredder according to claim 85, wherein: the proximity sensor further comprises circuitry to sense a state of the electroconductive sensor element. | Obvious according to the analysis as to claim 85 supra including:<br><br>Obvious according to analysis as to claim 31 supra.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the proximity sensor to further comprise circuitry to sense a state of the electroconductive sensor element.<br><br>In addition, the limitation of Claim 94 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder |

| | |
|---|---|
| | of Claim 5, Claim 79, Claim 80, Claim 81, or Claim 85, and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 94 is obvious. |
| 97. A shredder according to claim 1, wherein the opening is an elongated, narrow opening. | Anticipated according to either analysis as to claim 1 supra and including:<br><br>Obvious according to analysis as to claim 22 supra.<br><br>"The device which can apply this invention is not restricted to a rolling mill, but if it is a device with which a human body can approach critical regions, such as an actuator, it is almost applicable to all. For example, it is applicable to a press device, a cutter, a paper shredder, . . . ."<br><br>Yoshio 10-048344, Detailed Description paragraph 25. Paper shredders inherently have elongated and narrow openings.<br><br>Obvious according to either analysis as to claim 1 supra including:<br><br>Figure 1 of the Henreckson '542 patent. The figure shows an elongated narrow opening.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the opening to be elongated and narrow.<br><br>In addition, the limitation of Claim 97 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 1, and does not give unexpected |

| | results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 97 is obvious. |
|---|---|
| 98. A shredder according to claim 97, wherein the elongated, narrow opening is defined by a pair of opposing walls, and wherein the sensor element of the proximity sensor is attached to at least one of the walls. | Obvious according to the analysis as to claim 97 supra including:<br><br>Obvious according to analysis as to claim 23 supra.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the elongated, narrow opening to be defined by a pair of opposing walls, and wherein the sensor element of the proximity sensor is attached to at least one of the walls.<br><br>In addition, the limitation of Claim 98 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 1, or Claim 97, and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 98 is obvious. |
| 99. A shredder according to claim 98, wherein the sensor element of the proximity sensor extends along the at least one of the walls for essentially an entire length of the opening. | Obvious according to the analysis as to claim 98 supra including:<br><br>Obvious according to analysis as to claim 24 supra.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the sensor element of the proximity sensor to extend along the at least one of the walls for essentially an entire length of the opening. |

| | |
|---|---|
| | In addition, the limitation of Claim 99 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 1, Claim 97, or Claim 98 and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 99 is obvious. |
| 102. A shredder according to claim 98, wherein the sensor element is provided on an external surface of the at least one of the walls and thereby defines the opening at least in part. | Obvious according to the analysis as to claim 98 supra including:<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the sensor element is provided on an external surface of the at least one of the walls and thereby defines the opening at least in part.<br><br>In addition, the limitation of Claim 102 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 1, Claim 97, or Claim 98, and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 102 is obvious. |
| 103. A shredder according to claim 99, wherein the sensor element is provided on an external surface of the at least one of the walls and thereby defines the opening at least in part. | Obvious according to the analysis as to claim 99 supra including:<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the sensor element is provided on an external surface of the at least one of the walls and thereby defines the opening at least in part. |

| | |
|---|---|
| | In addition, the limitation of Claim 103 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 1, Claim 97, Claim 98, or Claim 99, and does not give unexpected results. See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995). Thus, Claim 103 is obvious. |
| 106. A shredder according to claim 1, wherein the opening is an elongated opening. | Anticipated according to either analysis as to claim 1 supra and including: "The device which can apply this invention is not restricted to a rolling mill, but if it is a device with which a human body can approach critical regions, such as an actuator, it is almost applicable to all.  For example, it is applicable to a press device, a cutter, a paper shredder, . . ." Yoshio 10-048344, Detailed Description paragraph 25.  Paper shredders inherently have an elongated openings. Obvious according to either analysis as to claim 1 supra including: Figure 1 of the Henreckson '542 patent. The figure shows an elongated narrow opening. A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the opening to be elongated. In addition, the limitation of Claim 106 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder |

| | |
|---|---|
| | of Claim 1, and does not give unexpected results.  See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995).  Thus, Claim 106 is obvious. |
| 107. A shredder according to claim 106, wherein the elongated opening is defined by a pair of opposing walls, and wherein the sensor element of the proximity sensor is attached to at least one of the walls. | Obvious according to the analysis as to claim 106 supra including:<br><br>Obvious according to analysis as to claim 23 supra.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the elongated opening to be defined by a pair of opposing walls, and wherein the sensor element of the proximity sensor is attached to at least one of the walls.<br><br>In addition, the limitation of Claim 107 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 1, or Claim 106, and does not give unexpected results.  See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995).  Thus, Claim 107 is obvious. |
| 108. A shredder according to claim 107, wherein the sensor element of the proximity sensor extends along the at least one of the walls for essentially an entire length of the opening. | Obvious according to the analysis as to claim 107 supra including:<br><br>Obvious according to analysis as to claim 24 supra.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the sensor element of the proximity sensor to extend along the at least one of the walls for |

| | |
|---|---|
| | essentially an entire length of the opening.<br><br>In addition, the limitation of Claim 108 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 1, Claim 106, or Claim 107, and does not give unexpected results.  See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995).  Thus, Claim 108 is obvious. |
| 111. A shredder according to claim 107, wherein the sensor element is provided on an external surface of the at least one of the walls and thereby defines the opening at least in part. | Obvious according to the analysis as to claim 107 supra including:<br><br>Obvious according to analysis as to claim 28 supra.<br><br>A person of ordinary skill in the art knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the sensor element to be provided on an external surface of the at least one of the walls and thereby defines the opening at least in part.<br><br>In addition, the limitation of Claim 111 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 1, Claim 106, or Claim 107, and does not give unexpected results.  See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995).  Thus, Claim 111 is obvious. |
| 112. A shredder according to claim 108, wherein the sensor element is provided on an external surface of the at least one of the walls and thereby defines the opening at least in part. | Obvious according to the analysis as to claim 108 supra including:<br><br>Obvious according to analysis as to claim 28 supra.<br><br>A person of ordinary skill in the art |

|  | knowing Yoshio 10-048344, Suzuki (JP 57-76734), Henrickson '542 patent, Schwelling '065 patent, Lokey '230 patent, and Schwelling '528 patent would have found it obvious for the sensor element to be provided on an external surface of the at least one of the walls and thereby defines the opening at least in part.<br><br>In addition, the limitation of Claim 112 does not solve a problem stated in the '276 patent specification, does not result in a different function of the claimed shredder of Claim 1, Claim 106, Claim 107, or Claim 108 and does not give unexpected results.  See *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995).  Thus, Claim 112 is obvious. |
|---|---|