UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FELLOWES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AURORA CORPORATION OF AMERICA, | ) | 07 C 7237 |
| | ) | |
| and | ) | |
| | ) | |
| AURORA OFFICE EQUIPMENT, LTD. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Plaintiff Fellowes, Inc. to compel discovery as well as the motion of Defendants Aurora Corporation of America and Aurora Office Equipment, Ltd. (collectively referred to herein as "Aurora") to stay this action during the pendency of a reexamination of U.S. Patent No. 7,311,276 ("the '276 patent") by the United States Patent and Trademark Office ("PTO"). The complaint asserts infringement of two other patents; the motion to stay with respect to the litigation on those two patents was denied on November 13, 2008 [52]. The remainder of that motion, pertaining only to proceedings on the '276 patent, is now

granted. The motion to compel is recommended for resolution by the assigned magistrate judge.

## BACKGROUND

The '276 patent, owned by Fellowes, describes an invention of a shredder with a "proximity sensing system" that will turn the shredder off when a person, an animal, or an object comes too close to its cutting elements. The patent issued on December 25, 2007. The next day, Fellowes filed the instant complaint, alleging *inter alia* that Aurora had manufactured shredders that infringed the '276 patent.

In August 2008, Aurora filed a petition for ex parte reexamination of the '276 patent. The petition requested the PTO review all 114 claims of the patent on the grounds that they were unpatentable and/or anticipated. In granting the petition, the PTO stated that a "substantial new question of patentability" was raised by the petition. Aurora requests that we stay the litigation with regard to the '276 patent while the PTO conducts the reexamination.

## LEGAL STANDARD

A district court's power to manage its docket includes the ability to stay proceedings in an infringement suit pending conclusion of a PTO reexamination of an issued patent. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). The power is not unlimited in that a stay should not be indefinite or otherwise excessive. *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983). However, if a

substantial issue of patentability is raised in the reexamination matter, a stay is viable mechanism to prevent wasted effort. *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008).

With these principles in mind, we turn to Aurora's motion.

## DISCUSSION

Aurora asserts that a stay is appropriate in this case because the reexamination "will simplify the issues in question and streamline the trial, and will reduce the burden of the litigation on the parties and on the court." Aurora urges that permitting the PTO to weigh in on the validity of the '276 patent initially would be beneficial because the agency will be able to provide its particular expertise on the applicability of the new prior art presented in the reexamination, which will in turn be of benefit to this court in resolving issues of claim construction and infringement if the patent survives the reexamination proceeding. Aurora also argues that if the patent is amended as a result of the reexamination, litigation efforts directed at the patent in its current form would ultimately be wasted. According to Fellowes, the benefits that Aurora claims will result from the stay will be realized only if Aurora agrees not to assert invalidity before this court if the PTO should find that the '276 patent is valid. Otherwise, says Fellowes, the PTO and this court will plow the same ground with respect to questions of validity.

We are not persuaded by Fellowes' argument. As the Federal Circuit noted in *Ethicon*, the PTO employs a different standard of proof than would a court when

considering the validity of a challenged patent. *Ethicon*, 849 F.2d at 1427. Moreover, the PTO concluded that the prior art cited in the petition raises substantial questions of the patentability of claim 1 of the '276 patent and its 113 dependent claims. These 114 claims comprise the totality of the '276 patent. If the patent does not emerge intact from the reexamination, the chances of wasted effort on our part and that of the parties is substantial. Conversely, though the PTO's treatment of the various issues raised may not be dispositive if the patent remains unchanged, it is highly unlikely that they will not be relevant and therefore helpful to the parties and this court in reaching final resolution of the infringement allegations. Accordingly, the proceedings before this court with regard to the '276 patent will be stayed pending the resolution of the reexamination before the PTO.

## CONCLUSION

Aurora's motion to stay [44] is granted with respect to the '276 patent. The motion to compel is recommended for resolution by the assigned magistrate judge.

Charles P. Kocoras
United States District Judge

Dated:    February 10, 2009